IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TRITON IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 6-07CV-067 |
| | ) | |
| 1.  SAGE GROUP, PLC, | ) | Jury Trial Demanded |
| 2.  SAGE SOFTWARE, INC., | ) | |
| 3.  SSA GLOBAL TECHNOLOGIES, INC., | ) | |
| 4.  INFOR GLOBAL SOLUTIONS, INC., | ) | |
| 5.  SAS INSTITUTE, INC., | ) | |
| 6.  FRONTRANGE SOLUTIONS, INC., | ) | |
| 7.  ONYX SOFTWARE CORPORATION, | ) | |
| 8.  MADE2MANAGE SYSTEMS, INC., and | ) | |
| 9.  SYMERON SOFTWARE INCORPORATED | ) | |
| | ) | |
| Defendants. | ) | |

**ONYX SOFTWARE CORPORATION'S ANSWER AND COUNTERCLAIM
IN RESPONSE TO TRITON IP, LLC'S FIRST AMENDED COMPLAINT**

Onyx Software Corporation ("Onyx"), respectfully submits its Answer, Additional Defenses and Counterclaim in response to the First Amended Complaint and Demand for Jury Trial ("Complaint") of Triton IP, LLC ("Triton"). Onyx states that anything in Triton's Complaint that is not expressly addressed in the following Answer is denied.

**ANSWER**

**Parties**

1.    Onyx is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1 of the Complaint.

2.    Onyx is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 2 of the Complaint.

3. Onyx is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 3 of the Complaint.

4. Onyx is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4 of the Complaint.

5. Onyx is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5 of the Complaint.

6. Onyx is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 6 of the Complaint.

7. Onyx is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7 of the Complaint.

8. Onyx admits that it is a corporation organized and existing under the laws of the State of Washington and that its corporate headquarters and principal place of business are located at 1100 112th Ave. NE, Suite 100, Bellevue, Washington 98004-4504. Onyx admits that it is qualified to do business in the State of Texas and that it has appointed CT Corporation, 350 North St. Paul Street, Suite 750, Dallas Texas 75201 as its agent for service of process.

9. Onyx admits that Made2Manage Systems, Inc. is a corporation organized and existing under the laws of the State of Indiana and that its corporate headquarters and principal place of business is located at 4450 East 96th Street, Suite 300, Indianapolis, Indiana 46240. Onyx admits that Made2Manage Systems, Inc. is qualified to do business in the State of Texas and that it has appointed CT Corporation, 350 North St. Paul Street, Suite 750, Dallas Texas 75201 as its agent for service of process.

10. Onyx is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10 of the Complaint.

**Jurisdiction and Venue**

11. Onyx admits that Triton's Complaint purports to arise under the patent laws of the United States, Title 35 of the United States Code, but denies any wrongdoing or liability on its own behalf for the reasons stated herein. Onyx admits that the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Onyx denies the remaining allegations in Paragraph 11 of the Complaint.

12. Onyx denies that venue is proper as to Onyx in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b). Onyx admits that it has transacted business within the State of Texas. Onyx denies, however, that it has a regular and established place of business in this judicial district. Onyx also denies that it has committed any acts of infringement within this judicial district, the State of Texas or within the United States, and specifically denies any wrongdoing, direct infringement, inducement of infringement, or contribution to infringement. Onyx is without knowledge or information sufficient to form a belief as to the truth of the averments as to the other Defendants. Except as expressly admitted herein, Onyx denies the remaining allegations of Paragraph 12 as to Onyx.

**Alleged Infringement Of U.S. Patent No. 6,067,525**

13. Onyx admits that United States Patent No. 6,067,525 ("the '525 patent") recites an issue date of May 23, 2000, and bears the title "Integrated Computerized Sales Force Automation System." Onyx also admits that records from the United States Patent and Trademark Office ("USPTO") list Triton as the owner of the '525 patent by assignment. Onyx further admits that a copy of the '525 patent was attached to the original Complaint as Exhibit A. Onyx denies, however, that the '525 patent was duly issued. Onyx denies that it has committed any act of direct or indirect infringement (whether categorized as inducement or contributory). Onyx

denies the validity and enforceability of the '525 patent, including in particular any claim thereof that may be asserted against Onyx.  Onyx denies that it is liable to Triton, and denies that Triton has been or will be injured by any act of Onyx.  Except as expressly admitted, Onyx denies the allegations of Paragraph 13 of the Complaint.

14. Onyx is without knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 14 of the Complaint.

15. Onyx is without knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 15 of the Complaint.

16. Onyx is without knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 16 of the Complaint.

17. Onyx is without knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 17 of the Complaint.

18. Onyx is without knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 18 of the Complaint.

19. Onyx is without knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 19 of the Complaint.

20. Onyx denies the allegations of Paragraph 20 of the Complaint, and specifically denies that it has infringed the '525 patent.  More specifically, Onyx denies that it has committed any act of direct or indirect infringement (whether categorized as inducement or contributory).  Onyx denies the validity and enforceability of the '525 patent, including in particular any claim thereof that may be asserted against Onyx.   Onyx denies that it is liable to Triton, and denies that Triton has been or will be injured by any act of Onyx.

21. Onyx denies the allegations of Paragraph 21 of the Complaint.

22.     Onyx is without knowledge or information sufficient to form a belief as to the truth of allegations of Paragraph 22 of the Complaint.

23.     Onyx denies that either it or Made2Manage have actively induced or are actively inducing infringement of the '525 patent. Onyx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint as to the other Defendants. Except as otherwise expressly addressed, Onyx denies the allegations of Paragraph 23 of the Complaint.

24.     Onyx is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.

25.     Onyx denies the allegations of Paragraph 25 of the Complaint as to itself and Made2Manage. Onyx is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint as to the other Defendants.

26.     Onyx denies the allegations of Paragraph 26 of the Complaint.

27.     Onyx denies the allegations of Paragraph 27 of the Complaint.

## **Prayer for Relief**

WHEREFORE, Onyx prays that Triton take nothing by way of its Complaint, that judgment be entered for Onyx dismissing Triton's Complaint, with prejudice, that this action be found to be an exceptional case entitling Onyx to recovery of its attorneys' fees and costs incurred in defending against Triton's Complaint, for costs of this action and such other and further relief as the Court deems appropriate.

## ADDITIONAL DEFENSES

As additional defenses, Onyx alleges as follows:

### First Additional Defense – Non-Infringement

Onyx does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, any claim of the '525 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### Second Additional Defense – Invalidity

Each and every claim of the '525 patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112.

### Third Additional Defense – Failure to Mark

Based on a reasonable expectation that discovery will develop evidentiary support after a reasonable opportunity to investigate and conduct discovery, Onyx asserts that Triton is barred in whole or in part from recovering damages under 35 U.S.C. § 287.

### Fourth Additional Defense – Laches

Triton's claims for relief are barred in whole or in part, by the equitable doctrine of laches.

### Fifth Additional Defense – Statue of Limitations

Triton's claims for relief and prayer for damages are limited by 35 U.S.C. § 286.

### Sixth Additional Defense – Prosecution Estoppel

Triton is estopped from construing the claims of the '525 patent in such a way as any cover any of Onyx's products or processes by reasons of statements made to the USPTO during the prosecution of the application that led to the issuance of the '525 patent.

6

Onyx reserves the right to assert any other basis for invalidity or unenforceability that discovery may reveal.

## COUNTERCLAIM

### Jurisdiction and Venue

For its Counterclaim against Triton, Onyx alleges:

1.　Onyx is a corporation organized and existing under the laws of the State of Washington and that its corporate headquarters and principal place of business are located at 1100 112th Ave. NE, Suite 100, Bellevue, Washington 98004-4504.

2.　On information and belief, Triton is a Texas Limited Liability Company with its principal place of business at 207 C. North Washington Ave., Marshall, Texas 75670.

3.　These Counterclaims arise under the United States patent laws, 35 U.S.C. § 101 *et seq.* These counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.　To the extent that this action remains in this District, venue is appropriate because Triton has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which this counterclaim is asserted.

### Facts Concerning the '525 Patent

5.　Triton claims to be the owner by assignment of U.S. Patent No. 6,067,525 ("the '525 patent"), entitled "Integrated Computerized Sales Force Automation System." The '525 patent identifies the alleged inventors as Jerome Dale Johnson, David Robert Lundberg, and Michael Paul Krebsbach. On-line records of the USPTO list Triton as the owner of the '525 patent by assignment.

## Count One --- United States Patent No. 6,067,525

### A.    Declaration of Noninfringement

6.    An actual and justiciable controversy exists between Onyx and Triton with respect to the '525 patent because Triton has brought this action against Onyx alleging that Onyx infringes the '525 patent, which allegation Onyx denies.  Absent a declaration of noninfringement, Triton will continue to wrongfully assert the '525 patent against Onyx.

7.    Onyx has not infringed the '525 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and is entitled to a declaration to that effect.

8.    This is an exceptional case entitling Onyx to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.    Declaration of Invalidity

9.    An actual and justiciable controversy exists between Onyx and Triton with respect to the validity of the '525 patent because Triton has brought this action against Onyx alleging that Onyx infringes the '525 patent, which allegation Onyx denies.  Absent a declaration of invalidity, Triton will continue to wrongfully assert the '525 patent against Onyx.

10.   The '525 patent is invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112, and Onyx is entitled to a declaration to that effect.

11.   This is an exceptional case entitling Onyx to an aware of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**Prayer for Relief**

WHEREFORE, Onyx seeks the following relief:

a. That each and every claim of the '525 patent be declared not infringed by Onyx, and also declared invalid and unenforceable;

b. That Triton take nothing by its Complaint and that Triton's Complaint be dismissed with prejudice;

c. That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Triton's conduct in commencing and pursuing this action be found to render this an exceptional case and that Onyx be awarded its attorneys' fees and costs incurred in connection with this action;

d. That Onyx be awarded its cost of suit incurred herein; and

e. That Onyx be granted such other and additional relief as this Court deems just and proper.

       Respectfully submitted,

       Onyx Software Corporation


By: s/Lance Lee
   Lance Lee
   Texas State Bar # 24004762
   ATTORNEY-IN-CHARGE

   YOUNG, PICKETT & LEE
   4122 Texas Blvd.
   P.O. Box 1897
   Texarkansas, TX  75504
   Telephone:  903-794-1303
   Facsimile:  903-794-5098
   Email: wlancelee@aol.com

   John F. Prescott, Jr.
   Indiana State Bar # 5813-49
   ICE MILLER LLP
   One American Square
   Suite 3100
   Indianapolis, IN  46282-0200
   Telephone:  317-236-2398
   Facsimile:  317-592-4736
   Email: john.prescott@icemiller.com

   ATTORNEYS FOR DEFENDANTS
   ONYX SOFTWARE CORPORATION
   and MADE2MANAGE SYSTEMS, INC.

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 4, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

              s/Lance Lee
              Lance Lee

I/1914201.1