**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| TRITON IP, LLC, <br> a Texas Limited Liability Corporation, <br><br> Plaintiff, <br><br> v. <br><br> 1.  SAGE GROUP, PLC, <br><br> 2.  SAGE SOFTWARE, INC., <br><br> 3.  SSA GLOBAL TECHNOLOGIES, INC., <br><br> 4.  INFOR GLOBAL SOLUTIONS, INC., <br><br> 5. SAS INSTITUTE, INC., <br><br> 6. FRONTRANGE SOLUTIONS, INC., <br><br> 7. ONYX SOFTWARE CORPORATION, <br><br> 8.  MADE2MANAGE SYSTEMS, INC., and <br><br> 9.  SYMERON SOFTWARE, INC., <br><br> Defendants. | CIVIL ACTION NO. 6:07–CV–00067-LED |

**ANSWER AND COUNTERCLAIM OF FRONTRANGE SOLUTIONS, INC.**

**ANSWER**

For its answer to Plaintiff's First Amended Complaint ("FAC") [Docket # 14], FrontRange Solutions, Inc. ("FrontRange") responds as follows:

1.      FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 1 of the FAC.

2. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 2 of the FAC.

3. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 3 of the FAC.

4. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 4 of the FAC.

5. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 5 of the FAC.

6. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 6 of the FAC.

7. FrontRange admits the allegations in paragraph 7 of the FAC.

8. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 8 of the FAC.

9. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 9 of the FAC.

10. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 10 of the FAC.

11. Responding to the allegations in paragraph 11 of the FAC, FrontRange admits that this action purports to arise under the patent laws of the United States, and that this Court has subject matter jurisdiction over this action.

12. Responding to the allegations in paragraph 12 of the FAC, FrontRange does not contest personal jurisdiction or venue in this action. FrontRange is without sufficient

#1236589 v1

information to form a belief as to the truth of the allegations in paragraph 12 of the FAC as those allegations pertain to other defendants.

13. Responding to the allegations in paragraph 13 of the FAC, FrontRange admits that Exhibit A of the FAC appears to be a copy of U.S. Patent No. 6,067,525. FrontRange is without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 13 of the FAC.

14. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 14 of the FAC as those allegations pertain to other defendants.

15. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 15 of the FAC as those allegations pertain to other defendants.

16. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 16 of the FAC as those allegations pertain to other defendants.

17. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 17 of the FAC as those allegations pertain to other defendants.

18. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 18 of the FAC as those allegations pertain to other defendants.

19. FrontRange denies the allegations in paragraph 19 of the FAC.

20. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 20 of the FAC as those allegations pertain to other defendants.

21. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 21 of the FAC as those allegations pertain to other defendants.

22. FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 22 of the FAC as those allegations pertain to other defendants.

#1236589 v1

23.     Responding to the allegations in paragraph 23 of the FAC, FrontRange denies the allegations as they pertain to FrontRange.  FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 23 of the FAC as they pertain to other defendants.

24.     FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 24 of the FAC.

25.     Responding to the allegations in paragraph 25 of the FAC, FrontRange denies the allegations as they pertain to FrontRange.  FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 25 of the FAC as they pertain to other defendants.

26.     Responding to the allegations in paragraph 26 of the FAC, FrontRange denies the allegations as they pertain to FrontRange.  FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 26 of the FAC as they pertain to other defendants.

27.     Responding to the allegations in paragraph 27 of the FAC, FrontRange denies the allegations as they pertain to FrontRange.  FrontRange is without sufficient information to form a belief as to the truth of the allegations in paragraph 27 of the FAC as they pertain to other defendants.

28.     FrontRange denies that Plaintiff is entitled to any relief requested in the FAC's "Prayer for Relief" as that relief pertains to FrontRange.

#1236589 v1

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

FrontRange has not directly infringed any claim of the United States Patent No. 6,067,525 ("the '525 patent"), nor has FrontRange actively induced infringement of or contributorily infringed any claim of the '525 patent.

### SECOND DEFENSE

Some or all claims of the '525 patent are invalid for failure to meet the requirements of 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

### THIRD DEFENSE

Some or all of Plaintiff's claims for relief are barred by 35 U.S.C. § 273.

### FOURTH DEFENSE

Plaintiff is estopped from construing any valid claim of the '525 patent to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, or offered by FrontRange because of admissions and statements to the United States Patent and Trademark Office in the specification of the '525 patent and during prosecution of the application leading to the issuance of the '525 patent.

### FIFTH DEFENSE

Plaintiff is not entitled to injunctive relief because any alleged injury to the Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### SIXTH DEFENSE

Plaintiff's claims are barred by laches.

## OTHER DEFENSES

FrontRange reserves the right to assert additional affirmative defenses, including unenforceability of the '525 patent, after appropriate discovery.

## F<small>RONT</small>R<small>ANGE</small>'<small>S</small> C<small>OUNTERCLAIMS</small>

Defendant and Counter-Claimant FrontRange Solutions, Inc. ("FrontRange"), for its Counterclaim against Plaintiff and Counter-Defendant Triton IP, LLC ("Triton"), states as follows:

1. FrontRange is a Delaware corporation having its principal place of business at 4120 Dublin Blvd., Suite 200, Dublin, California 94568.

2. On information and belief, Triton is a Texas Limited Liability Company having its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

3. This Court has subject-matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202, as they arise under an act of Congress relating to patents, 35 U.S.C. §§ 101 et seq.

4. The '525 patent was issued by the United States Patent & Trademark Office ("PTO") on May 23, 2000. Triton claims to own all rights and interest in the '525 patent.

5. In this action, Triton has asserted that FrontRange infringes one or more valid claims of the '525 patent.

6. The present case is exceptional because Triton has acted maliciously and with an intent to harm FrontRange. Accordingly, FrontRange is entitled to recover its reasonable attorneys fees and costs attendant to this matter.

### F<small>IRST</small> C<small>LAIM FOR</small> R<small>ELIEF</small>
**(Declaration of Invalidity)**

7. FrontRange incorporates by reference the allegations set forth in Paragraphs 1 through 6 of this Counterclaim as if fully set forth herein.

8. The '525 patent is invalid and/or unenforceable for failing to meet one or more conditions of patentability set forth in Part II of Title 35 of the United States Code, including but not limited to sections 102, 103, and/or 112.

9. An actual controversy exists between FrontRange and Triton regarding the validity and/or enforceability of the claims of the '525 patent.

10. FrontRange is, thus, entitled to a declaration from this Court that the '525 patent is valid and/or enforceable.

## SECOND CLAIM FOR RELIEF
### (Declaration of Non-Infringement)

11. FrontRange incorporates by reference the allegations set forth in Paragraphs 1 through 6 of this Counterclaim as if fully set forth herein.

12. FrontRange has not and does not directly or indirectly infringe, contribute to, or induce infringement of any valid, enforceable claim of the '525 patent, either literally or under the doctrine of equivalents.

13. An actual controversy exists between FrontRange and Triton regarding the infringement of the '525 patent by FrontRange.

14. FrontRange is, thus, entitled to a declaration from this Court that it is not infringing any valid and enforceable claim(s) of the '525 patent.

## PRAYER FOR RELIEF

FOR THESE REASONS, FrontRange Solutions, Inc. respectfully requests that this Court enter judgment its favor and grant the following relief:

a. An order declaring that Triton, its officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with it, take nothing on the claims asserted in the FAC;

b.  A declaration that FrontRange does not infringe the '525 patent;

c.  A declaration that the '525 patent is invalid and/or unenforceable;

d.  An order declaring that this is an exceptional case and awarding FrontRange its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

e.  Any such other relief as the Court may deem appropriate and just under the circumstances.

## JURY DEMAND

FrontRange demands a trial by jury on all issues so triable.

Respectfully submitted on April 4, 2007.

/s/ Richard L. Wynne, Jr.
Richard L. Wynne, Jr.
  Texas Bar No. 24003214
  richard.wynne@tklaw.com
THOMPSON & KNIGHT LLP
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201–4693
Tel:  214.969.1700
Fax:  214.969.1751

James Wesley Kinnear
  wesley.kinnear@hro.com
Srecko "Lucky" Vidmar
  lucky.vidmar@hro.com
HOLME ROBERTS & OWEN LLP
560 Mission Street, Suite 2500
San Francisco, California 94105
Tel:  415.268.2000
Fax:  415.268.1999

ATTORNEYS FOR DEFENDANT FRONTRANGE SOLUTIONS INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically on the 4th day of April, 2007, in compliance with Local Rule CV–5(a) and has been served on all counsel who have consented to electronic service and all other counsel by regular mail.

/s/ Richard L. Wynne, Jr.
Richard L. Wynne, Jr.
