UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TRITON IP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 6:07-cv-67-LED |
| SAGE GROUP, PLC, SAGE SOFTWARE, | § | |
| INC., SSA GLOBAL TECHNOLOGIES, INC., | § | |
| INFOR GLOBAL SOLUTIONS, INC., SAS | § | **JURY DEMAND** |
| INSTITUTE, INC., FRONTRANGE | § | |
| SOLUTIONS, INC., ONYX SOFTWARE | § | |
| CORPORATION, MADE2MANAGE | § | |
| SYSTEMS, INC., and SYMERON | § | |
| SOFTWARE INCORPORATED, | § | |
| | § | |
| Defendants. | § | |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
## OF DEFENDANT SAGE SOFTWARE, INC.

### ANSWER

Defendant Sage Software, Inc. ("Sage Software") answers the First Amended Complaint

("Complaint") of plaintiff, Triton IP, LLC ("Triton"), as follows:

1.     Sage Software is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 1 and on that basis denies each and every allegation of

paragraph 1.

2.     Although Sage Group, plc ("Sage Group") has been named as a defendant in this

lawsuit, on information and belief, Sage Group has not properly been served, is not subject to the

jurisdiction of this Court, and is otherwise not a proper defendant in this lawsuit.  The statements

by Sage Software and its counsel herein and otherwise in connection with this lawsuit are made

only on behalf of Sage Software to the best of its own knowledge and belief, do not constitute an appearance by Sage Group or otherwise constitute participation by Sage Group in this lawsuit, and are without waiver of any and all rights Sage Group may have in connection with this lawsuit. Subject to and without waiver of the foregoing, Sage Software states that Sage Group is headquartered in North Park, Newcastle Upon Tyne, United Kingdom.  Sage Software otherwise denies each and every allegation of paragraph 2.

3.      Sage Software admits that it is a Virginia corporation headquartered in Irvine, California, and that CT Corporation System is its registered agent for purposes of service of process in Texas.  Sage Software otherwise denies each and every allegation of Paragraph 3.

4.      Sage Software is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and on that basis denies each and every allegation of paragraph 4.

5.      Sage Software is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and on that basis denies each and every allegation of paragraph 5.

6.      Sage Software is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and on that basis denies each and every allegation of paragraph 6.

7.      Sage Software is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and on that basis denies each and every allegation of paragraph 7.

8.      Sage Software is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and on that basis denies each and every allegation of paragraph 8.

9.      Sage Software is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and on that basis denies each and every allegation of paragraph 9.

10.     Sage Software is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and on that basis denies each and every allegation of paragraph 10.

11.     Sage Software admits that this lawsuit purportedly arises under the patent laws of the United States, and that this Court has subject matter jurisdiction over this lawsuit.  Sage Software otherwise denies each and every allegation of paragraph 11.

12.     Sage Software does not contest personal jurisdiction or venue in this lawsuit as to itself.  Sage Software otherwise denies each and every allegation of paragraph 12.

13.     Sage Software admits that a copy of U.S. Patent No. 6,067,525 (the "'525 patent") was attached to the Complaint as Exhibit A, and that the '525 patent is titled "Integrated Computerized Sales Force Automation System" and has an issue date of May 23, 2000.  Sage Software otherwise denies each and every allegation of paragraph 13.

14.     Subject to the statements in paragraph 2 herein, Sage Software denies each and every allegation of paragraph 14.

15.     Sage Software denies each and every allegation of paragraph 15.

16.     Sage Software is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and on that basis denies each and every allegation of paragraph 16.

17.     Sage Software is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and on that basis denies each and every allegation of paragraph 17.

18.     Sage Software is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and on that basis denies each and every allegation of paragraph 18.

19.     Sage Software is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and on that basis denies each and every allegation of paragraph 19.

20.     Sage Software is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and on that basis denies each and every allegation of paragraph 20.

21.     Sage Software is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and on that basis denies each and every allegation of paragraph 21.

22.     Sage Software is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and on that basis denies each and every allegation of paragraph 22.

23.     Subject to the statements in paragraph 2 herein, Sage Software denies each and every allegation of paragraph 23 as they pertain to Sage Software and Sage Group.  Sage Software

is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and on that basis denies each and every allegation of paragraph 23.

24.     Sage Software is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and on that basis denies each and every allegation of paragraph 24.

25.     Subject to the statements in paragraph 2 herein, Sage Software denies each and every allegation of paragraph 25 as they pertain to Sage Software and Sage Group.  Sage Software is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and on that basis denies each and every allegation of paragraph 25.

26.     Subject to the statements in paragraph 2 herein, Sage Software denies each and every allegation of paragraph 26 as they pertain to Sage Software and Sage Group.  Sage Software is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and on that basis denies each and every allegation of paragraph 26.

27.     Subject to the statements in paragraph 2 herein, Sage Software denies each and every allegation of paragraph 27 as they pertain to Sage Software and Sage Group.  Sage Software is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and on that basis denies each and every allegation of paragraph 27.

28.     Subject to the statements in paragraph 2 herein, Sage Software denies that Triton is entitled to any relief requested in the Complaint's "Prayer for Relief" as that relief pertains to Sage Software and Sage Group.

29.     Sage Software specifically denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Sage Software has not and is not infringing, either directly or indirectly by way of inducing infringement or contributory infringement, any claim of the '525 patent.

### THIRD DEFENSE

The claims of the '525 patent are invalid for failure to comply with the conditions for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, 112 and/or 116.

### FOURTH DEFENSE

Some or all of Triton's claims for relief are barred by 35 U.S.C. § 273.

### FIFTH DEFENSE

On the basis of proceedings before the United States Patent and Trademark Office ("PTO") during prosecution of the applications that matured into the '525 patent and of statements made by or on behalf of the named inventors, Triton is estopped from construing the '525 patent to cover Sage Software's products or services.

### SIXTH DEFENSE

Triton has an adequate remedy at law and no basis exists for the grant of equitable relief.

### SEVENTH DEFENSE

Triton's claims are barred in whole or part by the doctrines of waiver, laches, unclean hands and/or estoppel.

### EIGHTH DEFENSE

Triton's claims for damages and injunction are barred in whole or in part by operation of the applicable statues, including but not limited to 35 U.S.C. §§ 286 and 287.

### ADDITIONAL DEFENSES

Sage Software reserves the right to assert additional affirmative defenses, including unenforceability of the '525 patent, after appropriate discovery.

### COUNTERCLAIM
### (Declaratory Judgment Of Noninfringement And Invalidity Of The '525 Patent)

1.     Sage Software incorporates the foregoing averments as if fully set forth herein.

2.     By its Complaint, Triton alleges that the '525 patent is valid and infringed by Sage Software.  Sage Software has denied these allegations.  Sage Software contends that it does not infringe the '525 patent, either directly or indirectly, and that the patent is invalid.  A justiciable controversy therefore exists between Sage Software and Triton.

3.     By this Counterclaim, Sage Software seeks a declaration that the '525 patent is not infringed by Sage Software, either directly or indirectly, and that the patent is invalid.

4.     A judicial declaration is necessary and appropriate at this time in order that Sage Software may ascertain its rights and duties with respect to the '525 patent.

5.     This Counterclaim arises under federal statutory law, including 35 U.S.C. § 271 *et seq.* and 28 U.S.C. § 2201.   Accordingly, this Court has jurisdiction over this Counterclaim pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1338(a).

### PRAYER FOR RELIEF

WHEREFORE, Sage Software respectfully requests that the Court award the following relief:

A.      Dismiss the Complaint with prejudice in its entirety and deny Triton any relief whatsoever;

B.      Enter judgment in favor of Sage Software and against Triton on all claims in the Complaint;

C.      Declare that Sage Software has not infringed the '525 patent;

D.      Declare that some or all of the claims of the '525 patent are invalid;

E.      Issue an injunction restraining and enjoining Triton from enforcing, attempting to enforce, or threatening to enforce any claim of the '525 patent against Sage Software, or any customer or potential customer of Sage Software;

F.      Declare that this is an exceptional case under 35 U.S.C. § 285;

G.      Award Sage Software its costs and attorneys' fees in connection with this action; and,

H.      Award Sage Software such other and further relief in law or in equity that this Court deems just and proper.

<u>**D**EMAND **F**OR **J**URY **T**RIAL</u>

Sage Software demands a trial by jury of any and all issues triable of right before a jury.

Respectfully submitted,


<u>     /s/  Jennifer Haltom Doan          </u>
Jennifer Haltom Doan
Texas Bar No. 008809050
John Peyton Perkins, III
Texas Bar No. 24043457
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
903-255-1000
903-255-0800 (FAX)
Email: jdoan@haltomdoan.com


David W. Hansen
SKADDEN, ARPS, SLATE, MEAGHER
     & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA  94301
Telephone:  (650) 470-4500
Facsimile:  (650) 470-4570
Email: dhansen@skadden.com

**ATTORNEYS FOR DEFENDANT
SAGE SOFTWARE, INC.**



<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 19th day of April, 2007.


<u>     /s/ Jennifer Haltom Doan               </u>
Jennifer Haltom Doan