IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TRITON IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 6:07-cv-67-LED |
| | ) | |
| SAGE GROUP, PLC | ) | |
| SAGE SOFTWARE, INC., | ) | |
| SSA GLOBAL TECHNOLOGIES, INC., | ) | |
| INFOR GLOBAL SOLUTIONS, INC., | ) | |
| SAS INSTITUTE, INC., | ) | JURY TRIAL DEMANDED |
| FRONTRANGE SOLUTIONS, INC., | ) | |
| ONYX SOFTWARE CORPORATION, | ) | |
| MADE2MANAGE SYSTEMS, INC., | ) | |
| and | ) | |
| SYMERON SOFTWARE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**SAS INSTITUTE, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO TRITON IP, LLC'S AMENDED COMPLAINT**

SAS Institute Inc. ("SAS") respectfully submits this Answer, these Affirmative Defenses and these Counterclaims in response to the Amended Complaint for Patent Infringement ("Complaint") of Triton IP, LLC ("Triton") as follows, and further states that anything in Triton's Complaint that is not expressly admitted is hereby denied.

**PARTIES**

1.  SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1 of the Complaint, and, on that basis, denies the same.

2.  SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 2 of the Complaint, and, on that basis, denies the same.

3. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 3 of the Complaint, and, on that basis, denies the same.

4. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4 of the Complaint, and, on that basis, denies the same.

5. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5 of the Complaint, and, on that basis, denies the same.

6. SAS admits that it is a corporation organized and existing under the laws of the State of North Carolina and that its principal place of business is 100 SAS Campus Drive, Cary, North Carolina 27513-2414.  SAS also admits that it may be served with service of process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 750, Dallas, Texas 75201.  Except as expressly admitted herein, SAS denies the remaining allegations of Paragraph 6 of the Complaint.

7. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7 of the Complaint, and, on that basis, denies the same.

8. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8 of the Complaint, and, on that basis, denies the same.

9. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9 of the Complaint, and, on that basis, denies the same.

10. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10 of the Complaint, and, on that basis, denies the same.

## JURISDICTION AND VENUE

11. SAS admits that Triton's Complaint purports to arise under the patent laws of the United States, Title 35 of the United States Code, but denies any wrongdoing or liability on its

own behalf for the reasons stated herein.  SAS further admits that Triton purports to base subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, SAS denies the remaining allegations in Paragraph 11 of the Complaint.

12.    SAS admits that Triton purports to base venue on 28 U.S.C. §§ 1391 and 1400(b).  SAS further admits that it has transacted business within the State of Texas.  SAS denies, however, that it has a regular and established place of business in this judicial district.  SAS also denies that it has committed any acts of infringement within this judicial district, the State of Texas or elsewhere, and specifically denies any wrongdoing, direct infringement, inducement of infringement, or contribution to infringement.  SAS is without knowledge or information sufficient to form a belief as to the truth of the averments as to the other Defendants, and, on that basis, denies the same.  Except as expressly admitted, SAS denies the remaining allegations in Paragraph 12 of the Complaint.

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,067,525

SAS refers to and incorporates herein its answers as provided in Paragraphs 1-12 above.

13.    SAS admits that United States Patent No. 6,067,525 ("the '525 patent") on its face recites an issue date of May 23, 2000, and bears the title "Integrated Computerized Sales Force Automation System."  SAS also admits that records from the United States Patent and Trademark Office list Triton as the owner of the '525 patent by assignment.  SAS further admits that a copy of the '525 patent is attached to the Complaint as Exhibit A.  To the extent alleged, SAS denies that the '525 patent was duly and legally issued.  Except as expressly admitted, SAS denies the remaining allegations in Paragraph 13 of the Complaint.

14.    SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14 of the Complaint, and, on that basis, denies the same.

15. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 15 of the Complaint, and, on that basis, denies the same.

16. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 16 of the Complaint, and, on that basis, denies the same.

17. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 17 of the Complaint, and, on that basis, denies the same.

18. SAS denies the allegations of Paragraph 18 of the Complaint.

19. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 19 of the Complaint, and, on that basis, denies the same.

20. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 20 of the Complaint, and, on that basis, denies the same.

21. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 21 of the Complaint, and, on that basis, denies the same.

22. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 22 of the Complaint, and, on that basis, denies the same.

23. SAS denies that it has induced, is actively inducing infringement of the '525 patent, and that it is liable for contributory infringement of the '525 patent. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments as to the other Defendants, and, on that basis, denies the same. Except as expressly admitted, SAS denies the remaining allegations in Paragraph 23 of the Complaint.

24. SAS is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 24 of the Complaint, and, on that basis, denies the same.

25.     SAS specifically denies any wrongdoing, direct or indirect infringement, inducement of infringement, or contribution to infringement of the '525 patent.  SAS also denies that Triton has suffered any monetary or other damages as the result of any alleged infringement by SAS.  SAS also denies that Triton will continue to suffer monetary or other damages in the future.  SAS is without knowledge or information sufficient to form a belief as to the truth of the averments as to the other Defendants, and, on that basis, denies the same.  Except as expressly admitted, SAS denies the remaining allegations in Paragraph 25 of the Complaint.

26.     SAS specifically denies any wrongdoing, direct or indirect infringement, inducement of infringement, or contribution to infringement of the '525 patent.  SAS denies that Triton will be greatly and irreparably harmed if a permanent injunction is not issued.  SAS is without knowledge or information sufficient to form a belief as to the truth of the averments as to the other Defendants, and, on that basis, denies the same.  Except as expressly admitted, SAS denies the remaining allegations in Paragraph 26 of the Complaint.

27.     SAS denies that, as alleged by Triton, this case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and that Triton is entitled to an award of its reasonable attorneys' fees with regard its claims against SAS.  SAS is without knowledge or information sufficient to form a belief as to the truth of the averments as to the other Defendants, and, on that basis, denies the same.  Except as expressly admitted, SAS denies the remaining allegations in Paragraph 27 of the Complaint.

**RESPONSE TO TRITON'S PRAYER FOR RELIEF**

28.     SAS denies that Triton is entitled to be awarded any of the relief sought in its prayer for relief against SAS, its officers, directors, agents, servants, affiliates, divisions, branches, subsidiaries, employees, representatives, parents, successors, assigns, and those acting

in privity or concert with SAS. SAS has not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents infringed willfully, or otherwise, the '525 patent. Triton is not entitled to recover damages, including treble damages and supplemental damages, an accounting, injunctive relief, costs, fees, disbursements, interest, attorneys' fees, or any other type of recovery from SAS. Triton is not entitled to a finding that this is an exceptional case. At least as to SAS, Triton's prayer should, therefore, be denied in its entirety and with prejudice, and Triton should therefore take nothing therefor. SAS asks that judgment be entered for SAS and that this action be found to be an exceptional case entitling SAS to be awarded attorneys' fees, together with such other and further relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

29.     SAS admits that Triton has requested trial by jury of any issues so triable.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, SAS alleges as follows:

### First Affirmative Defense – Failure to State a Claim

30.     The Complaint fails to state a claim upon which relief can be granted because SAS has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to Triton.

### Second Affirmative Defense - Noninfringement

31.     SAS does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, any claim of the '525 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### Third Affirmative Defense – Patent Invalidity

32.     Triton's purported claims for infringement of the '525 patent are barred because each and every claim of the '525 patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112.

### Fourth Affirmative Defense - Laches

33.     Triton's claims for relief are barred in whole or in part by the equitable doctrine of laches.

### Fifth Affirmative Defense – Equitable Estoppel

34.     Triton is equitably estopped from pursuing its allegations based upon the '525 patent.

### Sixth Affirmative Defense – Limitation on Damages

35.     Triton's claims for relief and prayer for damages are limited by at least 35 U.S.C. §§ 286 and 287.

### Seventh Affirmative Defense – Prosecution History Estoppel

36.     Triton is estopped from construing the claims of the '525 patent in such a way as may cover any of SAS's products or processes by reasons of statements made to the United States Patent and Trademark Office ("USPTO") during the prosecution of the application that led to the issuance of the '525 patent.

### Eighth Affirmative Defense – Government Sales

37.     Triton's claims for relief and prayer for damages are limited by 28 U.S.C. § 1498(a).

## COUNTERCLAIMS

### Jurisdiction and Venue

SAS alleges in accordance with Federal Rules of Civil Procedure 13 and 20 against Triton:

38. SAS is a corporation organized and existing under the laws of the State of North Carolina and that its principal place of business is 100 SAS Campus Drive, Cary, North Carolina 27513-2414.

39. On information and belief, Triton is a Texas Limited Liability Company with its principal place of business at 207 C. North Washington Ave., Marshall, Texas 75670.

40. These Counterclaims arise under the United States patent laws, 35 U.S.C. § 101 et seq. These counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

41. Venue is appropriate because Triton has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which this counterclaim is asserted.

### Facts Concerning the '525 Patent

42. Triton claims to be the owner by assignment of U.S. Patent No. 6,067,525 ("the '525 patent") entitled "Integrated Computerized Sales Force Automation System." On its face, the '525 patent states that it was filed on October 30, 1995, and issued on May 23, 2000. The '525 patent identifies the alleged inventors as Jerome Dale Johnson, David Robert Lundberg, and Michael Paul Krebsbach.

### Count One – United States Patent No. 6,067,525

**A.     Declaration of Noninfringement**

43.     SAS realleges and incorporates by reference the allegations set forth in Paragraphs 1-45 above as if fully set forth herein.

44.     An actual and justifiable controversy exists between SAS and Triton with respect to the '525 patent because Triton has brought this action against SAS alleging that SAS infringes the '525 patent, which allegation SAS denies.  Absent a declaration of noninfringement, Triton will continue to wrongfully assert the '525 patent against SAS, and thereby cause SAS irreparable injury and damage.

45.     SAS has not infringed the '525 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and is entitled to a declaration to that effect.

46.     This is an exceptional case entitling SAS to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**B.     Declaration of Invalidity**

47.     SAS realleges and incorporates by reference the allegations set forth in Paragraphs 1-49 above as if fully set forth herein.

48.     An actual and justifiable controversy exists between SAS and Triton with respect to the validity of the '525 patent because Triton has brought this action against SAS alleging that SAS infringes the '525 patent, which allegation SAS denies.  Absent a declaration of invalidity, Triton will continue to wrongfully assert the '525 patent against SAS, and thereby cause SAS irreparable injury and damage.

49. The '525 patent is invalid under the provisions of Title 35, United States Code, including, but not limited to Sections 101, 102, 103, and/or 112, and SAS is entitled to a declaration to that effect.

50. This is an exceptional case entitling SAS to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## **RELIEF**

WHEREFORE, SAS seeks the following relief:

a. That each and every claim of the '525 patent be declared not infringed and also declared invalid;

b. That Triton take nothing by its Complaint and that Triton's Complaint be dismissed with prejudice;

c. That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Triton's conduct in commencing and pursuing this action be found to render this an exceptional case and that SAS be awarded its attorneys' fees incurred in connection with this action;

d. That SAS be awarded its cost of suit incurred herein; and

e. That SAS be granted such other and additional relief as this Court deems just and proper.

Dated April 24, 2007                             Respectfully submitted,


                                              /s/  Mark N. Reiter

Mark N. Reiter
Lead Attorney
State Bar No. 16759900
mnreiter@jonesday.com
Daniel T. Conrad
State Bar No. 24026608
dtconrad@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas  75201
Telephone:  214-220-3939
Facsimile:  214-969-5100

ATTORNEYS FOR DEFENDANT
SAS INSTITUTE, INC.

**CERTIFICATE OF SERVICE**

   I hereby certify that on April 24, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

               /s/  Mark N. Reiter

               Mark N. Reiter