IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TRITON IP, LLC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:07-cv-067[LED] |
| | § | |
| 1. SAGE GROUP, PLC, | § | |
| 2. SAGE SOFTWARE, INC., | § | JURY DEMANDED |
| 3. SSA GLOBAL TECHNOLOGIES, INC., | § | |
| 4. INFOR GLOBAL SOLUTIONS, INC., | § | |
| 5. SAS INSTITUTE, INC., | § | |
| 6. FRONTRANGE SOLUTIONS, INC., | § | |
| 7. ONYX SOFTWARE CORPORATION, | § | |
| 8. MADE2MANAGE SYSTEMTS, INC., | § | |
| and 9. SYMERON SOFTWARE, INC. | § | |

**DEFENDANTS INFOR GLOBAL SOLUTIONS, INC.'S AND
SSA GLOBAL TECHNOLOGIES, INC.'S ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**ANSWER**

Defendants, Infor Global Solutions, Inc. and SSA Global Technologies, Inc. (hereinafter "Infor" and "SSA"), by and through their attorneys answer the First Amended Complaint ("Complaint") as follows:

1. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

2. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

3. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

4. Denied. SSA has been renamed and is known as Infor Global Solutions (Chicago), Inc., a Delaware corporation with its corporate headquarters and principal place of business at 13560 Morris Road, Suite 4100, Alpharetta, Gerogia.

5. Denied. Infor has been renamed and is now known as Infor Global Solutions (Michigan), Inc., a Delaware corporation with its corporate headquarters and principal place of business at 13560 Morris Road, Suite 4100, Alpharetta, Gerogia.

6. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

7. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

8. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

9. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

10. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

11. Admitted in part, denied in part. Infor and SSA admit that the Complaint alleges a cause of action under the patent laws of the United States and, accordingly, that this Court has subject matter jurisdiction. Infor and SSA deny the remaining allegations of this paragraph.

12. Admitted in part, denied in part. Infor and SSA admit only that venue is proper in this district and that they have transacted business in this district. Infor and SSA specifically deny that any such transactions constitute patent infringement. Infor and SSA deny the remaining allegations of this paragraph. To the extent the allegations of this paragraph relate to parties other than Infor or SSA, Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny the same.

13. Admitted in part, denied in part. Infor and SSA admit only that a copy of the '525 patent is attached as Exhibit A to the Complaint. The '525 patent is a document that speaks for itself. Infor and SSA deny any characterization of the '525 patent. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny the same.

14. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

15. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

16. Infor and SSA deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required. To the extent a response is required, SSA denies the allegations of this paragraph. Infor is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

17. Infor and SSA deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required. To the extent a response is required, Infor denies the allegations of this paragraph. SSA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

18. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

19. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

20. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

21. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

22. Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

23. Infor and SSA deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Infor and SSA deny the allegations of this paragraph.  To the extent the allegations of this paragraph relate to parties other than Infor and SSA, Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

24. Infor and SSA deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

25. Infor and SSA deny that they have infringed the '525 patent.  Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny the same.

26. Infor and SSA deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Infor and SSA are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

27. Infor and SSA deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Infor and SSA are

without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

Infor and SSA deny that Triton is entitled to the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may granted.

2. Infor and SSA have not infringed, directly or indirectly, any claim of the '525 patent.

3. The claims of the '525 patent are invalid for failure to comply with the requirements for patentability, including but not limited to the requirements set forth in 35 U.S.C. §§ 102, 103, and/or 112.

4. Triton's claims are barred by 35 U.S.C. §§ 273, 286, and/or 287.

5. Triton is barred from relief by the doctrines of waiver, estoppel, laches, unclean hands, and/or other applicable equitable defenses.

6. The '525 patent is invalid and/or unenforceable as a result of the proceedings and/or statements made before the United States Patent and Trademark Office during the prosecution of the various applications upon which the '525 patent issued.

## COUNTERCLAIM FOR DECLARATORY RELIEF

Infor and SSA, for their counterclaim against Triton, allege as follows:

### Jurisdiction

1. This is a counterclaim for a declaration of noninfringement, invalidity, and unenforceability of United States Patent No. 6,067,525 ('525 patent). This Court has jurisdiction over this counterclaim under 28 U.S.C. §§ 1331, 1338, and 2201.

2. An actual case and controversy exists between the parties regarding the infringement, validity, and enforceability of the '525 patent. The controversy is ripe for adjudication because Triton has sued Infor and SSA alleging infringement of the '525 patent.

**Parties**

3. Counterclaim-Plaintiff Infor is a Delaware corporation, having its principal place of business at 13560 Morris Road, Suite 4100, Alpharetta, Georgia.

4. Counterclaim-Plaintiff SSA is a Delaware corporation, having its principal place of business at 13560 Morris Road, Suite 4100, Alpharetta, Georgia.

5. Counterclaim-Defendant Triton is a Texas LLC, having its principal place of business at 207 C North Washington Avenue, Marshall, Texas.

**Counterclaim for Noninfringment, Invalidity, and Unenforceability**

6. Infor and SSA incorporate by reference the allegations in paragraphs 1-5 as though fully set forth herein.

7. Infor and SSA have not infringed any valid and enforceable claims of the '525 patent.

8. The '525 patent is invalid and unenforceable.

WHEREFORE, Counterclaim-Plaintiffs Infor and SSA respectfully request that the Court enter judgment in their favor and against Triton as follows:

    (a) Dismiss Triton's complaint with prejudice;

    (b) Declare that the '525 patent has not been infringed;

    (c) Declare the '525 patent invalid and unenforceable;

    (d) Declare that this case is exceptional and award Infor and SSA their reasonable attorneys' fees, costs, and expenses; and

    (e) Grant such further relief as the Court may deem just and proper.

DATED: April 30, 2007                            Respectfully submitted,

/s/ *Michael E. Jones*
Miichael E. Jones
Texas Bar No. 10929400
POTTER MINTON
A Professional Corporation

                                      110 N. College, Suite 500 (75702)
                                      P.O. Box 359
                                      Tyler, Texas 75710
                                      T (903) 597-8311
                                      F (903) 593-0846
                                      mikejones@potterminton.com
                                      *Attorney-in-Charge*

                                      **ATTORNEY FOR DEFENDANTS**
                                      **INFOR GLOBAL SOLUTIONS, INC. AND SSA**
                                      **GLOBAL TECHNOLOGIES, INC.**

**OF COUNSEL FOR DEFENDANTS**
**INFOR GLOBAL SOLUTIONS, INC. AND SSA GLOBAL TECHNOLOGIES, INC.:**

Alfred W. Zaher
   zaher@blankrome.com
Bruce D. George
  george@blankrome.com
Joel L. Dion
   Pa. Bar No. 200477
   dion@blankrome.com
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone:  (215) 569-5500
Fax:  (215) 569-5555

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document pursuant to L.R. CV-5(a)(7) on this 30th day of April 2007. Any other counsel of record will be served by facsimile transmission.

                                                   */s/ Michael E. Jones*
                                                   Micheal E. Jones