# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

**TRITON IP, LLC,**

v.

**SAGE GROUP, PLC, et al.**

**6:07-cv-00067-LED**

JURY

## PLAINTIFF'S ANSWER TO COUNTERCLAIMS OF SAS INSTITUTE

Plaintiff Triton IP, LLC ("Triton") answers by paragraph the counterclaims of Defendant SAS Institute, Inc. ("SAS") as follows:

38.   Admitted.

39.   Admitted.

40.   Triton admits that SAS has purported to file declaratory counterclaims arising under the Patent Act, and that this Court has jurisdiction over any properly pled counterclaims. Triton denies the merits of such counterclaims, and otherwise denies any remaining allegations in this paragraph.

41.   Triton admits that it has consented to the venue of this Court, and that venue is proper over any properly pled counterclaims, but Triton denies the merits of such counterclaims. In addition, to the extent necessary, Triton denies any remaining allegations in this paragraph.

42.   Triton admits to being the owner by assignment of the '525 patent. Triton admits to the filing and issuance dates on the face of the '525 patent. Triton admits to the inventors on the face of the '525 patent.

43.   Paragraph 43 of the Counterclaim purports that it "realleges and incorporates by reference the allegations set forth in paragraphs 1-45 above as if fully set forth herein." This allegation is improper, and is neither subject to being admitted or denied. Subject to the

1

foregoing, Triton denies the merits of the defenses and affirmative defenses set forth in SAS's answer/counterclaim, and Triton disputes SAS's denials including relative to infringement, validity and damages.

44. As Triton has asserted infringement of the '525 patent and SAS purports to deny it, Triton admits that a dispute exists between SAS and Triton with respect to infringement of the '525 patent. Triton denies that it has wrongfully asserted the '525 patent against SAS, or that Triton has caused any wrongful injury or damage to SAS. In addition, to the extent necessary, Triton denies any remaining allegations in this paragraph.

45. Denied.

46. Triton admits this is an exceptional case, but only as it relates to Triton's entitlement to fees under 35 USC 285. Triton denies this is an exceptional case entitling SAS to an award of fees.

47. Paragraph 47 of the Counterclaim purports that it "realleges and incorporates by reference the allegations set forth in paragraphs 1-49 above as if fully set forth herein." This allegation is improper, and is neither subject to being admitted or denied. Subject to the foregoing, Triton denies the merits of the defenses and affirmative defenses set forth in SAS's answer/counterclaim, and Triton disputes SAS's denials including relative to infringement, validity and damages.

48. As Triton has asserted validity of the '525 patent and SAS purports to deny it, Triton admits that a dispute exists between SAS and Triton with respect to validity of the '525 patent. Triton denies that it has wrongfully asserted the '525 patent against SAS, or that Triton has caused any wrongful injury or damage to SAS. In addition, to the extent necessary, Triton denies any remaining allegations in this paragraph.

49. Denied.

50. Triton admits this is an exceptional case, but only as it relates to Triton's entitlement to fees under 35 USC 285. Triton denies this is an exceptional case entitling SAS to an award of fees.

51. To the extent necessary, Triton denies the allegations in SAS's prayer for relief.

52. To the extent necessary, Triton re-alleges infringement, validity and damages, and denies any allegations in the counterclaim adverse to same.

Date: May 17, 2007

Respectfully submitted,

TRITON IP, LLC

 /s/ John J. Edmonds
**Danny L. Williams** – Lead Attorney
Texas Bar No. 21518050
**J. Mike Amerson**
Texas Bar No. 01150025
Williams, Morgan & Amerson, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wma.law.com
mike@wma.law.com

**David M. Pridham**
R.I. Bar No. 6625
Intellectual Property Navigation Group, LLC
207 C North Washington Avenue
Marshall, Texas 75670
Telephone: (903) 938-7400
Facsimile: (903) 938-7404
david@ipnav.com

**John J. Edmonds**
Texas State Bar No. 00789758
THE EDMONDS LAW FIRM
709 Sabine Street
Houston, Texas 77007
Telephone: (713) 858-3320
Facsimile: (832) 767-3111
johnedmonds@edmondslegal.com

**Eric M. Albritton**
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

**Thomas John Ward, Jr.**
Texas Bar No. 00794818
Law Office of T John Ward Jr., PC
P O Box 1231
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@jwfirm.com

**Kajeer Yar**
Texas Bar No. 24025838
2651 East 66th Street
Tulsa, OK 74136
Telephone: (918) 292-8158
Facsimile: (918) 292-8158
kyar@yarlawfirm.com

**Counsel for Plaintiff**
**TRITON IP, LLC**

On this date a copy of the foregoing is being filed electronically and thus served upon all counsel of record pursuant to Local Rule CV-5.

Date:  May 17, 2007                  /s/ John J. Edmonds
                                     John J. Edmonds