**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **TRITON IP, LLC,**<br>    a Texas Limited Liability Corporation,<br><br>   v.<br><br>**SAGE GROUP, PLC, et al.** | Case No. 6:07cv067 (LED)<br><br>Jury Demanded |

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

For its Second Amended Complaint against Sage Group, PLC ("Sage Group"), Sage Software, Inc. ("Sage Software"), Infor Global Solutions (Chicago), Inc. f/k/a SSA Global Technologies, Inc. ("SSA"), Infor Global Solutions (Michigan), Inc. f/k/a Infor Global Solutions, Inc. ("Infor"), SAS Institute, Inc. ("SAS"), Frontrange Solutions, Inc. ("Frontrange"), Onyx Software Corporation ("Onyx"), and Made2Manage Systems, Inc. ("Made2Manage") (collectively the "Defendants"), Plaintiff Triton IP, LLC ("Triton") alleges as follows.

## PARTIES

1.    Triton is a Texas Limited Liability Company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2.    On information and belief, Defendant Sage Group is a U.K. corporation with its corporate headquarters and principal place of business at North Park, Newcastle Upon Tyne, United Kingdom, NE13 9AA.

3.    On information and belief, Defendant Sage Software is a Virginia corporation with its corporate headquarters and principal place of business at 56 Technology Drive, Irvine, California 92618-2301. Sage Software is qualified to do business in the State of Texas, and has appointed CT Corporation System, 350 North St. Paul Street, Suite 750, Dallas, Texas 75201, as its agent for service of process.

4. On information and belief, Defendant SSA is a Delaware corporation with its corporate headquarters and principal place of business at 13560 Morris Road, Suite 4100, Alpharetta, Gerogia.

5. On information and belief, Defendant Infor is a Delaware corporation with its corporate headquarters and principal place of business at 13560 Morris Road, Suite 4100, Alpharetta, Georgia 30004.

6. On information and belief, Defendant SAS is a North Carolina corporation with its corporate headquarters and principal place of business at 100 SAS Campus Drive, Cary, North Carolina 27513-2414. SAS is qualified to do business in the State of Texas, and has appointed CT Corporation System, 350 North St. Paul Street, Suite 750, Dallas, Texas 75201, as its agent for service of process.

7. On information and belief, Defendant Frontrange is a Delaware corporation with its corporate headquarters and principal place of business at 4120 Dublin Blvd., Suite 200, Dublin, California 94568. Frontrange has appointed CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017, as its agent for service of process.

8. On information and belief, Defendant Onyx is a Washington corporation with its corporate headquarters and principal place of business at 1100 112th Ave. NE, Suite 100, Bellevue, Washington 98004-4504. Onyx is qualified to do business in the State of Texas, and has appointed CT Corporation System, 350 North St. Paul Street, Suite 750, Dallas, Texas 75201, as its agent for service of process.

9. On information and belief, Defendant Made2Manage is an Indiana corporation with its corporate headquarters and principal place of business at 450 East 96th Street, Suite 300, Indianapolis, Indiana 46240. Made2Manage is qualified to do business in the State of Texas, and

has appointed CT Corporation System, 350 North St. Paul Street, Suite 750, Dallas, Texas 75201, as its agent for service of process.

## JURISDICTION AND VENUE

10. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

## INFRINGEMENT OF U.S. PATENT NO. 6,067,525

12. Triton is the owner by assignment of United States Patent No. 6,067,525 ("the '525 patent") entitled "Integrated Computerized Sales Force Automation System," a true copy of which is attached as Exhibit A. The '525 patent was issued on May 23, 2000.

13. Defendant Sage Group has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including, without limitation, customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software products and services, supply chain management software products and services, sales force automation software products and services, sales force management software products and services, financial management software products and services, human capital management

software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services, and marketing software products and services, that are covered by one or more claims of the '525 patent to the injury of Triton. Defendant Sage Group is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. § 271.

14. Defendant Sage Software has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including, without limitation, customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software products and services, supply chain management software products and services, sales force automation software products and services, sales force management software products and services, financial management software products and services, human capital management software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services, and marketing software products and services, that are covered by one or more claims of the '525 patent to the injury of Triton. Defendant Sage Software is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. § 271.

15. Defendant SSA has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of

the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including, without limitation, customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software products and services, supply chain management software products and services, sales force automation software products and services, sales force management software products and services, financial management software products and services, human capital management software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services, and marketing software products and services, that are covered by one or more claims of the '525 patent to the injury of Triton.  Defendant SSA is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. § 271.

16.     Defendant Infor has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including, without limitation, customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software products and services, supply chain management software products and services, sales force automation software products and services, sales force management software products and services, financial management software products and services, human capital management

5

software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services, and marketing software products and services, that are covered by one or more claims of the '525 patent to the injury of Triton.  Defendant Infor is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. § 271.

17.     Defendant SAS has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including, without limitation, customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software products and services, supply chain management software products and services, sales force automation software products and services, sales force management software products and services, financial management software products and services, human capital management software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services, and marketing software products and services, that are covered by one or more claims of the '525 patent to the injury of Triton.  Defendant SAS is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. § 271.

18.     Defendant Frontrange has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by

others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including, without limitation, customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software products and services, supply chain management software products and services, sales force automation software products and services, sales force management software products and services, financial management software products and services, human capital management software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services, and marketing software products and services, that are covered by one or more claims of the '525 patent to the injury of Triton.  Defendant Frontrange is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. § 271.

19.     Defendant Onyx has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including, without limitation, customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software products and services, supply chain management software products and services, sales force automation software products and services, sales force management software products and services, financial management software products and services, human capital management

software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services, and marketing software products and services, that are covered by one or more claims of the '525 patent to the injury of Triton. Defendant Onyx is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. § 271.

20.    Defendant Made2Manage has been and now is directly infringing, and indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '525 patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering for sale, and/or selling computer software products and services, including, without limitation, customer relationship management software products and services, enterprise resource management software products and services, partner relationship management software products and services, supplier relationship management software products and services, supply chain management software products and services, sales force automation software products and services, sales force management software products and services, financial management software products and services, human capital management software products and services, customer order management software products and services, corporate performance management software products and services, human capital management software products and services, business analytics software products and services, sales software products and services, and marketing software products and services, that are covered by one or more claims of the '525 patent to the injury of Triton. Defendant Made2Manage is thus liable for infringement of the '525 patent pursuant to 35 U.S.C. § 271.

21.    The above Defendants have actively induced and are actively inducing infringement of the '525 patent and are liable for contributory infringement of the '525 patent.

22. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '525 Patent complied with such requirements.

23. As a result of the above Defendants' infringement of the '525 patent, Triton has suffered monetary damages that are compensable under 35 U.S.C. § 284 in an amount not yet determined, and will continue to suffer such monetary damages in the future unless Defendants' infringing activities are permanently enjoined by this Court.

24. Unless permanent injunctions are issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all other acting on their behalf from infringing the '525 patent, Triton will be greatly and irreparably harmed.

25. This case presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and Triton is thus entitled to an award of its reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Triton requests that this Court enter:

1. A judgment in favor of Triton that Defendants Sage Group, Sage Software, SSA Global, Infor, SAS, Frontrange, Onyx and Made2Manage have infringed, directly and indirectly, by way of inducing and/or contributing to the infringement of the '525 patent;

2. A permanent injunction, enjoining Sage Group, Sage Software, SSA Global, Infor, SAS, Frontrange, Onyx and Made2Manage and their officers, directors, agents, servants affiliates, employees, divisions, branches subsidiaries, parents, and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '525 patent;

3. A judgment and order requiring Defendants Sage Group, Sage Software, SSA, Infor, SAS, Frontrange, Onyx and Made2Manage to pay Triton its damages, costs, expenses, and

prejudgment and post-judgment interest for Defendants' infringement of the '525 patent as provided under 35 U.S.C. § 284;

4.  An award to Triton of restitution of the benefits Defendants' have gained through their unfair, deceptive, or illegal acts;

5.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Triton its reasonable attorneys' fees; and

6.  Any and all other relief for which the Court may deem Triton entitled.

## DEMAND FOR JURY TRIAL

Plaintiff Triton, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Date: June 7, 2007

Respectfully submitted,

TRITON IP, LLC

  /s/ John J. Edmonds
**Danny L. Williams** – Lead Attorney
Texas Bar No. 21518050
**J. Mike Amerson**
Texas Bar No. 01150025
Williams, Morgan & Amerson, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wma.law.com
mike@wma.law.com

**David M. Pridham**
R.I. Bar No. 6625
Intellectual Property Navigation Group, LLC
207 C North Washington Avenue
Marshall, Texas 75670
Telephone: (903) 938-7400
Facsimile: (903) 938-7404
david@ipnav.com

**John J. Edmonds**
Texas State Bar No. 00789758
THE EDMONDS LAW FIRM
709 Sabine Street
Houston, Texas 77007
Telephone: (713) 858-3320
Facsimile: (832) 767-3111
johnedmonds@edmondslegal.com

**Eric M. Albritton**
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

**Thomas John Ward, Jr.**
Texas Bar No. 00794818
Law Office of T John Ward Jr., PC
P O Box 1231
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@jwfirm.com

**Kajeer Yar**
Texas Bar No. 24025838
2651 East 66th Street
Tulsa, OK 74136
Telephone: (918) 292-8158
Facsimile: (918) 292-8158
kyar@yarlawfirm.com

**Counsel for Plaintiff**
**TRITON IP, LLC**

CERTIFICATE OF SERVICE

On this date a copy of the foregoing is being filed electronically and thus served upon all counsel of record pursuant to Local Rule CV-5.

Date: June 7, 2007      /s/ John J. Edmonds
                        John J. Edmonds