**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| TRITON IP, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 6:07-CV-67 |
| SAGE GROUP, PLC, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS INFOR GLOBAL SOLUTIONS, INC.'S AND**
**SSA GLOBAL TECHNOLOGIES, INC.'S ANSWER, AFFIRMATIVE DEFENSES**
**AND COUNTERCLAIM TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

**ANSWER**

Defendants, Infor Global Solutions (Chicago), Inc. ("Infor (Chicago)") and Infor Global

Solutions (Michigan), Inc. ("Infor (Michigan)"), by and through their attorneys answer the

Second Amended Complaint ("Complaint") as follows:

1. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to
   form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

2. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to
   form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

3. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to
   form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

4. Admitted.

5. Admitted.

6. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to
   form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

7.  Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

8.  Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

9.  Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

### Jurisdiction and Venue

10. Admitted in part, denied in part.  Infor (Chicago) and Infor (Michigan) admit that the Complaint alleges a cause of action under the patent laws of the United States and, accordingly, that this Court has subject matter jurisdiction.  Infor (Chicago) and Infor (Michigan) deny the remaining allegations of this paragraph.

11. Admitted in part, denied in part.  Infor (Chicago) and Infor (Michigan) admit only that venue is proper in this district and that they have transacted business in this district.  Infor (Chicago) and Infor (Michigan) specifically deny that any such transactions constitute patent infringement.  Infor (Chicago) and Infor (Michigan) deny the remaining allegations of this paragraph.  To the extent the allegations of this paragraph relate to parties other than Infor (Chicago) or Infor (Michigan), Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny the same.

### Alleged Infringement of U.S. Pat. No. 6,067,525

12. Admitted in part, denied in part.  Infor (Chicago) and Infor (Michigan) admit only that a copy of the '525 patent is attached as Exhibit A to the Complaint.  The '525 patent is a document that speaks for itself.  Infor (Chicago) and Infor (Michigan) deny any characterization of the '525 patent.  Infor (Chicago) and Infor (Michigan) specifically deny that the '525 patent was

2

duly and legally issued.  Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny the same.

13. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

14. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

15. Infor (Chicago) denies the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Infor (Chicago) denies the allegations of this paragraph.  Infor (Michigan) is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

16. Infor (Michigan) denies the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Infor (Michigan) denies the allegations of this paragraph.  Infor (Chicago) is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

17. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

18. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

19. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

119645.00604/11678830v.1

20. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

21. Infor (Chicago) and Infor (Michigan) deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Infor (Chicago) and Infor (Michigan) deny the allegations of this paragraph.  To the extent the allegations of this paragraph relate to parties other than Infor (Chicago) and Infor (Michigan), Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

22. Infor (Chicago) and Infor (Michigan) deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

23. Infor (Chicago) and Infor (Michigan) deny that they have infringed the '525 patent or that they have any of their actions have caused damage to Triton.  Further, Infor (Chicago) and Infor (Michigan) deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny the same.

24. Infor (Chicago) and Infor (Michigan) deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

4

25. Infor (Chicago) and Infor (Michigan) deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

Infor (Chicago) and Infor (Michigan) deny that Triton is entitled to the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may granted.

2. Infor (Chicago) and Infor (Michigan) have not infringed, directly or indirectly, any claim of the '525 patent.

3. The claims of the '525 patent are invalid for failure to comply with the requirements for patentability, including but not limited to the requirements set forth in 35 U.S.C. §§ 102, 103, and/or 112.

4. Triton's claims are barred by 35 U.S.C. §§ 273, 286, and/or 287.

5. Triton is barred from relief by the doctrines of waiver, estoppel, laches, unclean hands, and/or other applicable equitable defenses.

6. As a result of the proceedings and/or statements made before the United States Patent and Trademark Office during the prosecution of the various applications upon which the '525 patent issued, Triton is estopped from construing the '525 patent to cover Infor (Chicago)'s or Infor (Michigan)'s products or services.

## COUNTERCLAIM FOR DECLARATORY RELIEF

Infor (Chicago) and Infor (Michigan), for their counterclaim against Triton, alleges as follows:

119645.00604/11678830v.1

## Jurisdiction

1. This is a counterclaim for a declaration of noninfringement, invalidity, and unenforceability of United States Patent No. 6,067,525 ('525 patent). This Court has jurisdiction over this counterclaim under 28 U.S.C. §§ 1331, 1338, and 2201.

2. An actual case and controversy exists between the parties regarding the infringement, validity, and enforceability of the '525 patent. The controversy is ripe for adjudication because Triton has sued Infor (Chicago) and Infor (Michigan) alleging infringement of the '525 patent.

## Parties

3. Counterclaim-Plaintiff Infor (Chicago) is a Delaware corporation, having its principal place of business at 13560 Morris Road, Suite 4100, Alpharetta, Georgia.

4. Counterclaim-Plaintiff Infor (Michigan) is a Delaware corporation, having its principal place of business at 13560 Morris Road, Suite 4100, Alpharetta, Georgia.

5. Counterclaim-Defendant Triton is a Texas LLC, having its principal place of business at 207 C North Washington Avenue, Marshall, Texas.

## Counterclaim for Noninfringment, Invalidity, and Unenforceability

6. Infor (Chicago) and Infor (Michigan) incorporate by reference the allegations in paragraphs 1-5 as though fully set forth herein.

7. Infor (Chicago) and Infor (Michigan) have not infringed any valid and enforceable claim of the '525 patent.

8. The '525 patent is invalid and unenforceable.

WHEREFORE, Counterclaim-Plaintiffs Infor (Chicago) and Infor (Michigan) respectfully request that the Court enter judgment in their favor and against Triton as follows:

(a) Dismiss Triton's complaint with prejudice;

6

(b) Declare that the '525 patent has not been infringed;

(c) Declare the '525 patent invalid and unenforceable;

(d) Declare that this case is exceptional and award Infor (Chicago) and Infor

(Michigan) their reasonable attorneys' fees, costs, and expenses; and

(e) Grant such further relief as the Court may deem just and proper.

DATED:  June 26, 2007                         Respectfully submitted,

/s/ *Michae Jones*
Michael E. Jones
Texas Bar No. 10929400
mikejones@potterminton.com
*Attorney-in-Charge*
POTTER MINTON, P.C.
500 Plaza Tower
Tyler, Texas 75702
Phone:  (903) 597-8311
Fax:  (903) 593-0846
**ATTORNEY FOR DEFENDANTS**
**INFOR GLOBAL SOLUTIONS, INC. AND SSA**
**GLOBAL TECHNOLOGIES, INC.**

**OF COUNSEL FOR DEFENDANTS**
**INFOR GLOBAL SOLUTIONS, INC. AND SSA GLOBAL TECHNOLOGIES, INC.:**

Alfred W. Zaher
    zaher@blankrome.com
Bruce D. George
    Pa. Bar No. 84320
    george@blankrome.com
Joel L. Dion
    Pa. Bar No. 200477
    dion@blankrome.com
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone:  (215) 569-5500
Fax:  (215) 569-5555

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document pursuant to L.R. CV-5(a)(7) on this 26th day of June 2007.  Any other counsel of record will be served by facsimile transmission.


*/s/ Michael E. Jones*
Michael E. Jones

119645.00604/11678830v.1