**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| TRITON IP, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 6:07-CV-67 |
| SAGE GROUP, PLC, et al. | : | |
| | : | |
| Defendants. | : | |
| | : | |

**INFOR GLOBAL SOLUTIONS (CHICAGO), INC.'S AND INFOR GLOBAL
SOLUTIONS (MICHIGAN), INC.'S ANSWER, AFFIRMATIVE DEFENSES AND
AMENDED COUNTERCLAIM TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

**ANSWER**

Defendants, Infor Global Solutions (Chicago), Inc. ("Infor (Chicago)") and Infor Global Solutions (Michigan), Inc. ("Infor (Michigan)"), by and through their attorneys answer the Second Amended Complaint ("Complaint") as follows:

1. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

2. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

3. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

4. Admitted.

5. Admitted.

6. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

7. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

8. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

9. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

## Jurisdiction and Venue

10. Admitted in part, denied in part. Infor (Chicago) and Infor (Michigan) admit that the Complaint alleges a cause of action under the patent laws of the United States and, accordingly, that this Court has subject matter jurisdiction. Infor (Chicago) and Infor (Michigan) deny the remaining allegations of this paragraph.

11. Admitted in part, denied in part. Infor (Chicago) and Infor (Michigan) admit only that venue is proper in this district and that they have transacted business in this district. Infor (Chicago) and Infor (Michigan) specifically deny that any such transactions constitute patent infringement. Infor (Chicago) and Infor (Michigan) deny the remaining allegations of this paragraph. To the extent the allegations of this paragraph relate to parties other than Infor (Chicago) or Infor (Michigan), Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, deny the same.

## Alleged Infringement of U.S. Pat. No. 6,067,525

12. Admitted in part, denied in part. Infor (Chicago) and Infor (Michigan) admit only that a copy of the '525 patent is attached as Exhibit A to the Complaint. The '525 patent is a document that speaks for itself. Infor (Chicago) and Infor (Michigan) deny any characterization of the '525 patent. Infor (Chicago) and Infor (Michigan) specifically deny that the '525 patent was

2

duly and legally issued. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny the same.

13. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

14. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

15. Infor (Chicago) denies the allegations of this paragraph as a legal conclusion to which no responsive pleading is required. To the extent a response is required, Infor (Chicago) denies the allegations of this paragraph. Infor (Michigan) is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

16. Infor (Michigan) denies the allegations of this paragraph as a legal conclusion to which no responsive pleading is required. To the extent a response is required, Infor (Michigan) denies the allegations of this paragraph. Infor (Chicago) is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

17. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

18. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

19. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

20. Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

21. Infor (Chicago) and Infor (Michigan) deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Infor (Chicago) and Infor (Michigan) deny the allegations of this paragraph.  To the extent the allegations of this paragraph relate to parties other than Infor (Chicago) and Infor (Michigan), Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

22. Infor (Chicago) and Infor (Michigan) deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

23. Infor (Chicago) and Infor (Michigan) deny that they have infringed the '525 patent or that they have any of their actions have caused damage to Triton.  Further, Infor (Chicago) and Infor (Michigan) deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, deny the same.

24. Infor (Chicago) and Infor (Michigan) deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

119645.00604/11801032v.1

25. Infor (Chicago) and Infor (Michigan) deny the allegations of this paragraph as a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Infor (Chicago) and Infor (Michigan) are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the same.

Infor (Chicago) and Infor (Michigan) deny that Triton is entitled to the relief requested in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

26. The Complaint fails to state a claim upon which relief may granted.

27. Infor (Chicago) and Infor (Michigan) have not infringed, directly or indirectly, any claim of the '525 patent.

28. The claims of the '525 patent are invalid for failure to comply with the requirements for patentability, including but not limited to the requirements set forth in 35 U.S.C. §§ 102, 103, and/or 112.

29. Triton's claims are barred by 35 U.S.C. §§ 273, 286, and/or 287.

30. Triton is barred from relief by the doctrines of waiver, estoppel, laches, unclean hands, and/or other applicable equitable defenses.

31. As a result of the proceedings and/or statements made before the United States Patent and Trademark Office during the prosecution of the various applications upon which the '525 patent issued, Triton is estopped from construing the '525 patent to cover Infor (Chicago)'s or Infor (Michigan)'s products or services.

## AMENDED COUNTERCLAIMS FOR DECLARATORY RELIEF

Infor (Chicago) and Infor (Michigan), for their counterclaim against Triton, alleges as follows:

### Jurisdiction

32. This is a counterclaim for a declaration of noninfringement, invalidity, and unenforceability of United States Patent No. 6,067,525 ('525 patent). This Court has jurisdiction over this counterclaim under 28 U.S.C. §§ 1331, 1338, and 2201.

33. An actual case and controversy exists between the parties regarding the infringement, validity, and enforceability of the '525 patent. The controversy is ripe for adjudication because Triton has sued Infor (Chicago) and Infor (Michigan) alleging infringement of the '525 patent.

### Parties

34. Counterclaim-Plaintiff Infor (Chicago) is a Delaware corporation, having its principal place of business at 13560 Morris Road, Suite 4100, Alpharetta, Georgia.

35. Counterclaim-Plaintiff Infor (Michigan) is a Delaware corporation, having its principal place of business at 13560 Morris Road, Suite 4100, Alpharetta, Georgia.

36. Counterclaim-Defendant Triton is a Texas LLC, having its principal place of business at 207 C North Washington Avenue, Marshall, Texas.

### Counterclaim for Noninfringment

37. Infor (Chicago) and Infor (Michigan) incorporate by reference the allegations in paragraphs 32-36 as though fully set forth herein.

38. Infor (Chicago) and Infor (Michigan) have not infringed any valid and enforceable claim of the '525 patent.

### Counterclaim for Invalidity

39. Infor (Chicago) and Infor (Michigan) incorporate by reference the allegations in paragraphs 32-38 as though fully set forth herein.

119645.00604/11801032v.1

40. The '525 patent is invalid as anticipated under 35 U.S.C. § 102 by one or more prior art references.

41. In particular, the '525 patent is invalid under 35 U.S.C. § 102(b) because the invention embodied therein was in public use, described in a printed publication, offered for sale, and/or sold in the United States more than one year prior to the filing date of the application for the '525 patent.

42. For example, Jerome Johnson developed software ("the Johnson Software") beginning in or around 1983 that embodied the invention disclosed and claimed in the '525 patent. The Johnson Software was sold by Johnson and/or Clear With Computers to International Harvester in or around 1983. In addition, the Johnson Software was sold by Johnson and/or Clear With Computers to General Motors, Freightliner, PACCAR, and/or IBM between 1983 and October 30, 1994.

43. The '525 patent is invalid under 35 U.S.C. § 103 as obvious in view of one or more prior art references.

## Counterclaim for Unenforceability Due to Inequitable Conduct

44. Infor (Chicago) and Infor (Michigan) incorporate by reference the allegations in paragraphs 32-43 as though fully set forth herein.

45. One of the named inventors of the '525 patent, Jerome Johnson and/or Clear With Computers, first made, used, sold, and offered for sale a software program, the Johnson Software, more than one year prior to the filing date of the application for the '525 patent, that embodies the invention disclosed and claimed in the '525 patent.

46. The Johnson software is prior art to the '525 patent.

47. The Johnson software was material to the prosecution of the '525 patent.

7

48. Mr. Johnson and all others associated with the filing and prosecution of the '525 patent were under a duty to disclose his software to the United States Patent and Trademark Office ("USPTO") during the prosecution of the '525 patent.

49. Mr. Johnson failed to disclose the Johnson Software to the USPTO during the prosecution of the '525 patent.

50. The Johnson software was not disclosed to the USPTO by anyone involved in the prosecution of the '525 patent during the prosecution of the '525 patent.

51. The Johnson software is not cumulative of any other information disclosed to the USPTO during the prosecution of the '525 patent.

52. On information and belief, the failure to disclose the Johnson software to the USPTO during the prosecution of the '525 patent was done with the intent to deceive the Patent Office.

53. The intentional failure to disclose the Johnson software to the USPTO during the prosecution of the '525 patent constitutes inequitable conduct, which renders the '525 patent unenforceable.

54. The named inventors of the '525 patent, Jerome Johnson, Michael Krebsbach, and David Lundberg, were aware of software first made, used, sold, and offered for sale by Clear With Computers and/or Firepond more than one year prior to the filing date of the application for the '525 patent that embodies the invention disclosed and claimed in the '525 patent, including but not limited to SpecPro and SpecPro NG ("the Clear With Computers/Firepond software").

55. The Clear With Computers/Firepond software is prior art to the '525 patent.

56. The Clear With Computers/Firepond software was material to the prosecution of the '525 patent.

57. Mr. Johnson, Mr. Krebsbach, Mr. Lundberg, and all others associated with the filing and prosecution of the '525 patent were under a duty to disclose this software to the United States Patent and Trademark Office ("USPTO") during the prosecution of the '525 patent.

58. Mr. Johnson, Mr. Krebsbach, and Mr. Lundberg failed to disclose this software to the USPTO during the prosecution of the '525 patent.

59. The Clear With Computers/Firepond software was not disclosed to the USPTO by anyone involved in the prosecution of the '525 patent during the prosecution of the '525 patent.

60. The Clear With Computers/Firepond software is not cumulative of any other information disclosed to the USPTO during the prosecution of the '525 patent.

61. On information and belief, the failure to disclose the Clear With Computers/Firepond software to the USPTO during the prosecution of the '525 patent was done with the intent to deceive the Patent Office.

62. The intentional failure to disclose the Clear With Computers/Firepond software to the USPTO during the prosecution of the '525 patent constitutes inequitable conduct, which renders the '525 patent unenforceable.

## **Prayer for Relief**

WHEREFORE, Counterclaim-Plaintiffs Infor (Chicago) and Infor (Michigan) respectfully request that the Court enter judgment in their favor and against Triton as follows:

    (a) Dismiss Triton's complaint with prejudice;

    (b) Declare that the '525 patent has not been infringed;

    (c) Declare the '525 patent invalid;

    (d) Declare the '525 patent unenforceable;

    (e) Declare that this case is exceptional and award Infor (Chicago) and Infor (Michigan) their reasonable attorneys' fees, costs, and expenses; and

9

      (f) Grant such further relief as the Court may deem just and proper.

DATED: October 23, 2008          Respectfully submitted,

                                      /s/ *Joel Dion*
                                      Mike Jones
                                      Texas Bar No. 10929400
                                      mikejones@potterminton.com
                                      *Attorney-in-Charge*
                                      Diane DeVasto
                                      Texas Bar No. 05784100
                                      dianedevasto@potterminton.com
                                      *Attorney-in-Charge*
                                      POTTER MINTON, P.C.
                                      500 Plaza Tower
                                      Tyler, Texas 75702
                                      Phone:  (903) 597-8311
                                      Fax:  (903) 593-0846

                                      Alfred W. Zaher
                                         Pa. Bar No. 73814
                                         zaher@blankrome.com
                                      Bruce D. George
                                         Pa. Bar No. 84320
                                         george@blankrome.com
                                      Joel L. Dion
                                         Pa. Bar No. 200477
                                         dion-j@blankrome.com
                                      BLANK ROME LLP
                                      One Logan Square
                                      Philadelphia, PA 19103
                                      Phone:  (215) 569-5500
                                      Fax:  (215) 569-5555

                                      **ATTORNEY FOR DEFENDANTS**
                                      **INFOR GLOBAL SOLUTIONS (CHICAGO),**
                                      **INC. AND GLOBAL SOLUTIONS**
                                      **(MICHIGAN), INC.**

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document pursuant to L.R. CV-5(a)(7) on this 23rd day of October 2008. Any other counsel of record will be served by facsimile transmission.

                                                */s/ Joel Dion*
                                                Joel Dion

119645.00604/11801032v.1