# EXHIBIT 7

FROM MERCHANT&GOULD-MPLS          (TUE)07. 14' 98 10:01          /NO. 3560721280 P  2

# FAX RECEIVED

# OFFICIAL PATENT

S/N   08/550,089       JUL 1 4 1998
                       GROUP ⌐300

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | Johnson et al. | Examiner: | W. Hughet |
| Serial No.: | 08/550,089 | Group Art Unit: | 2411 |
| Filed: | October 30, 1995 | Docket No.: | 7709.72US01 |
| Title: | INTEGRATED COMPUTERIZED SALES FORCE AUTOMATION SYSTEM | | |

CERTIFICATE UNDER 37 CFR 1.8: The undersigned hereby certifies that this correspondence is being deposited with the United States Postal Service, as first class mail, in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231, on _____.

By: _____
Name:

## AMENDMENT

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

The following remarks are submitted in response to the Office Action dated March 1, 1998.

## REMARKS

Claims 1, 13 and 17 stand rejected under § 112, first paragraph, as not being written in such full, clear, concise, and exact terms as to enable a person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same. Specifically the examiner asserts that page 15 of the specification appears to be

FROM MERCHANT&GOULD-MPLS            (TUE) 07. 14' 98 10:02       /NO. 3560721280 P 3

contrary to the system recited in claims 1, 13, and 17. Applicant respectfully traverses this rejection.

Page 15 of the specification provides that the event manager recognizes events [detects state characteristics] occurring in the system and determines, on the basis of the event and the context in which the event occurs [state characteristics], what if any other actions or operations [inferring occurrence of the event] should be carried out by the system. Applicant respectfully submits that the specification is consistent with claims 1, 13 and 17. The "detecting of state characteristics function" in claim 1 is the same as the "recognizes events" function described on page 15 of the specification because actual occurring events are state characteristics for future events. In the specification at page 62 lines 17 - 24, the connection between state characteristics and events is discussed. Specifically, the event manager data base includes rules and state information that may be used to bind event handlers to the (current) exposed events. The event handlers dictate further action (events) to be taken by the system. Accordingly, the rules and state information in the event manager database are utilized in view of current events in order to infer an event as described in claims 1, 13 and 17. Applicants respectfully submit that the specification is written in such fill, clear, concise, and exact terms as to enable a person skilled in the art to which it pertains to make and use the same in accordance with § 112, first paragraph. In addition, by identifying the section in the specification wherein there is a discussion of state characteristics, and based on the above discussion of claims 1, 13 and 17, applicant respectfully requests that the rejection of claims 1-20 under 35 U.S.C. § 112 second paragraph be withdrawn.

Claims 1 - 3, 5, 7, 8, 10 -16 and new claims 21 -35 and 37 43 20 stand rejected under § 103 as being unpatentable over Tom Negrino, "Sales-Automation Software," *Macworld*, v. 10, n. 10, pp. 144-48, October 1993 (hereinafter "Negrino"). Negrino is an article wherein sales-automation software products are reviewed. The sales-automation software packages reviewed concern packages that "integrate features from address book managers, calendar programs and word processors". (See Negrino pge 1.). Applicant respectfully submits that the sales-automation software packages described in Negrino involve the contact management side of the sales process. It is believed that the Examiner asserts that Negrino describes a plurality of software packages that each include the subsystems and an event manager that corresponds to the steps in the sales process that comprise the present invention. Applicants respectfully disagrees. Negrino fails to disclose a sales automation software system having an event manager.

The present invention's event manager, as claimed in claims 1, 13, 21 and 24 coordinates the integration of a plurality of subsystems utilized to manage the entire sales process, by detecting one or changes in state characteristics, inferring context of an event and automatically initiating a new action based on that information. The Examiner seems to equate the present invention's event manager to automated branching that can occur in the sales-automation packages discussed in Negrino. Specifically at page 6 of the Office action, the Examiner states "Negrino also discloses an automated branching, or event, manager that automatically initiates the next particular step in the automated sales process based on detecting the outcome characteristic of a prior step." Applicant respectfully disagrees. Applicant has reviewed Negrino extensively and can find no

3

indication, teaching or suggestion in Negrino that the software packages it is describing include the processing steps claimed in claims 1, 13, 21 and 24.

Regarding branching, Negrino provides as follows:

> *Control Classic, Contact Ease, and Market Master implement sales plans, but Control Classic's sales plans miss the boat on automation. For example, there is no true branching when a task is complete, so when you make a call, the program doesn't prompt you for the results and then start you on the next step. It only permits you to wait for a number of days before going to the next task, which requires manual intervention and defeats the entire idea of sales automation.*
>
> *Market Master provides for one plan of unlimited length, and all leads are assigned to that plan.* **_If you don't want a lead to advance along the plan, you must assign it to an inactive plan step. You can, however, branch to any part of your plan from any step (see "Routine Sales")._** *When it comes to sales plans, Market Master's features are good, but Contact Ease is more flexible. You can have any number of plans, and you can even branch between plans (see "Salesperson's In-Box"). (Box omitted) At each step, Market Master allows only three possible results, while Contact Ease allows for five and lets you have contacts that are not on a plan.*

Page 2 Negrino. Emphasis Added. Applicant respectfully submits that the above described system is linear in its processing and does not take into consideration the state characteristics of events. In fact, Negrino teaches away from taking state characteristics into consideration by virtue of the requirement of having to assign leads that are not desired to be advanced as inactive. Such a requirement suggests that any deviation from a linear plan of action of taking leads forward through a planned methodology of processing requires human intervention. The present invention automatically processes the state characteristics associated with an event to automatically predict the next action, be it advance the lead or discontinue it.

4

Applicant acknowledges the above text discussing sales process management software wherein the system (branches) prompts additional tasks based on tasks completed. Applicant believes this to be linear processing within a contact management sales module environment. The event manager of the present invention is gathering information from a number of different modules and directing events in accordance therewith. For example, as disclosed at page 28 lines 15 – 27, with respect to the quote module:

> As with the other modules, the quote module 408 is intelligently integrated to the rest of the system via the event manager 201A. The event manager may recognize that a firm quote has been given to a potential customer using the quote module 408. In an environment where product quantities are limited, the event manager may notify the back office system which in turn may automatically generate an order to increase the inventory on hand. Such an intelligent operation may be further enhanced using knowledge of how many firm quotes result in actual purchases. For example, the system may monitor the quote module 408 and order extra inventory every third quote when experience has indicated that one out of three quotes results in an order.

Applicant respectfully submits that this type of "automatic initiation of operation" in separate and distinct subsystems as claimed in claims 1, 13, 21 and 24 is not disclosed in Negrino. Negrino is limited to automatic initiation of operation within a contact management environment, not across and between individual subsystems as managed by the present invention's event manager. In contrast to the system disclosed in Negrino, the present invention automatically and intelligently manages communication between the following components within the system: lead generation, time with customer, order management, customer retention, self management, training, sales management component, data and communication. The context in which events are occurring are inferred as a result of the event manager understanding events occurring in each of the above modules and

5

compiling that information into an intelligent inference to be used in automatic initiation of the next operation. Based on the above comments applicant respectfully requests reconsideration of the rejection of claims 1 - 3, 5, 7, 8, 10 -16 16 and new claims 21 -35 and 37 43 20 under § 103 as being unpatentable over Negrino.

Claims 4, 17-20 and 36 stand rejected under § 103 as being unpatentable over Tom Negrino, "Sales-Automation Software," *Macworld*, v. 10, n. 10, pp. 144-48, October 1993 (hereinafter "Negrino") in view of Tony Seideman, "Way Cool! (Sales Force Automation)," *Sales & Marketing Management*, v. 146, n. 6, pp. 10-13, June 1994 (hereinafter "Seideman"). As discussed above, Applicants respectfully submit that the products described in Negrino are primarily directed to contact management, *e.g.*, management of client histories and scheduling appointments. Negrino fails to teach or suggest integration of a plurality of subsystems into a single system for facilitating a sales process.

Moreover, it is respectfully asserted that the claimed invention infers occurrence of an event and a context in which the event occurred based at least in part on state changes in the system. It is believed that inferring the context suggests that a given event can occur in different contexts and that the system has the ability, based on the particular changes in state detected, to infer the particular context in which the event occurred. The system can also, based on the inferred context, facilitate an appropriate action to be performed during the sales process. By facilitating an action based on the context in which the event occurred, the system improves the efficiency with which a salesperson completes sales transactions.

6

Applicants believe that Negrino teaches systems that feature a linear progression from one step in a phase of the sales process to the next step in the phase. Accordingly, Negrino fails to adequately teach or suggest context-sensitive event recognition. While the present invention can handle sales processes characterized by a linear progression from one step to the next, it provides the additional ability to handle non-linear sales processes in which a salesperson might not follow a predetermined sequence of steps. Salespeople can thereby conduct business with enhanced flexibility and versatility. It is respectfully asserted that context recognition, especially in combination with the integration of a plurality of subsystems corresponding to distinct phases of the sales process, significantly and advantageously enhances the usefulness of the claimed invention in facilitating business efforts in various phases of the sales process.

Accordingly, the claimed invention is neither taught nor suggested by, and is patently distinct from, the prior art. Applicants respectfully request removal of the rejection of claim 1 under § 103. Claims 4, 17-20 and 36 depend from claim 1, and 13 and further define particular features of various embodiments of the present invention over the prior art. Further, the combination of Negrino with Seideman, Hiatt, and/or Frye fails to teach or suggest the dependent claim embodiments because Negrino neither teaches nor suggests the claimed features discussed above. Applicants therefore also respectfully request that the rejection of these claims under § 103 be removed. Further, Applicants submit that the above discussion regarding claims 1 and 13 is equally applicable to claims 4, 17-20 and 36 and request removal of the rejection of claims 4, 17-20 and 36 under § 103. Further, Applicants submit that the above discussion regarding

7

claims 1 and 13 is equally applicable to new claims 21-43 and respectfully request that the rejection of these claims under § 103 be removed.

Applicants respectfully submit that the pending claims are in condition for allowance. A notice of allowance is respectfully requested.

> Respectfully submitted,
>
> Jerome Johnson et al.
>
> By their agents
> MERCHANT, GOULD, SMITH, EDELL,
>   WELTER & SCHMIDT, P.A.
> 3100 Norwest Center
> 90 South Sevent Street
> Minneapolis, Minnesota 55402
> (612) 336-4624
>
> By: _[signature]_
> Alan G. Gorman
> Reg. No. 38,472

8