UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SFA SYSTEMS, LLC<br><br>　　　　v.<br><br>INFOR GLOBAL SOLUTIONS<br>(CHICAGO), INC., et al. | 6:07-CV-067-LED |

**PLAINTIFF'S SUR-REPLY TO INFOR'S *FIRST* MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Plaintiff, SFA Systems, LLC ("SFA") respectfully submits this sur-reply, as follows:

## I. Introduction.

Infor's first motion for leave to amend its P.R. 3-3 Invalidity Contentions should be denied for at least the following reasons: (i) Infor's proposed amendment is untimely; (ii) Infor's proposed amendment is improper as it seeks to accuse all Clear With Computers, Inc.'s ("CWC") software products for a span of eleven years (without regard to the fact that CWC had many distinct products for that period, each of which had different functionality); and (iii) SFA is unfairly prejudiced by Infor's untimely and open-ended proposed amended Invalidity Contentions. In addition, Infor's Reply fails to mention that on January 7th, Infor filed a *second* motion to amend its P.R. 3-3 Invalidity Contentions (Dkt No. 197). It is unmistakable that Infor set upon a path to significantly expand the scope of this litigation once the parties' claim construction positions were finalized and SFA's positions had been briefed.[1] The purpose of the early disclosure of both sides' contentions is to frame the issues early in the case. Infor's actions stand in direct contravention to the good cause requirement for expanding its invalidity case at this late stage.[2]

## II. Infor's Proposed Amendment is Untimely.

Infor's Reply states that the file history for the '525 patent "purportedly includes references to software that was developed by CWC in the early to mid 1980s (the "Johnson Software")." There is nothing "purported" about it. As demonstrated in SFA's Response (Dkt No. 191), there are four manuals in the '525 patent's file history for what Infor has coined as

---

[1] SFA filed its Opening Markman Brief on November 28, 2009, and Infor filed its Motion for Leave to Amend its Invalidity Contentions on December 10, 2009.
[2] For example, expert reports are due on March 4, 2009.

"Johnson Software."  Infor's Reply states that, "the two[3] disclosures that SFA alludes to are user manuals - not technical design documentation or specifications."  Implicit in this statement is that Infor is relying upon newly discovered technical design documentation or specifications as a basis for seeking leave to amend.  However, this is not the case.  Infor has no such documents, and it is not relying upon them in its proposed Amended Invalidity Contentions.  *See* Ex. G to Infor's Motion at Dkt No. 179.

Infor's Reply states that when Infor took the deposition of Jerome Johnson (one of the three inventors of the '525 patent) on June 10, 2008, that Infor "discovered the existence of the Johnson Software, including its core functionality."  However, as shown in SFA's Response, Infor was (or at least should have been) aware of "Johnson Software" upon its first review of the first page of the '525 patent, and upon Infor's review of its file history.[4]  Moreover, although Infor cites to June 2008 testimony from Mr. Johnson that CWC's software had a "core functionality," Infor fails to describe this "core functionality" in its proposed Amended Invalidity Contentions, and Infor fails to state what about this "core functionality" is relevant to the issue of invalidity.

Before Infor started massaging the facts in an effort to belatedly manufacture good cause, the facts were clear and uncontested, as set forth in SFA's August 19, 2008 letter (which is Exhibit D to Infor's Reply), as follows:

> . . . SFA has responded that it opposes the amendments because they lack the specificity required by P.R. 3-3, and provide no meaningful notice besides a general accusation of every version of Clear With Computers' products over an eleven year time span.

---

[3] Infor's Reply incorrectly states that there are "two" manuals for "Johnson Software" in the file history.  However, as made clear in SFA's Response, there are four.

[4] Infor's Reply does not deny that Infor reviewed these materials at the onset of this litigation, as it would be incredible to do so.

2

> Infor has replied that Infor lacks more specific information because inventor Johnson provided only limited information at his deposition on June 10th. . .
>
> At today's meet and confer, Infor asked whether -- if Infor defers amending its invalidity contentions and answer until after these depositions – SFA would agree not to raise any timeliness objections on that basis.
>
> After considering Infor's request, and in an effort at compromise, SFA states that, *if Infor defers amending its invalidity contentions until a reasonably short period after these depositions take place, SFA will not oppose such amendments based upon the passage of time between now and then. SFA reserves all other rights to challenge such amendments*, including if they lack specificity like the proposed ones currently at issue.

(emphasis added).

As the italicized portion of SFA's August 19th letter makes clear, Infor is simply distorting the facts when its Reply states that SFA "agreed not to contest the timeliness of Infor's Motion For Leave." As noted in SFA's letter, back in August SFA disputed Infor's vague definition of "Johnson Software" for the same reasons SFA continues to object. Infor responded that it lacked sufficient information to be more specific. SFA replied that, "*if Infor defers amending its invalidity contentions until a reasonably short period after these depositions take place, SFA will not oppose such amendments based upon the passage of time between now and then*," and that "*SFA reserves all other rights to challenge such amendments*."

As SFA has demonstrated in its Response, Infor knew or should have known about the "Johnson Software" since the commencement of this case in February 2007, and moreover, Infor has no excuse for waiting past June 10, 2008 for amending its invalidity contentions, including since Infor relies exclusively upon the June 10th deposition of Jerome Johnson as the sole support for its new contentions regarding "Johnson Software." Infor's argument that SFA gave Infor a blank check to make untimely and improper amendments to Infor's Invalidity Contentions is erroneous.

3

**III.    Infor's Amendment is Improper Because it Seeks to Accuse All of CWC's Software Products for a Span of Eleven Years.**

Infor's Reply is disingenuous when it alleges that its proposed Amended Invalidity Contentions name "specific clients that CWC sold the Johnson Software to," in lieu of naming the software customized for each such client because it has no evidence of product names. The definition of the Infor coined term, "Johnson Software" in Infor's proposed Amended Invalidity Contentions is as follows:

> Unnamed software developed by Jerome Johnson and/or Clear With Computers beginning in 1983 and all changes, revisions, versions, iterations, or embodiment thereof from 1983 through and including October 30, 1994 as sold to Clear With Computers' clients such as, for example, International Harvestor, General Motors, Freightliner, PACCAR, and/or IBM (the "Johnson Software").

Infor's listing of CWC's clients "*such as, for example . . .*" provides no limits or specificity at all. Moreover, Infor's proposed P.R. 3-3 charts for the "Johnson Software" devote a single page of conclusory argument for each independent claim of the '525 patent. Infor has made no effort whatsoever to comply with the specificity requirements of P.R. 3-3 relative to any CWC product for any CWC customer between 1983 and 1994.

Here again, Infor seems to contend that it should be excused from the specificity requirements of P.R. 3-3 because Infor lacks sufficient evidence of invalidity to comply with the Rule. There is no reason Infor should be excused from the specificity requirements of P.R. 3-3 because it lacks evidence to comply with them.

**IV.    SFA Is Unfairly Prejudiced by Infor's Amended Invalidity Contentions.**

Infor contends that SFA is not prejudiced by the proposed amendment because Infor disputes that its coined term "Johnson Software" is vague and open ended. For the reasons stated in SFA's Response, Infor's assertion that it has met the specificity requirements of P.R. 3-3 is baseless.

4

Further, SFA is unfairly prejudiced by the timing of Infor's proposed amendment. As previously noted, Infor knew or should have known of the existence "Johnson Software" since the commencement of this case in early 2007. In addition, the only support in Infor's proposed amended charts is the June 10, 2008 deposition testimony of one named inventor, Jerome Johnson. On August 15, 2008, Infor did notify SFA that it wanted to amend its Invalidity Contentions to include "Johnson Software." However, this provided no notice to SFA other than Infor's desire to make vague accusations against eleven years of unnamed CWC products.

As evidenced by Infor's proposed amended P.R. 3-3 charts appended to its motion for leave, Infor has not gained any information regarding "Johnson Software" since the June 10, 2008 deposition of Jerome Johnson that is cited in Infor's proposed charts. Once the other inventor depositions were taken and no evidence of invalidity was forthcoming, SFA appropriately considered the matter closed at that point.

However, undeterred by its lack of evidence, two and a half months after the third and final inventor deposition, Infor filed a motion for leave to amend its Invalidity Contentions using the same vague and open-ended coined term "Johnson Software" that the agreed discovery had been taken to remedy. SFA lacked notice back in August of the specific CWC products that Infor contends invalidate the '525 patent, and such notice is still lacking.

SFA is unfairly prejudiced by the scope of this case being expanded, including at this late date, to include vague and unlimited invalidity allegations encompassing every CWC product for numerous customers over an eleven year period.

**IV.    CONCLUSION.**

Wherefore, premises considered, SFA requests that Infor's Motion for Leave to Amend its be denied, and that SFA have such other relief to which it may be entitled.

5

January 19, 2009                                Respectfully submitted,

                                                SFA SYSTEMS, LLC

                                                By: /s/ John J. Edmonds
                                                Andrew W. Spangler - LEAD COUNSEL
                                                Texas Bar No. 24041960
                                                Spangler Law P.C.
                                                208 N. Green Street, Suite 300
                                                Longview, Texas 75601
                                                (903) 753-9300
                                                (903) 553-0403 (fax)
                                                spangler@spanglerlawpc.com

                                                David M. Pridham
                                                Law Office of David Pridham
                                                25 Linden Road
                                                Barrington, Rhode Island 02806
                                                (401) 633-7247
                                                (401) 633-7247 (fax)
                                                david@pridhamiplaw.com

                                                John J. Edmonds
                                                Texas Bar No. 00789758
                                                The Edmonds Law Firm, PC
                                                709 Sabine Street
                                                Houston, Texas 77007
                                                (713) 858-3320
                                                (832) 415-2535 (fax)
                                                johnedmonds@edmondslegal.com

                                                **ATTORNEYS FOR PLAINTIFF SFA**
                                                **SYSTEMS, LLC f/k/a TRITON IP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

January 19, 2009                                /s/ John J. Edmonds
                                                John J. Edmonds