IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SFA SYSTEMS, LLC f/k/a<br>TRITON IP, LLC | §<br>§<br>§ | CIVIL ACTION NO. 6:07-cv-067[LED] |
| v. | §<br>§ | JURY |
| INFOR GLOBAL SOLUTIONS<br>(MICHIGAN), INC., et al. | §<br>§ | |

**INFOR GLOBAL SOLUTIONS, INC.'S REPLY IN SUPPORT OF
INFOR'S SECOND MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

SFA Systems, LLC's ("SFA") opposition to Infor Global Solutions (Michigan), Inc. and Infor Global Solutions, Inc. (Chicago) (collectively "Infor's") Second Motion for Leave to Amend Invalidity Contentions (the "Response") is inapposite to the facts and controlling case law on this point.

**I. COURTS COMMONLY GRANT LEAVE TO AMEND INVALIDITY CONTENTIONS**

SFA's Response relies heavily on *Mass Engineered Design v. Ergotron.*, 250 F.R.D. 284, 286 (E.D. Tex. 2008). In *Mass Engineered Design*, the court contrasted "the typical case of amending invalidity contentions" with "seeking to add a previously undisclosed defense." *Id.* at 287. The court found no good cause to amend since MASS chose not to file invalidity arguments before the original deadline for such arguments because "invalidity arguments are costly" and because MASS "did not anticipate the Court's constructions." *Id.* at 286. Moreover, the court found that leave to amend in that case would cause an entire shift in trial strategy because it would raise the wholly new issue of validity. *Id.* at 287. Nothing of the kind exists in this case.

1

In stark contrast, it is beyond question that Infor filed its invalidity contentions timely and has not raised any new defense. Infor's request is a "typical case of amending invalidity contentions." *Id.* at 287. Infor did not raise unacceptable justifications of the sort raised by MASS. Rather, Infor served invalidity contentions on time, and then continued to investigate prior art after the deadline. Courts routinely grant leave to amend invalidity contentions in this situation. *See, e.g.*, *Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620 (E.D. Tex. 2007).

Further, SFA's argument that the prior art contained in the proposed amendment should have been found via a database search is wholly unpersuasive. In *Computer Acceleration Corp.*, the court allowed Microsoft to amend its invalidity contentions with later discovered prior art that was owned by Microsoft. *Id.* at 625. Not only could Microsoft avail itself of USPTO and commercial databases, but Microsoft also <u>owned</u> the very patents that were the subject of the amendment. Thus, if Microsoft could establish good cause in obtaining the routine relief of leave to amend invalidity contentions, surely the availability of the prior art in commercial databases will not prevent Infor from establishing sufficient good cause.

Finally, SFA's objection that "Infor's proposed amended invalidity contentions inexplicably contain inequitable conduct allegations" is not true nor is it an argument against granting leave to amend. In fact, SFA cites to Infor's *Markman* tutorial to support this point, not to SFA's proposed amended invalidity contentions. SFA's Response at 6, Dkt. 202. Further, this objection does not address the merits of Infor's request for leave, rather it gratuitously requests the court to penalize Infor continuing to search for prior art. Nothing in SFA's response undercuts Infor's right to seek invaliding references up to the moment of trial or demonstrates good cause preventing Infor from amending its answer.

## II.   SFA'S RELIANCE ON *S&W ENTERPRISES* IS MISPLACED

SFA cites *S&W Enterprises v. Southtrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) numerous times, providing no context whatsoever.  In *S&W Enterprises*, the court denied leave to amend pleadings (not invalidity contentions), because "the same facts were known to [Plaintiff] from the time of its original complaint to the time it moved for leave to amend."  *Id.* at 536.  The failure of S&W to analyze facts and law known to it from the beginning of the case was the "inadvertence" that lead the court to deny leave to amend.  *Id.*  In the present case, Infor's request for leave to amend is based on <u>newly discovered</u> prior art.  This is precisely the explanation for leave to amend that was lacking in *S&W Enterprises*.

Additionally, the court in *S&W Enterprises* based its denial of leave to amend on the fact that discovery would have to extended.  In *S&W Enterprises*, the motion for leave to amend was filed September 25, 2001, and the deadline for discovery was October 5, 2001.  *Id.* at 534-535.  In the present case, the new prior art was discovered on or about December 15, 2008, it was diligently shared with SFA on January 2, 2009, and the instant motion to amend the invalidity contentions based on the prior art was filed January 5, 2009.  Def's Mot. at 4 and Ex. A, Dkt. 197.  Currently, discovery closes April 13, 2009 – over three months after Infor's request for leave was filed.

Because the granting of Infor's request for leave to amend its invalidity contentions discovery would <u>not</u> require the extension of discovery, and because Infor <u>does</u> have the explanation for its request that there are newly discovered facts, SFA's reliance on *S&W Enterprises* is misplaced, and the Court should grant Infor's motion for leave to amend.

## III.   SFA'S RELIANCE ON *FINISAR CORP.* IS MISPLACED

In the Response, SFA also relies on *Finisar Corp. v. The Directv Group, Inc.*

to argue that Infor's request would be unfairly prejudicial. 424 F. Supp. 2d 896. The *Finisar* court was concerned with unfair prejudice because <u>three weeks after the court issued the claim construction order</u>, the defendants mentioned <u>58</u> new prior art references. *Id.* at 897. Thus, leave to amend in *Finisar* would cause great delay and expense, and the balance of the factors weighed in favor of denying the motion for leave to amend. In the present case, Infor informed opposing counsel of the prior art <u>before the *Markman* hearing</u>, and Infor mentioned only <u>2</u> new prior art references. Clearly, the possibility of unfair prejudice that concerned the *Finisar* court is not present in the instant case.

### IV. Conclusion

As articulated in Defendant's Second Motion for Leave to Amend its Invalidity Contentions, Infor's request was diligently made, it would not require the extension of discovery deadlines, the prior art that gave rise to the request is important to the case, and the granting of the motion would not create unfair prejudice to SFA. Therefore, Infor respectfully requests that the court grant the motion.

Date: February 2, 2009

Respectfully submitted,
/s/ Alfred W. Zaher
Alfred W. Zaher
   Pa. Bar No. 73814
   zaher@blankrome.com
Joel L. Dion
   Pa. Bar No. 200477
   dion-j@blankrome.com
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone: (215) 569-5500
Fax: (215) 569-5555

Mike Jones
Texas Bar No. 10929400
mikejones@potterminton.com
*Attorney-in-Charge*
Diane DeVasto

        Texas Bar No. 05784100
        dianedevasto@potterminton.com
        *Attorney-in-Charge*
        POTTER MINTON, P.C.
        500 Plaza Tower
        Tyler, Texas 75702
        Phone: (903) 597-8311
        Fax: (903) 593-0846

**ATTORNEYS FOR DEFENDANT INFOR GLOBAL SOLUTIONS, INC. (MICHIGAN), INC. AND INFOR GLOBAL SOLUTIONS (CHICAGO), INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document pursuant to L.R. CV-5(a)(7) on this 2nd day of February 2009. Any other counsel of record will be served by facsimile transmission.

/s/ Joel L. Dion
Joel L. Dion

119645.00604/21756448v.1