UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

SFA SYSTEMS, LLC

v.   6:07-CV-067-LED

INFOR GLOBAL SOLUTIONS
(CHICAGO), INC., et al.

**PLAINTIFF'S SUR-REPLY AND NOTICE OF *PARTIAL* NON-OPPOSITION TO INFOR'S SECOND MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Plaintiff, SFA Systems, LLC ("SFA") respectfully submits this Sur-Reply and Partial Notice of Non-Opposition to the Second Motion for Leave to Amend Invalidity Contentions filed by Defendants, Infor Global Solutions (Chicago), Inc., and Infor Global Solutions (Michigan), Inc. (collectively "Infor"), as follows:

**I.   Sur-Reply**.

In its Second Motion for Leave and Reply, despite the clear and un-rebutted proof SFA offered evidencing that the '868 and '010 patents were readily available, Infor has simply offered no proof to establish its diligence. Despite representations by counsel that a search firm was hired and that counsel has been repeatedly searching over the two year period, Infor did not provide any of that evidence in its Motion. No affidavits. No testimony. Nothing. Yet as noted in SFA's Response, even a half-hearted attempt at searching widely available patent databases with prominent terms from the claims of the '525 patent-in-suit results in a small list of patents including the '868 and '010 patent. In its Motion and Reply, Infor has failed to meet its obligation to establish any diligence whatsoever since it served its original Invalidity Contentions in November 2007.

Infor's only explanation for this untimely amendment is that a junior associate fresh out of law school stumbled upon the '868 and '010 patents while researching -- almost two years

after suit was filed -- allegedly "to further understand the level of art at the time of the invention of the patent-in-suit." Infor's explanation is dubious at best. It is hard credit that Infor waited two years to investigate the level of the art at the time of the invention. A party's failure to meet a deadline due to mere inadvertence is tantamount to no explanation at all.[1] Choosing to avoid potential litigation expenses is not an adequate explanation for ignoring the Court's orders.[2]

SFA's Response shows how Infor sandbagged SFA with this new art on the eve of the Court's *Markman* hearing -- contending that SFA's proposed constructions rendered the '525 patent invalid.[3] The Court's Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush."[4] It is improper for a defendant to pin down a plaintiff's claim construction positions and then "sandbag" the plaintiff with new prior art.[5]

## II.    Notice of Partial Non-Opposition.

Notwithstanding the foregoing, SFA acknowledges that the Court recently extended expert deadlines in this case by two months, with opening expert reports now being due on May 4, 2009.[6] In view of the fact that Infor disclosed the '868 and '010 patents to SFA in December, and that expert deadlines have now been extended -- although SFA has every right to object to Infor's untimely amendment in the absence of diligence or good cause -- SFA hereby retracts its opposition for Infor to add its proposed invalidity charts for the '868 and '010 patents to Infor's P.R. 3-3 Invalidity Contentions. In pulling down its opposition to the '868 and '010 patents being

---

[1] *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003); *Mass Engineered Design v. Ergotron.* No. 206-CV-272-LED, 250 F.R.D. 284, 286 (E.D. Tex. 2008).
[2] *Mass Engineered Design,* 250 F.R.D. at 286.
[3] *See* Infor's January 2, 2009 *Markman* "tutorial," p. 11.
[4] *Finisar v. DirecTV Group*, 424 F. Supp. 2d 896, 901 (E.D. Texas 2006).
[5] *Finisar,* 424 F. Supp. 2d at 898.
[6] *See* Dkt No. 205.

added to Infor's Invalidity Contentions, SFA makes clear that it will oppose any further efforts by Infor to prejudice SFA by expanding the scope of the disputed prior art in this case in violation of P.R. 3-3 and 3-6.

Although Infor's briefing relative to its Second Motion for Leave indicates that Infor has used no diligence in finding prior art since at least Infor's original invalidity contentions were served in November 2007, Infor has informed SFA that Infor intends to keep amending its Invalidity Contentions as Infor sees fit, even this late in the case. Infor's Response makes clear Infor's incorrect position that motions for leave to amend Invalidity Contentions are "routinely granted," irrespective of the clear Patent Rules and case law requiring early disclosure of parties' contentions, and requiring good cause for such leave. There can be no possible good cause for Infor to keep amending its Invalidity Contentions further into this case, which has been pending for two years, and SFA will oppose any further efforts to do so.

Further, this is a notice of *partial* non-opposition, because, setting aside the '868 and '010 patents, the proposed Amended Invalidity Contentions at Exhibit C to Infor's Second Motion are improper in at least two respects (both of which are noted in SFA's Response). First, Infor's proposed Amended Invalidity Contentions at Exhibit C to Infor's Motion contain the amendment relative to "Johnson Software" which is currently disputed relative to Infor's pending *first* Motion for Leave to Amend its Invalidity Contentions. SFA's Response noted that apparently Infor is attempting to make an end run around this pending, disputed motion, which is fully briefed at Dkt Nos. 180, 191, 196 and 201. Infor's Reply fails to explain why it included these disputed materials in Exhibit C to its Second Motion for Leave. The Court should grant Infor's second Motion for Leave to Amend its Invalidity Contentions only relative to the '868 and '010 patents, which are what is actually briefed in Infor's Second Motion for Leave. No broad leave should

inadvertently be granted allowing Infor to slip in the disputed "Johnson Software" which is the subject of a separate pending motion.

Second, Infor's proposed amended Invalidity Contentions inexplicably contain inequitable conduct allegations. SFA's Response noted that apparently Infor is attempting to make an end run around SFA's pending Motion to Strike Infor's deficient inequitable conduct allegations from Infor's Amended Counterclaims, which is fully briefed and pending at Dkt Nos. 166, 171, 178 and 189. Infor's Reply fails to explain why it included these disputed materials in Exhibit C to its Second Motion for Leave. Again, the Court should grant Infor's second Motion for Leave to Amend its Invalidity Contentions only relative to the '868 and '010 patents which are addressed by Infor's Second Motion for Leave. No broad leave should be granted allowing Infor to slip in its deficient[7] and disputed inequitable conduct allegations, which are the subject of a separate pending motion.

## III. Conclusion.

Wherefore, premises considered, SFA retracts its opposition to Infor's Second Motion for Leave to Amend Infor's Invalidity Contentions relative to the '868 and '010 patents. However, the Court should not fall prey to the apparent sleight of hand in Infor's Second Motion for Leave, which seeks to slip in disputed matters relative to "Johnson Software" and Infor's improper inequitable conduct allegations. These are the subject of separate contested motions fully briefed and still pending. SFA also requests such other relief to which it may be entitled.

February 5, 2009            Respectfully submitted,

                                       SFA SYSTEMS, LLC

                                       By: /s/ John J. Edmonds

---

[7] *See* Fed. R. Civ. P. 9 and authorities cited in SFA's pending Motion to Strike at Dkt No. 180.

        Andrew W. Spangler - LEAD COUNSEL
        Texas Bar No. 24041960
        Spangler Law P.C.
        208 N. Green Street, Suite 300
        Longview, Texas 75601
        (903) 753-9300
        (903) 553-0403 (fax)
        spangler@spanglerlawpc.com

        David M. Pridham
        Law Office of David Pridham
        25 Linden Road
        Barrington, Rhode Island 02806
        (401) 633-7247
        (401) 633-7247 (fax)
        david@pridhamiplaw.com

        John J. Edmonds
        Texas Bar No. 00789758
        The Edmonds Law Firm, PC
        709 Sabine Street
        Houston, Texas 77007
        (713) 858-3320
        (832) 415-2535 (fax)
        johnedmonds@edmondslegal.com

        **ATTORNEYS FOR PLAINTIFF SFA**
        **SYSTEMS, LLC f/k/a TRITON IP, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

February 5, 2009                                /s/ John J. Edmonds
                                                         John J. Edmonds