IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SFA SYSTEMS, LLC f/k/a TRITON IP, LLC | § § § | |
| | § | CIVIL ACTION NO. 6:07-cv-067[LED] |
| v. | § | |
| | § | JURY |
| INFOR GLOBAL SOLUTIONS (MICHIGAN), INC., et al. | § § | |

**INFOR'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

SFA's response to Infor's Motion for Protective Order is all rhetoric and no substance. SFA directs vitriolic attacks at Infor accusing Infor of engaging in a "tactic" to "blunt" SFA's anticipated motion to compel and also accusing Infor of "dilatory" and "deceptive" conduct with regard to deposition scheduling. What SFA's response fails to do, however, is rebut Infor's assertion that it is entitled to a protective order or demonstrate that SFA has any good faith basis to seek the numerous, duplicative, disruptive depositions that it has noticed. For all the reasons outlined in Infor's motion, Infor is entitled to a protective order, and SFA's arguments in its response do nothing to change that.

**I.  INFOR'S ALLEGED "TACTICS" HAVE NO BEARING ON THIS MOTION**

The primary thrust of SFA's response is an attack on Infor's discovery conduct which is neither accurate, nor relevant to the issue before the Court. As is evident even from SFA's own brief, the parties spent a significant amount of time attempting to reach agreement over the number and identity of additional deponents. During this process, Infor offered numerous compromises, all of which SFA rejected. While Infor was trying to find compromises that would meet both parties' needs, SFA repeatedly threatened to file a motion to compel, and steadfastly refused to reduce the number of depositions sought. Accordingly, because SFA was holding a

threatened motion to compel over Infor's head, while simultaneously refusing to compromise, Infor had no choice but to file a motion for protective order to determine the parties' respective rights.

Far from being some sort of tactic to "blunt" SFA's motion, Infor filed its motion to resolve the dispute because SFA would not engage in meaningful discussions of compromise. If SFA genuinely believed that it had a basis to move to compel these depositions, it could have done so long ago – as it threatened to do often. However, Infor was no longer willing to engage in fruitless correspondence and meet and confer conferences where SFA tried to strong-arm Infor into conceding by threatening to file a motion to compel.

Moreover, SFA's rhetoric on this point is wholly irrelevant to the issues before the Court, which is whether Infor is entitled to a protective order under the Federal Rules and the Local Rules. As Infor clearly articulated in its motion, and SFA did not rebut, Infor is entitled to such an order.

## II. INFOR IS ENTITLED TO A PROTECTIVE ORDER

Beyond its vitriol, SFA's basis for opposing Infor's motion rests primarily on the Court's Discovery Order. While Infor recognizes that the Discovery Order set the framework for discovery, SFA seems to believe that the Discovery Order relieves it from all other limitations or obligations under the Federal Rules. Such is not the case.

In all discovery disputes, the Court must apply the Rules in such a manner as to assure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. This includes preventing discovery, such as that sought by SFA here, that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2). There is no doubt that by forcing

Infor to travel all over the country for numerous depositions that are extremely short and largely cumulative, SFA's only purpose is to burden and harass Infor.

To prevent this harassment, courts routinely grant protective orders. *See* Fed. R. Civ. P. 26(c); *see also*, *Gauthier v. Union Pac. R.R.*, 2008 U.S. Dist. LEXIS 47199, *14 (E.D. Tex. June 18, 2008) (granting protective order where the party seeking to take the deposition failed to exhaust less intrusive means); *Baine v. General Motors Corp.*, 141 F.R.D. 332, 333 (M.D. Ala. 1991) (protective order precluding "oppressive, inconvenient and burdensome" deposition); *Consolidated Rail Corp. v. Primary Indus. Corp.*, 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) (curtailing discovery because "permitting unfettered discovery of corporate executives would threaten disruption of their business and could serve as a potent tool for harassment in litigation. Accordingly, where other witnesses have the same knowledge, it may be appropriate to preclude a redundant deposition of a highly-placed executive").

SFA has not exhausted the less burdensome means of discovery and has continually refused to consider compromises that would enable it to do so. In an effort to provide SFA with the discovery it claims is relevant, Infor has proposed a compromise of offering fewer witnesses that can provide the information SFA seeks. There is no reason for SFA to take ten depositions, likely lasting no more than two hours each, which will cause great inconvenience to Infor and significant disruption of its business, when fewer depositions (as in the compromise Infor proposed) would suffice. Accordingly, the Court should issue a protective order precluding SFA's unreasonable, burdensome, and unnecessarily cumulative depositions.

### III. CONCLUSION

For the foregoing reasons, in addition to the reasons articulated in Infor's Motion for Protective Order, Infor respectfully requests that this Court grant Infor's motion and enter a

protective order precluding SFA from taking unnecessary, redundant, and burdensome depositions of Infor's senior management personnel.

Date:   February 17, 2009                    Respectfully submitted,

                                            */s/ Diane V. DeVasto*
                                            Mike Jones
                                            Texas Bar No. 10929400
                                            mikejones@potterminton.com
                                            Diane DeVasto
                                            Texas Bar No. 05784100
                                            dianedevasto@potterminton.com
                                            POTTER MINTON, P.C.
                                            500 Plaza Tower
                                            Tyler, Texas 75702
                                            Phone:  (903) 597-8311
                                            Fax:  (903) 593-0846

                                            Alfred W. Zaher
                                            zaher@blankrome.com
                                            Bruce D. George
                                            george@blankrome.com
                                            Joel L. Dion
                                            dion-j@blankrome.com
                                            Nakul Krishnakumar
                                            krishnakumar@blankrome.com
                                            Blank Rome LLP
                                            One Logan Square
                                            Philadelphia, PA 19103
                                            215/569-5500
                                            Fax: 215/832-5788

                                            **ATTORNEYS FOR DEFENDANTS**
                                            **INFOR GLOBAL SOLUTIONS (MICHIGAN),**
                                            **INC. AND INFOR GLOBAL SOLUTIONS**
                                            **(CHICAGO), INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 17th day of February 2009. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Diane V. DeVasto*
Diane V. DeVasto