**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SFA SYSTEMS, LLC f/k/a § | | |
| TRITON IP, LLC § | | |
| § | CIVIL ACTION NO. 6:07-cv-067[LED] | |
| v. § | | |
| § | JURY | |
| INFOR GLOBAL SOLUTIONS § | | |
| (MICHIGAN), INC., et al. § | | |

**INFOR'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY
OF U.S. PATENT 6,067,525 FOR LACK OF WRITTEN DESCRIPTION**

**I.      Introduction**

SFA Systems, LLC ("SFA") filed this lawsuit against Infor Global Solutions (Michigan), Inc. and Infor Global Solutions (Chicago), Inc. (collectively "Infor") alleging that certain of Infor's products infringe claims 1-3, 5-8, 10, 12, 20, 24, 34, 35, 37, and 40-42 of SFA's patent, U.S. Pat. No. 6,067,525 ("the '525 patent"). With fact and expert discovery now closed, the undisputed evidence of record demonstrates that all of the asserted claims are invalid for lack of written description.

**II.     Undisputed Material Facts**

1. SFA filed this patent infringement suit alleging that certain of Infor's products infringe the '525 patent. A copy of the '525 patent is attached as Exhibit 1.

2. SFA is asserting infringement of Claims 1-3, 5-8, 10, 12, 20, 24, 34, 35, 37, and 40-42 of the '525 patent.

3. Independent claims 1, 20, and 40 of the '525 patent require a system that, *inter alia*, the functionality of "infer[ring] occurrence of the event and a context in which the event occurred based at least in part on the detected changes in state." '525 patent at Claims 1, 20, and 40.

4. The claims that were originally filed with the application that issued as the '525 patent,

1

however, did not include this limitation. Claims as originally filed, Exhibit 2.[1]

5. During prosecution, the inventors amended the claims to add the claim limitation "infer[ring] occurrence of the event and a context in which the event occurred based at least in part on the detected changes in state." Amendment dated December 15, 1997, Exhibit 3.

6. On February 23, 2009, the Court issued a Memorandum and Opinion construing certain terms of the '525 patent. D.E. # 211.

7. In support of its allegations of invalidity due to lack of written description, Infor served the expert report of Dr. Daniel Cooke ("Cooke Report") on May 7, 2009. Exhibit 4.

8. SFA's invalidity rebuttal expert, Mr. Thompson, was deposed ("Thompson Tr."), Exhibit 5, on July 21, 2009.

9. Inventor of the '525 patent, David R. Lundberg, was deposed ("Lundberg Tr.") September 25, 2008. Exhibit 6. Mr. Lundberg does not understand the significance of inferring, relative to recognizing or determining, nor the purpose of replacing the terms recognizing and determining with inferring in the claims.

10. Inventor of the '525 patent, Jerome Johnson, was deposed ("Johnson Tr.") June 10, 2008. Exhibit 7. Mr. Johnson does not understand what "inferring" means, nor whether "inferring," as used in the specification, is the same or different than "recognizing."

11. Dr. Cooke's report clearly demonstrates that the '525 patent lacks written description support for "inferring," "inferring occurrence of the event," and "inferring … a context in which the event occurred…."

12. The lack of written description renders each asserted claim invalid. *See infra*.

13. SFA has not offered any evidence of validity other than Mr. Thompson's opinions.

14. Mr. Thompson has failed to raise a genuine issue of material fact regarding the adequacy of written description support for the claim terms "inferring," "inferring occurrence of the

---

[1] The entire prosecution history has been previously filed with the Court as Ex. 2 to Plaintiff's Opening Claim Construction Brief. D.E. # 172. If the entire prosecution history is helpful to the Court, Infor will provide an

event," and "inferring … a context in which the event occurred…."

## III. Summary of Applicable Law

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The '525 patent does not satisfy the written description requirement unless the disclosure of the application for the '525 patent reasonably conveys to one skilled in the art that the inventors were in possession of the claimed subject matter, to the full scope and extent of the asserted claims, at the time of filing. *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991). One main purpose of the written description requirement is to prevent an inventor from later asserting that he invented that which he did not. *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003).

To show that one is "in possession of the invention," the inventor must describe the invention, with all of its claimed limitations; it is not enough to claim that the disclosure would make the invention obvious. *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed.Cir. 1997). An inventor can accomplish this by using such descriptive means as "words, structures, figures, diagrams, formulas, etc., that fully set forth the claimed invention." *Id.* Further, while it is not necessary for the inventor to describe the claimed subject matter in the same terms as used in the claims, "the specification must contain an equivalent description of the claimed subject matter." *Id.* (citing *Eiselstein v. Frank*, 52 F.3d 1035, 1038 (Fed. Cir. 1995)). Lastly, "[a] description which renders obvious the invention for which an earlier filing date is sought is not sufficient" to satisfy the written description requirement. *Id.* Moreover, while it is true that "a claim may be broader than the specific embodiment disclosed in a specification," the application must, nonetheless, show that the inventor was in possession of the claimed invention at the time of filing. *In re Rasmussen*, 650 F.2d 1212, 1215 (C.C.P.A. 1981). Therefore, an inventor cannot amend his claims to alter the scope of

---

additional copy.

the claimed invention and rely solely on the fact that the new invention was obvious from the specification to satisfy the written description requirement. *Lockwood*, 107 F.3d at 1572.

### IV. The '525 Patent lacks Written Description in Independent Claims 1, 20 and 40 for the claim element "inferring occurrence of the event"

A.  There is no disclosure of "inferring occurrence of the event" in the '525 patent

The disclosure of the '525 patent fails to adequately describe "inferring occurrence of the event." Cooke Report at ¶ 17. In fact, the originally filed specification does not include any description of inferring, what inferring is, or how inferring is used. Cooke Report at ¶ 16.

Indeed, Mr. Thompson, SFA's invalidity rebuttal expert agrees. When asked to identify disclosure in the '525 patent of the capability to apply logical rules to known facts to derive a factual conclusion that an event has occurred, Mr. Thompson responded: "I don't know that I could go and find you the example." Thompson Tr. at 49:16-50:18. Further, when asked if he could identify disclosure in the '525 specification of detecting changes in state characteristic of an event and inferring occurrence of the event, Mr. Thompson responded: "I don't know, I would have to reread that section." Thompson Tr. at 51:8-12. After reading he responded: "But I do understand the concept. And so as one who understands the art of expert systems, inference engines, systems and how such a system could operate, I wouldn't be surprised by that description. It would be meaningful to me." Thompson Tr. at 51:8-18.

However, satisfying the written description requirement is "not a question of whether one skilled in the art *might* be able to construct the patentee's device from the teachings of the disclosure… Rather, it is a question whether the application necessarily discloses that particular device." *Martin v. Mayer*, 823 F.2d 500, 504, (Fed. Cir. 1987) (internal citation omitted). Mr. Thompson's response, stating that he cannot locate disclosure of the inferring functionality confirms that the '525 patent lacks any written description of the step of "inferring occurrence of the event." Mr. Thompson's statement that it would be obvious to him is irrelevant because, to show possession, the inventor must describe the invention, not just describe that which makes the invention obvious.

4

*Lockwood*, 107 F.3d at 1572.

      B.    <u>The claims were amended during prosecution to expand the scope beyond the scope of the specification</u>

To overcome prior art cited as anticipatory during prosecution the inventors amended the claims. Amendment, Dec. 15, 1997, pp. 2-14. One amendment removed the claim element of "recognizing an event," and replaced it with "inferring occurrence of the event." Id. However, the functionality of "inferring occurrence of the event" is not described in the '525 patent, Cooke Report at ¶ 95, and is therefore not part of the inventors' original creation. The '525 patent does include numerous references to "recognizing" events or "detecting" events. '525 Patent at 8:37-38, 8:29-31, 18:37-38, 2:38-39, and 2:48-50. This disclosure, which relates to the old claim language, clearly cannot be an adequate written description of the amended claim language which must, to overcome prior art, have a difference meaning and scope.

"The purpose of this provision [35 U.S.C. § 112 ¶1] is to ensure that the scope of the right to exclude, as set forth in the claims, does not overreach the scope of the inventor's contribution to the field of art as described in the patent specification. *Vas-Cath, Inc. v. Mahurkar*, 935 F.2d 1555, 1561, (Fed. Cir. 1991) ("Adequate description of the invention guards against the inventor's overreaching by insisting that he recount his invention in such detail that his future claims can be determined to be encompassed within his original creation").

The inventors of the '525 patent, during prosecution, did exactly what the written description requirement is designed to prevent – overreach the scope of their original creation through entry of later filed claims reciting subject matter lacking written description support. Indeed, the independent claims as originally filed include language commensurate with the inventors' creation (and written description support), reciting that the event manager or computer recognize or detect the occurrence of an event. Claims as originally filed, pp. 70-74. However, as issued the independent claims of the '525 patent recite that the event manager or computer infers occurrence of the event. '525 patent at claims 1, 20 and 40. "Although [the inventor] does not have to describe exactly the subject matter

5

claimed... the description must clearly allow persons of ordinary skill in the art to recognize that [he or she] invented what is claimed." *In re Gosteli*, 872 F.2d 1008, 1012 (Fed. Cir. 1989). Clearly, an inventor need not exactly describe the subject matter claimed, but in this case it is clear that they did not invent what they now claim. In fact, the inventors are not even aware of the significance or functionality of "inferring occurrence of the event" relative to detecting or recognizing an event occurring within the system.

At the deposition of inventor David R. Lundberg, when asked about the significance of the amendment adding "inferring occurrence of the event," and replacing "determining" with "inferring" a context in which the event occurred, stated: "No, I don't know what the significance of the change is, or what the purpose was." Lundberg Tr. at 89:1-19. First named inventor, Jerome Johnson, answered yes when asked at his deposition: "So, in the context of the description of your invention, are you saying for the record that you don't understand what inferring means?" Johnson Tr. at 192:24-193:3. On follow-up, Mr. Johnson confirmed that he did not know whether "inferring," as used in the specification, is the same or different than "recognizing". Johnson Tr. at 193:5-9. Accordingly, the inventors neither intended nor contemplated that "inferring occurrence of the event" was part of their original creation.

"When the scope of a claim has been changed by amendment in such a way as to justify an assertion that it is directed to a different invention than was the original claim, it is proper to inquire whether the newly claimed subject matter was described in the patent application when filed as the invention of the inventor." *In re Wright*, 866 F.2d 422, 424 (Fed. Cir. 1989). Inquiry with the inventors, as detailed above during depositions, evidences that the inventors did not envision the presently claimed invention as part of their original creation, and were, therefore, not in possession of the claimed invention at the time of application filing.

**V.    The '525 Patent lacks Written Description in Independent Claims 1, 20 and 40 for the recitation "inferring," and therefore also "inferring … a context in which the event occurred …"**

The disclosure of the '525 patent also fails to disclose "inferring … a context in which the

6

event occurred…," since there is no disclosure in the originally filed specification any description or suggestion of inferring, Cooke Report at ¶¶ 16, 88, and 89, or of "inferring … a context in which the event occurred."

As is the case with "inferring occurrence of the event," the '525 patent includes description only of the original claims language, "determin[ing] the context in which the recognized event occurs," not the language as amended to overcome prior art that includes the "inferring" step. '525 Patent at 2:32, 18:42-43, 18:46-48.

There is no doubt that the '525 specification includes no description or teaching of the step of "inferring." Cooke Report at ¶¶ 16 and 88. The court construed the term inferring as "the logical process by which a factual conclusion is derived from known facts by the application of logical rules. D.E. # 211.

When discussing rules instructing actions (e.g., If X is true, then do something, like send a letter), Mr. Thompson was asked if such a rule could infer that an event occurred. He responded: "I wouldn't use the word "infer" in that way, I don't think. I'm not sure who's doing the inference and if there is an inference there, it just means – I mean, assuming you're executing the send the letter, that event could trigger other events in the system, in this – wherever it is, the '525 system." Thompson Tr. at 123:2-123:23. Accordingly, Mr. Thompson opines that rules instructing or triggering further actions, if the respective antecedent is true (i.e., the IF portion), are not carrying out an inferring step, are not inferring that an event occurred, and are not inferring a context in which the event occurred…

The '525 patent discloses only rules instructing actions, or standard conditional logic, and describes only situations where further actions are instructed. The '525 patent only discloses the application of logical rules to known facts to algorithmically direct next steps. There exists no written description support for a logical process by which a factual conclusion is derived from known facts by the application of logical rules. Cooke Report at ¶¶ 93, 94, 100 and 101. To be sure, Mr. Thompson, was again asked at his deposition whether he believed disclosure existed in the '525

7

patent to satisfy the written description requirement for the term "inferring." He responded, "I do, because as one skilled in the art at the time, I understood the concept of inferring." Thompson Tr. at 53:20-23. As detailed above, even if this opinion relates to enablement, it clearly cannot satisfy the written disclosure requirement.

**VI.     Conclusion**

For all the foregoing reasons, Infor respectfully requests that the Court grant summary judgment in its favor of invalidity of all the asserted claims due to lack of written description.

Date:    August 10, 2009                                        Respectfully submitted,

/s/ Alfred W. Zaher
Alfred W. Zaher
   Pa. Bar No. 73814
   zaher@blankrome.com
Bruce D. George
   Pa. Bar No. 84320
   george@blankrome.com
Joel L. Dion
   Pa. Bar No. 200477
   dion-j@blankrome.com
Nakul Krishnakumar
    Pa. Bar No. 201311
    krishnakumar@blankrome.com
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone: (215) 569-5500
Fax: (215) 569-5555

Mike Jones
Texas Bar No. 10929400
mikejones@potterminton.com
Diane DeVasto
Texas Bar No. 05784100
dianedevasto@potterminton.com
POTTER MINTON, P.C.
500 Plaza Tower
Tyler, Texas 75702
Phone: (903) 597-8311
Fax: (903) 593-0846

**ATTORNEYS FOR DEFENDANTS INFOR GLOBAL SOLUTIONS (CHICAGO),**

8

**INC. AND INFOR GLOBAL SOLUTIONS (MICHIGAN), INC.**

119645.00604/11926371v.2

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document pursuant to L.R. CV-5(a)(7) on this 10th day of August 2009.  Any other counsel of record will be served by facsimile transmission.

    /s/ Alfred W. Zaher_____
    Alfred W. Zaher

119645.00604/11926371v.2