**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SFA SYSTEMS, LLC f/k/a | § | |
| TRITON IP, LLC | § | |
|  | § | CIVIL ACTION NO. 6:07-cv-067[LED] |
| v. | § | |
|  | § | JURY |
| INFOR GLOBAL SOLUTIONS | § | |
| (MICHIGAN), INC.,   et al. | § | |

**INFOR'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY
OF U.S. PATENT 6,067,525 FOR LACK OF ENABLEMENT**

**I.     Introduction**

SFA Systems, LLC ("SFA") filed this lawsuit against Infor Global Solutions (Michigan), Inc. and Infor Global Solutions (Chicago), Inc. (collectively "Infor") alleging that certain of Infor's products infringe claims 1-3, 5-8, 10, 12, 20, 24, 34, 35, 37, and 40-42 of SFA's patent, U.S. Pat. No. 6,067,525 ("the '525 patent"). With fact and expert discovery now closed, the undisputed evidence of record demonstrates that all of the asserted claims are invalid for lack of enablement.

**II.    Undisputed Material Facts**

1. SFA filed this patent infringement suit alleging that certain of Infor's products infringe the '525 patent. A copy of the '525 patent is attached as Exhibit 1.

2. SFA is asserting infringement of Claims 1-3, 5-8, 10, 12, 20, 24, 34, 35, 37, and 40-42 of the '525 patent.

3. Independent claims 1, 20, and 40 of the '525 patent require a system that, *inter alia*, the functionality of "infer[ring] occurrence of the event and a context in which the event occurred based at least in part on the detected changes in state." '525 patent at Claims 1, 20, and 40.

4. The claims that were originally filed with the application that issued as the '525 patent,

however, did not include this limitation. Claims as originally filed, Exhibit 2.[1]

5. During prosecution, the inventors amended the claims to add the claim limitation "infer[ring] occurrence of the event and a context in which the event occurred based at least in part on the detected changes in state." Amendment, December 15, 1997, Exhibit 3.

6. During prosecution, Applicant provided argument why the added claim limitations were patentable in view of the prior art or record. Amendment, October 27, 1999, Exhibit 4.

7. The Examiner issued a Notice of Allowance, dated December 20, 1999, which also included Examiner's Reasons for Allowance. Notice of Allowance, Exhibit 5.

8. On February 23, 2009, the Court issued a Memorandum and Opinion construing certain terms of the '525 patent. D.E. # 211.

9. In support of its allegations of invalidity due to lack of enabling disclosure, Infor served the expert report of Dr. Daniel Cooke ("Cooke Report") on May 8, 2009. Exhibit 6.

10. SFA's invalidity rebuttal expert, Mr. Thompson, was deposed ("Thompson Tr."), Exhibit 7, on July 21, 2009.

11. Dr. Cooke's report clearly demonstrates that the '525 patent lacks enabling disclosure for "inferring," "inferring occurrence of the event," and "inferring … a context in which the event occurred…."

12. The lack of enabling disclosure renders each asserted claim invalid. *See infra*.

13. SFA has not offered any evidence of validity other than Mr. Thompson's opinions.

14. Mr. Thompson has failed to raise a genuine issue of material fact regarding the adequacy of the enabling disclosure for the claim terms "inferring," "inferring occurrence of the event," and "inferring … a context in which the event occurred…."

---

[1] The entire prosecution history has been previously filed with the Court as Ex. 2 to Plaintiff's Opening Claim Construction Brief. D.E. # 172. If the entire prosecution history is helpful to the Court, Infor will provide an additional copy.

**III.     Summary of Applicable Law**

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 250 (1986).  Enablement requires that "one skilled in the art, after reading the specification, could practice the claimed invention without undue experimentation."  *AK Steel Corp. v. Sollac & Ugine*, 344 F.3d 1234, 1244 (Fed. Cir. 2003).  However, "[i]t is the specification, not the knowledge of one skilled in the art, that must supply the novel aspects of an invention in order to constitute adequate enablement."  *Genentech, Inc. v. Novo Nordisk A/S,* 108 F.3d 1361, 1366 (Fed. Cir. 1997).

**IV.     The Terms "Inferring" and "Inferring Occurrence of the Event" are Not Enabled**

The Court construed the claim term "inferring" as "deriving a factual conclusion by the application of logical rules to known facts," and the phrase "inferring occurrence of the event" as "the logical process by which the fact that an event has occurred is derived by application of logical rules."  D.E. # 211.  The '525 patent specification does not disclose or describe a system that infers, or the step of inferring occurrence of the event, and a manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to make and use the invention.  Cooke Report at ¶¶ 111 and 112.

The '525 patent teaches an event-driven system that, through the use of logical rules, directs next steps based on events.  For example, the specification discloses rules that may be applied such as "IF proposal exists for product THEN send letter; IF insufficient down payment THEN no letter; IF location is Midwest THEN send letter."  '525 Patent, col. 34 ln. 32-34.  All of the rules described and examples provided are directed to rules to determine next steps to take; none make factual conclusions or otherwise add knowledge to the system.  Cooke Report at ¶¶ 100 and 101.  Accordingly, there is no description of: 1) how to derive a factual conclusion by the application of logical rules to known facts; 2) what significance such a factual conclusion would have in the system; or 3) how or why to use the factual conclusion in the system.  Therefore, the '525 patent does

3

not include disclosure sufficient in detail to enable one skilled in the art to make and use the claimed invention; i.e., the step of inferring and the step of inferring occurrence of the event.  Further, if the step of inferring is not enabled, neither is the step: inferring…a context in which the event occurred…

At his deposition, when asked if "inferring," and "inferring occurrence of the event and a context in which the event occurred…," was enabled by the '525 disclosure, Mr. Thompson responded: "yes, because there were systems that could do some forms of inference and there were systems – I mean, they were implemented systems, so one could review systems that did inference for an understanding of how to build a system that did inference."  Mr. Thompson was then asked: so that is based on your knowledge and skill in the art?  He responded: "correct."  Thompson Tr. at 54:5-14.

However, "it is the specification, not the knowledge of one skilled in the art, that must supply the novel aspects of an invention in order to constitute adequate enablement." Although the knowledge of one skilled in the art is indeed relevant, the novel aspect of an invention must be enabled in the patent.  *Genentech, Inc. v. Novo Nordisk A/S,* 108 F.3d 1361, 1366 (Fed. Cir. 1997).  The novel aspect of the present invention is the inferring step, according to the Examiner's Reasons for Allowance, in the Notice of Allowance, p.2, and Applicant argument entered to overcome prior art rejections, in Amendment of October 27, 1999, pp. 2-5.  Again, there is simply no disclosure teaching how to derive a factual conclusion by the application of logical rules to known facts.  Cooke Report at ¶¶ 16, 17, 111, 112 and 114.

The rule that a specification need not disclose what is well known in the art is "merely a rule of supplementation, not a substitute for a basic enabling disclosure." *Genentech*, 108 F.3d at 1366. While the "omission of minor details does not cause a specification to fail to meet the enablement requirement.  However, when there is no disclosure of any specific starting material or of any of the conditions under which a process can be carried out, undue experimentation is required." *Id.*  In the present case, there is no disclosure of any of the conditions under which inferring occurrence of the

4

event and a context in which the event occurred… could occur. Cooke Report at ¶¶ 16, 17 and 114.

## V. Conclusion

For all the forgoing reasons, Infor respectfully requests that the Court grant summary judgment in its favor of invalidity of all the asserted claims.

Date: August 10, 2009

Respectfully submitted,

/s/ Alfred W. Zaher
Alfred W. Zaher
  Pa. Bar No. 73814
  zaher@blankrome.com
Bruce D. George
  Pa. Bar No. 84320
  george@blankrome.com
Joel L. Dion
  Pa. Bar No. 200477
  dion-j@blankrome.com
Nakul Krishnakumar
  Pa. Bar No. 201311
  krishnakumar@blankrome.com
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone: (215) 569-5500
Fax: (215) 569-5555

Mike Jones
Texas Bar No. 10929400
mikejones@potterminton.com
Diane DeVasto
Texas Bar No. 05784100
dianedevasto@potterminton.com
POTTER MINTON, P.C.
500 Plaza Tower
Tyler, Texas 75702
Phone: (903) 597-8311
Fax: (903) 593-0846

**ATTORNEYS FOR DEFENDANTS
INFOR GLOBAL SOLUTIONS (CHICAGO),
INC. AND INFOR GLOBAL SOLUTIONS
(MICHIGAN), INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document pursuant to L.R. CV-5(a)(7) on this 10th day of August 2009. Any other counsel of record will be served by facsimile transmission.

                                                  /s/ Alfred W. Zaher
                                                  Alfred W. Zaher

119645.00604/11926350v.2