IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SFA SYSTEMS, LLC f/k/a | § | |
| TRITON IP, LLC | § | |
| | § | CIVIL ACTION NO. 6:07-cv-067[LED] |
| v. | § | |
| | § | JURY |
| INFOR GLOBAL SOLUTIONS | § | |
| (MICHIGAN), INC., et al. | § | |

### INFOR'S REPLY IN SUPPORT OF MOTION
### TO SUBMIT SUPPLEMENTAL EXPERT REPORT

Contrary to the rampant mischaracterizations throughout SFA's opposition to Infor's motion, Infor's proposed supplementation, at SFA's counsel's request, is proper and timely. SFA's opposition misses the mark and Infor's motion should be granted because:

- None of the opinions in Dr. Cooke's supplemental report are new opinions; they are merely explanatory of Dr. Cooke's original opinions;

- The opinions in Dr. Cooke's supplemental report are consistent with, not contrary to, the opinions in Dr. Cooke's original report;

- The supplementation was specifically requested by SFA's counsel during Dr. Cooke's deposition; and

- The supplemental report was served timely within the expert discovery period.

For these reasons, as well as the reasons articulated in Infor's Motion, Infor respectfully requests that the Court grant its motion and allow it to serve a supplemental expert report.

**I.     Dr. Cooke's Supplemental Report Does Not Contain New Opinions**

SFA's first basis for opposition of Infor's motion is SFA's false statement that Dr. Cooke's supplemental report is "a vehicle to inject new opinions into this case." This statement

is undeniably false.  Dr. Cooke's supplemental report, Ex. 4[1], addresses three issues:  (1) enablement; (2) written description; and (3) obviousness.  Even a cursory review of Dr. Cooke's original report clearly shows that Dr. Cooke addressed each of these issues in depth.  Dr. Cooke addressed enablement in ¶¶ 16-18, 35 and 109-114, written description in ¶¶ 16-18, 33-34, and 86-108, and obviousness in ¶¶ 26-28, 41-46, 115, 124-126, 128, 136, 141, 147, 154, 161, 168, 175, 179-181, and Appendix C pp. 323-331.

In view of the fact that Dr. Cooke's original report explicitly addresses each of these three issues in great detail, it is inexplicable how SFA could even suggest that the opinions in Dr. Cooke's supplemental report are "new" opinions.  Clearly, the content of Dr. Cooke's supplemental report is merely clarifying and explanatory of the opinions expressed in Dr. Cooke's original report.

## II.      Dr. Cooke's Supplemental Report Does Not Contradict the Original Report

The opinions in Dr. Cooke's supplemental report do not contradict the original report, they merely explain and clarify the opinions in the original report as SFA requested.  SFA insists, here and in its pending motions for summary judgment, that Dr. Cooke's opinions regarding written description and enablement are based on "personal" claim constructions.  This position is clearly contrary to the evidence.

In his report, Dr. Cooke stated:

> The application that ultimately issued as the '525 Patent does not provide adequate written description (i) to demonstrate that the inventors had possession of the claimed invention, or (ii) t*o enable the claimed invention*.  In particular, there is no disclosure for (i) what "inferring" is, and (ii) how "inferring" is made or used in the invention of the application as filed.

Cooke Report at ¶ 16 (emphasis added).  Similarly, Dr. Cooke stated:

---

[1] References to Exhibits 1-5 refer to the exhibits filed with SFA's Opposition.

> The application that ultimately issued as the '525 Patent does not provide adequate written description (i) to demonstrate that the inventors had possession of the claimed invention, or (ii) to *enable the claimed invention*. In particular, there is no disclosure for an *expert system* as it would have been understood by one skilled in the art at the time the application was filed.

Cooke Report at ¶ 18 (emphasis added). From this language, there can be no doubt that Dr. Cooke opined that the claim terms "infer" and "expert system," *as construed by the Court*, are not enabled and lack adequate written description. Dr. Cooke in no way disagrees with the Court's construction, only with SFA's naked claim that the terms in question are supported by the disclosure, which they are not.

Precisely because of SFA's misapprehension of these opinions (as demonstrated at Dr. Cooke's deposition) and in response to SFA's request, Dr. Cooke supplemented his opinion to clarify and explain his original opinions and assure there was no misunderstanding. Similarly, Dr. Cooke's original report clearly opines that:

> It also would have been obvious for one of ordinary skill to practice the asserted claims in view of any one of, or a combination of, U.S. Pat. No. 5,347,632, U.S. Pat. No. 5,117,354, U.S. Pat. No. 4,567,359, U.S. Pat. No. 5,201,010, U.S. Pat. No. 5,774,868, U.S. Pat. No. 4,947,028, Stone, Robert W. & Good, David J. Expert Systems and Sales Strategies, Association of Computer Machinery 089791-416-3/90/0010/0052, Spezialetti, Madalene: An Approach to Reducing Delays in Recognizing Distributed Event Occurrences, Association of Computer Machinery 0-89791-457-0/91/0011/0155.

Cooke Report at ¶ 27. Once again, the explanations in Dr. Cooke's supplemental report are consistent with this opinion and further explanatory of it, in response to the questions posed at Dr. Cooke's deposition.

### III. SFA Requested that Dr. Cooke Serve a Supplemental Expert Report

Notwithstanding that SFA's opposition to this motion is premised on entirely false positions, it is surprising that SFA would oppose this motion at all in view of the fact that SFA

3

specifically requested that Dr. Cooke supplement his report.

During Dr. Cooke's deposition, SFA's counsel asked Dr. Cooke: "[Y]ou didn't [revise and augment your opinions] for the Thompson report yet, did you, sir?" Ex. 3 at 74:22-23. SFA's counsel followed up by asking: "[w]hen were you planning on providing a supplemental report to me?" *Id.* at 75:2-9. Finally, SFA's counsel asked: "I want to know how you were going to provide to me your augmented or revised opinions of the Thompson report?" *Id.* at 76:2-4. Clearly, SFA requested that Dr. Cooke supplement his report. SFA's after the fact attempt to characterize these questions as "rhetorical" is simply laughable. Depositions are not the time for rhetorical questions – they are for the purpose of an attorney asking questions and the witness providing answers. *Id.* at 7:4-5 ("I'm just asking questions. You just provide answers.") While SFA may not like the fact that it requested this supplementation, the record clearly shows that it did so and SFA cannot complain that Infor gave it just what it asked for.

## IV.     The Four-Factor Test Does Not Apply

As SFA itself specifically recognizes, the four-factor test that SFA articulated applies only "when the supplement comes *after* the court-ordered expert discovery period." Opposition at 4. In this case, however, Dr. Cooke's supplementation occurred on July 20, 2009, before the close of the expert discovery period on July 24, 2009. *See* Docket Entry 237. Accordingly, the test urged by SFA is not applicable and wholly irrelevant (like the rest of SFA's objections) to this motion.

4

**V.     Conclusion**

For all the forgoing reasons, Infor respectfully requests that the Court grant is motion and permit its service of a supplemental expert report.

Date:    August 17, 2009                              Respectfully submitted,

/s/ Alfred W. Zaher
Alfred W. Zaher
   Pa. Bar No. 73814
   zaher@blankrome.com
Bruce D. George
   Pa. Bar No. 84320
   george@blankrome.com
Joel L. Dion
   Pa. Bar No. 200477
   dion-j@blankrome.com
Nakul Krishnakumar
    Pa. Bar No. 201311
    krishnakumar@blankrome.com
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone:  (215) 569-5500
Fax:  (215) 569-5555

Mike Jones
Texas Bar No. 10929400
mikejones@potterminton.com
Diane DeVasto
Texas Bar No. 05784100
dianedevasto@potterminton.com
POTTER MINTON, P.C.
500 Plaza Tower
Tyler, Texas 75702
Phone:  (903) 597-8311
Fax:  (903) 593-0846

**ATTORNEYS FOR DEFENDANTS
INFOR GLOBAL SOLUTIONS (CHICAGO),
INC. AND INFOR GLOBAL SOLUTIONS
(MICHIGAN), INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document pursuant to L.R. CV-5(a)(7) on this 17th day of August 2009. Any other counsel of record will be served by facsimile transmission.

/s/ Alfred W. Zaher_____
Alfred W. Zaher

119645.00604/11928530v.1