**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SFA SYSTEMS, LLC f/k/a § <br> TRITON IP, LLC § <br> § <br> v. § <br> § <br> INFOR GLOBAL SOLUTIONS § <br> (MICHIGAN), INC., et al. § | CIVIL ACTION NO. 6:07-cv-067[LED] <br><br> JURY |

**INFOR'S OPPOSITION TO SFA'S MOTION FOR
SUMMARY JUDGMENT REGARDING ENABLEMENT**

**I.   Introduction**

SFA's Motion for Summary Judgment Regarding Enablement, like its motion on written description, is also based on blatant misrepresentations of the facts, half-truths, and the flawed assertions that: (1) Infor's expert admitted the claims were enabled; and (2) Infor's expert only opined that "private claim constructions" were not enabled. The evidence demonstrates that these assertions cannot be true. In fact, the evidence in this case shows that it is Infor that is entitled to summary judgment of no enablement, as detailed in Infor's pending motion on this issue.

**II.   Response to SFA's Statement of Undisputed Material Facts**

In contrast to SFA's assertion, Dr. Cooke did not admit that the claims of the '525 patent are enabled. Dr. Cooke's opinion that the claims are not enabled is not based on "his own, private construction" of the terms of the '525 patent and Dr. Cooke confirmed at this deposition that the claims of the '525 patent, as construed, are not enabled. Specifically, Dr. Cooke clearly stated in at least ¶¶ 16, 17, 18, 109, 111, and 114 of his report that the terms "infer" and "expert system," as construed by the Court, are not enabled. Dr. Cooke's Expert Report, attached as Exhibit 2 to SFA's Motion.

**III.   Summary of Applicable Law**

Summary judgment is appropriate when there is no genuine issue of material fact, and the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 250 (1986). Enablement requires that "one skilled in the art, after reading the specification, could practice the claimed invention without undue experimentation." *AK Steel Corp. v. Sollac & Ugine*, 344 F.3d 1234, 1244 (Fed. Cir. 2003). However, "[i]t is the specification, not the knowledge of one skilled in the art, that must supply the novel aspects of an invention in order to constitute adequate enablement." *Genentech, Inc. v. Novo Nordisk A/S,* 108 F.3d 1361, 1366 (Fed. Cir. 1997).

### IV.     The Terms "Inferring" and "Inferring Occurrence of the Event" are Not Enabled

The Court construed the claim term "inferring" as "deriving a factual conclusion by the application of logical rules to known facts," and the phrase "inferring occurrence of the event" as "the logical process by which the fact that an event has occurred is derived by application of logical rules." D.E. # 211. The '525 patent specification does not disclose or describe a system that infers, or the step of inferring occurrence of the event, and a manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to make and use the invention. Cooke Report at ¶¶ 111 and 112.

The '525 patent teaches an event-driven system that, through the use of logical rules, directs next steps based on events. For example, the specification discloses rules that may be applied such as "IF proposal exists for product THEN send letter; IF insufficient down payment THEN no letter; IF location is Midwest THEN send letter." '525 Patent, col. 34 ln. 32-34, attached as Exhibit 1 to SFA's Motion. All of the rules described and examples provided are directed to rules to determine next steps to take; none make factual conclusions or otherwise add knowledge to the system. Cooke Report at ¶¶ 100 and 101. Accordingly, there is no description of: 1) how to derive a factual conclusion by the application of logical rules to known facts; 2) what significance such a factual conclusion would have in the system; or 3) how or why to use the factual conclusion in the system. Therefore, the '525 patent does not include disclosure sufficient in detail to enable one skilled in the art to make and use the claimed invention; i.e., the step of inferring and the step of inferring

2

occurrence of the event.

### A.   Dr. Cooke did not admit that the claims are enabled

SFA's argument that Dr. Cooke "admitted" that the claims are enabled is nothing short of ludicrous. In paragraph 52 of his report, Dr. Cooke opined on the level of ordinary skill in the art. SFA attempts to twist this opinion of the level of ordinary skill, i.e. one who has training and experience in the subject matter of the '525 patent, into an admission that the '525 patent's claims are enabled. SFA's argument – that if a person of ordinary skill understands the technology of the '525 patent, the claims must be enabled – does nothing more than demonstrate SFA's desperation in trying to salvage its failing patent.

### B.   Dr. Cooke did not use "private" constructions to support his opinion

SFA's suggestion that Dr. Cooke only opined that his own "private" claim constructions were not enabled is equally fanciful. Although it is true that Dr. Cooke provided background and explanation about the terms "inferring" and "expert system" as one of skill in the art would have understood them at the time of the '525 patent, ultimately Dr. Cooke opined:

> The application that ultimately issued as the '525 Patent does not provide adequate written description (i) to demonstrate that the inventors had possession of the claimed invention, or (ii) t*o enable the claimed invention*. In particular, there is no disclosure for (i) what "inferring" is, and (ii) how "inferring" is made or used in the invention of the application as filed.

Cooke Report at ¶ 16 (emphasis added). Similarly, Dr. Cooke stated:

> The application that ultimately issued as the '525 Patent does not provide adequate written description (i) to demonstrate that the inventors had possession of the claimed invention, or (ii) to *enable the claimed invention*. In particular, there is no disclosure for an *expert system* as it would have been understood by one skilled in the art at the time the application was filed.

Cooke Report at ¶ 18 (emphasis added). Indeed, it is clear that Dr. Cooke's opinion has nothing to do with the enablement of any "private" claim constructions. To the contrary, Dr. Cooke's explanation of the understanding of one of skill in the art merely confirms that the disclosure of the

3

'525 patent is insufficient to enable the claims, as construed by the Court.

### C. SFA's expert agrees that the claims are not enabled

At his deposition, when asked if "inferring," and "inferring occurrence of the event and a context in which the event occurred…," was enabled by the '525 disclosure, Mr. Thompson responded: "yes, because there were systems that could do some forms of inference and there were systems – I mean, they were implemented systems, so one could review systems that did inference for an understanding of how to build a system that did inference." Mr. Thompson was then asked: so that is based on your knowledge and skill in the art? He responded: "correct." Thompson Tr. at 54:5-14, attached hereto as Exhibit 1.

However, "it is the specification, not the knowledge of one skilled in the art, that must supply the novel aspects of an invention in order to constitute adequate enablement." Although the knowledge of one skilled in the art is indeed relevant, the novel aspect of an invention must be enabled in the patent. *Genentech, Inc. v. Novo Nordisk A/S,* 108 F.3d 1361, 1366 (Fed. Cir. 1997). The novel aspect of the present invention is the inferring step, according to the Examiner's Reasons for Allowance, in the Notice of Allowance, p.2, attached hereto as Exhibit 2, and Applicant argument entered to overcome prior art rejections, in Amendment of October 27, 1999, pp. 2-5, attached hereto as Exhibit 3. Again, there is simply no disclosure teaching how to derive a factual conclusion by the application of logical rules to known facts. Cooke Report at ¶¶ 16, 17, 111, 112 and 114.

The rule that a specification need not disclose what is well known in the art is "merely a rule of supplementation, not a substitute for a basic enabling disclosure." *Genentech*, 108 F.3d at 1366. While the "omission of minor details does not cause a specification to fail to meet the enablement requirement. However, when there is no disclosure of any specific starting material or of any of the conditions under which a process can be carried out, undue experimentation is required." *Id.* In the present case, there is no disclosure of any of the conditions under which inferring occurrence of the event and a context in which the event occurred… could occur. Cooke Report at ¶¶ 16, 17 and 114.

4

**V.    Conclusion**

For all the forgoing reasons, Infor respectfully requests that the Court deny SFA's motion for summary judgment and grant summary judgment in Infor's favor of invalidity of all the asserted claims.

Date:  August 20, 2009

Respectfully submitted,

/s/ Alfred W. Zaher
Alfred W. Zaher
   Pa. Bar No. 73814
   zaher@blankrome.com
Bruce D. George
   Pa. Bar No. 84320
   george@blankrome.com
Joel L. Dion
   Pa. Bar No. 200477
   dion-j@blankrome.com
Nakul Krishnakumar
    Pa. Bar No. 201311
    krishnakumar@blankrome.com
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone:  (215) 569-5500
Fax:  (215) 569-5555

Mike Jones
Texas Bar No. 10929400
mikejones@potterminton.com
Diane DeVasto
Texas Bar No. 05784100
dianedevasto@potterminton.com
POTTER MINTON, P.C.
500 Plaza Tower
Tyler, Texas 75702
Phone:  (903) 597-8311
Fax:  (903) 593-0846

**ATTORNEYS FOR DEFENDANTS
INFOR GLOBAL SOLUTIONS (CHICAGO),
INC. AND INFOR GLOBAL SOLUTIONS
(MICHIGAN), INC.**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document pursuant to L.R. CV-5(a)(7) on this 20th day of August 2009. Any other counsel of record will be served by facsimile transmission.

                                                  /s/ Alfred W. Zaher
                                                  Alfred W. Zaher

119645.00604/11927816v.1