**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| SFA SYSTEMS, LLC f/k/a | § | |
| TRITON IP, LLC | § | |
| | § | CIVIL ACTION NO. 6:07-cv-067[LED] |
| v. | § | |
| | § | JURY |
| INFOR GLOBAL SOLUTIONS | § | |
| (MICHIGAN), INC., et al. | § | |

**INFOR'S OPPOSITION TO SFA'S MOTION FOR SUMMARY JUDGMENT REGARDING INEQUITABLE CONDUCT ALLEGATIONS**

## I. Introduction

Defendant Infor Global Solutions (Chicago), Inc. and Infor Global Solutions (Michigan), Inc. (collectively "Infor"), respectfully submit this motion opposing Plaintiff SFA Systems, LLC's ("SFA") Motion for Summary Judgment Regarding Inequitable Conduct Allegations (Dkt. 248). The only issue raised in SFA's motion is the adequacy of Infor's pleading of inequitable conduct under Rule 9(b) of the Federal Rule of Civil Procedure. SFA's motion fails because:

- SFA admitted Infor's allegations regarding inequitable conduct, eliminating any dispute as to Infor's claims;
- SFA waived its rights to challenge Infor's pleading by previously moving to strike Infor's inequitable conduct and withdrawing that motion; and
- regardless of the procedural deficiencies in SFA's motion, Infor adequately plead its counterclaim for inequitable conduct.

Lastly, even if the Court were to find that Infor should have provided more particularity to its inequitable conduct counterclaim, Infor should be allowed an opportunity to amend its counterclaim.

## II. Response to SFA's Statement of Undisputed Material Facts

1. In paragraph (8) of SFA's "Statement of Undisputed Material Facts", SFA claims to have "responded to the averments of inequitable conduct, *as pled in the Amended Counterclaims*" (emphasis added). For this "undisputed fact", SFA cites to Exhibit 2 to their motion. Exhibit 2 contains SFA's May 23, 2007 answer to Infor's original counterclaim. In reality, *SFA never responded to Infor's October 23, 2008 Amended Counterclaims.*

2. In addition to the remaining facts of SFA's Statement of Undisputed Material Facts, Infor further states that its Amended Counterclaims avers:

> 45. One of the named inventors of the '525 patent, Jerome Johnson and/or Clear With Computers, first made, used, sold, and offered for sale a software program, the Johnson Software, more than one year prior to the filing date of the application for the '525 patent, that embodies the invention disclosed and claimed in the '525 patent.
>
> 46. The Johnson software is prior art to the '525 patent.
>
> 47. The Johnson software was material to the prosecution of the '525 patent.
>
> 48. Mr. Johnson and all others associated with the filing and prosecution of the '525 patent were under a duty to disclose his software to the United States Patent and Trademark Office ("USPTO") during the prosecution of the '525 patent.
>
> 49. Mr. Johnson failed to disclose the Johnson Software to the USPTO during the prosecution of the '525 patent.
>
> 50. The Johnson software was not disclosed to the USPTO by anyone involved in the prosecution of the '525 patent during the prosecution of the '525 patent.
>
> 51. The Johnson software is not cumulative of any other information disclosed to the USPTO during the prosecution of the '525 patent.
>
> 52. On information and belief, the failure to disclose the Johnson software to

the USPTO during the prosecution of the ‘525 patent was done with the intent to deceive the Patent Office.

53. The intentional failure to disclose the Johnson software to the USPTO during the prosecution of the ‘525 patent constitutes inequitable conduct, which renders the ‘525 patent unenforceable.

54. The named inventors of the ‘525 patent, Jerome Johnson, Michael Krebsbach, and David Lundberg, were aware of software first made, used, sold, and offered for sale by Clear With Computers and/or Firepond more than one year prior to the filing date of the application for the ‘525 patent that embodies the invention disclosed and claimed in the ‘525 patent, including but not limited to SpecPro and SpecPro NG (“the Clear With Computers/Firepond software”).

55. The Clear With Computers/Firepond software is prior art to the ‘525 patent.

56. The Clear With Computers/Firepond software was material to the prosecution of the ‘525 patent.

57. Mr. Johnson, Mr. Krebsbach, Mr. Lundberg, and all others associated with the filing and prosecution of the ‘525 patent were under a duty to disclose this software to the United States Patent and Trademark Office (“USPTO”) during the prosecution of the ‘525 patent.

58. Mr. Johnson, Mr. Krebsbach, and Mr. Lundberg failed to disclose this software to the USPTO during the prosecution of the ‘525 patent.

59. The Clear With Computers/Firepond software was not disclosed to the USPTO by anyone involved in the prosecution of the ‘525 patent during the prosecution

of the ‘525 patent.

60. The Clear With Computers/Firepond software is not cumulative of any other information disclosed to the USPTO during the prosecution of the ‘525 patent.

61. On information and belief, the failure to disclose the Clear With Computers/Firepond software to the USPTO during the prosecution of the ‘525 patent was done with the intent to deceive the Patent Office.

62. The intentional failure to disclose the Clear With Computers/Firepond software to the USPTO during the prosecution of the ‘525 patent constitutes inequitable conduct, which renders the ‘525 patent unenforceable.

3. On March 17, 2009, after the parties conducted a meet and confer on March 16, 2009 pursuant to the Court’s March 13, 2009 Order (Dkt. 214), SFA withdrew its Motion to Strike. Dkt. 215.

4. Even after withdrawing its Motion to Strike, SFA never filed an answer to Infor’s Amended Counterclaims.

5. On August 10, 2009, SFA filed the instant summary judgment motion challenging only whether Infor’s Amended Counterclaims meets the pleading requirement set forth by Rule 9(b). Dkt. 248.

## III. Summary of Applicable Law

### A. The Summary Judgment Standard

Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Fed. R. Civ. P. 56(c). Claims of inequitable conduct are amenable to summary judgment. *Rohm and Hass Co. v. Lonza, Inc.*, 42 F. Supp. 2d 509, 510 (E.D. Pa. 1999); *M.*

*Eagles Tool Warehouse Inc. v. Fisher Tooling Co.*, 439 F.3d 1335, 1340 (Fed. Cir. 2006) (citing *Paragon Podiatry Lab, Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993)).

B. Inequitable Conduct Requires Materiality and Intent

A claim of inequitable conduct stems from an allegation that a patentee breached its duty under 37 C.F.R. § 1.56, which states: "each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office." Inequitable conduct has two elements: (1) a failure to disclose material information to the Patent Office, which can be an affirmative misrepresentation of a material fact, a failure to disclose material information, or submission of false material information; and (2) the false or misleading material communication or failure to communicate must be done with an intent to deceive. *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1378 (Fed. Cir. 2008).

To satisfy the "intent" prong, "the involved conduct, viewed in light of all the evidence, including evidence indicative of good faith, must indicate sufficient culpability to require a finding of intent to deceive." *Kingsdown*, 863 F.2d at 876. ''[M]ateriality does not presume intent, which is a separate and essential component of inequitable conduct.'' *GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1274 (Fed. Cir. 2001). Gross negligence is not sufficient to satisfy the intent requirement. *Kingsdown*, 863 F.2d at 876.

C. Pleading Requirements for Inequitable Conduct

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "'[I]nequitable conduct, while a broader concept than fraud, must be pled with particularity' under Rule 9(b)." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 2009 U.S. App. LEXIS 17311, at *12 (citing *Ferguson Beaure-gard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003)). The rationale behind the elevated

pleading requirement is that it "will give the opposing party sufficient notice to prepare an appropriate response." *Maclean-Fogg Co. v. Eaton Corp.*, 2008 U.S. Dist. LEXIS 28150, at *2 (E.D. Tex., April 7, 2008) (citation omitted).

Because whether inequitable conduct has been adequately pled is an issue that "pertains to or is unique to patent law," Federal Circuit law governs the adequacy of the inequitable conduct pleadings. *Central Admixture Pharm. Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (citation omitted). However, the procedural standard for a summary judgment motion is an issue that is not unique to patent law and has no effect on the Federal Circuit's jurisdiction. Consequently, Fifth Circuit law supplies the procedural standard. *See Mollins PLC v. Quigg*, 837 F.2d 1064, 1066 (Fed. Cir. 1988).

## IV. Arguments

### A. SFA Admitted the Allegations of Infor's Inequitable Conduct Pleading, Eliminating any Possible Dispute as to Infor's Claims

SFA never answered Infor's Amended Counterclaim for inequitable conduct. According to Rule 8(d) of the Federal Rules, an allegation, other than one relating to the amount of damages, is admitted if a responsive pleading is required and the allegation is not denied. SFA's failure to answer the counterclaim is an admission of each and every averment plead therein. *Last Chance Mining Co. v. Tyler Mining Co.*, 157 U.S. 683, 691 (1895). Having thus admitted all of the allegations underlying supporting Infor's claim for inequitable conduct, SFA cannot prevail on its motion for summary judgment.

At a minimum, these factual admissions include: Jerome Johnson and/or Clear With Computers first made, used, sold, and offered for sale a software program, the Johnson Software, more than one year prior to the filing date of the application for the '525 patent, that embodies the invention disclosed and claimed in the '525 patent; the Johnson software is prior art to the

‘525 patent; the Johnson software was material to the prosecution of the ‘525 patent; Mr. Johnson and all others associated with the filing and prosecution of the ‘525 patent were under a duty to disclose his software to the United States Patent and Trademark Office (“USPTO”) during the prosecution of the ‘525 patent; Mr. Johnson failed to disclose the Johnson Software to the USPTO during the prosecution of the ‘525 patent; the Johnson software was not disclosed to the USPTO by anyone involved in the prosecution of the ‘525 patent during the prosecution of the ‘525 patent; and the Johnson software is not cumulative of any other information disclosed to the USPTO during the prosecution of the ‘525 patent.

With regard to the SpecPro and SpecPro NG products, the admissions include: The named inventors of the ‘525 patent, Jerome Johnson, Michael Krebsbach, and David Lundberg, were aware of software first made, used, sold, and offered for sale by Clear With Computers and/or Firepond more than one year prior to the filing date of the application for the ‘525 patent that embodies the invention disclosed and claimed in the ‘525 patent, including but not limited to SpecPro and SpecPro NG (“the Clear With Computers/Firepond software”); the Clear With Computers/Firepond software is prior art to the ‘525 patent; the Clear With Computers/Firepond software was material to the prosecution of the ‘525 patent; Mr. Johnson, Mr. Krebsbach, Mr. Lundberg, and all others associated with the filing and prosecution of the ‘525 patent were under a duty to disclose this software to the United States Patent and Trademark Office (“USPTO”) during the prosecution of the ‘525 patent; Mr. Johnson, Mr. Krebsbach, and Mr. Lundberg failed to disclose this software to the USPTO during the prosecution of the ‘525 patent; the Clear With Computers/Firepond software was not disclosed to the USPTO by anyone involved in the prosecution of the ‘525 patent during the prosecution of the ‘525 patent; and the Clear With Computers/Firepond software is not cumulative of any other information disclosed to the

USPTO during the prosecution of the ‘525 patent.

While the issue of intent is almost always a question fact, and accordingly Infor did not move for summary judgment, these admissions establish that material prior art was known to the inventors of the ‘525 patent and withheld from the USPTO.

B. SFA Has Waived Its Right to Challenge the Adequacy of Infor’s Pleading

Even through Rule 9(b) does not provide explicit mechanism to enforce its requirements, Fifth Circuit law dictates that when a defendant mounts a challenge to the particularity of a claim based on Rule 9(b), that challenge is either through a motion for more definitive statement under Rule 12(e), a motion to strike under 12(f), or through a motion to dismiss under Rule 12(b)(6). *Cates v. Int’l Telephone & Telegraph Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985) (a Rule 9(b) attack is “doubtless subject to motions for more definite statement under Fed.R.Civ.P. 12(e), and perhaps to motions to strike under Fed.R.Civ.P. 12(f)”); *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993) (“A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim.”).

“The right to object to pleadings based upon Rule 9(b) is not absolute.” *United States ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 689, 697 (W.D. Tex. 2007) (citing *United Nat'l Records, Inc. v. MCA, Inc.*, 609 F. Supp. 33, 38-39 (N.D. Ill. 1984)). “A defendant's failure to raise its Rule 9(b) argument with or before its answer operates as a waiver of that argument.” *In re Universal Factoring Co.*, 279 B.R. 297, 301 (Bkrtcy.D.C.Ok 2002). A defendant is not allowed to raise Rule 9(b) objections at the summary judgment stage after having ample opportunities to do so. *Burton v. R.J. Reynolds Tobacco Co.*, 181 F. Supp. 2d 1256, 1263 (D. Kan. 2002). *See also Davsko v. Golden Harvest Prods., Inc.*, 965 F. Supp. 1467, 1473-74 (D. Kan. 1997); *United National Records, Inc. v. MCA, Inc.*, 609 F. Supp. 33, 38-39 (N.D. Ill. 1984).

SFA did file a motion challenging the adequacy of Infor’s pleading, but withdrew that

motion. Dkt # 215. SFA's withdrawal of its motion as part of a compromise of a dispute between the parties regarding the adequacy of the pleadings is clearly a waiver of the right to challenge the adequacy now. If SFA did not agree that Infor's pleading was adequate, it should have pursued that challenge with the Court and allowed Infor an opportunity to correct any deficiencies. By withdrawing its earlier Motion to Strike but raising the issue again now on the eve of trial, SFA is severely prejudicing Infor. Moreover, the withdraw of the motion is a waiver of the right to challenge the adequacy of the pleading. *See In re Universal Factoring Co.*, 279 B.R. at 301.

C. Infor's Pleading Is Adequate

Infor provided the specific factual basis for its inequitable conduct claim in its Amended Counterclaims. This explanation clearly identified the who, what, when, where, and how of the claim. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 2009 U.S. App. LEXIS 17311, at *30-31 (Fed. Cir. Aug. 4, 2009). For instance, Infor explained that the Johnson Software referred to a sales force automation and customer relationship software product, which had no specific name, that was developed and sold by Mr. Johnson, his company Clear With Computers, Inc., and also Firepond, Inc. since 1983. Infor clearly identified: (1) the time period when the software was developed; (2) who developed it; and (3) the various names that were assigned to the Johnson software by Firepond's clients. Contrary to SFA's assertions, Infor's Amended Counterclaim is not "open ended." The Johnson Software may have been customized for particular clients, however, its core features were the same, and it is precisely these core features that Infor has identified in its counterclaim for inequitable conduct. By identifying representative products of the Johnson Software, Infor ensures that SFA knows precisely the software to which Infor's counterclaim refers.

Further, SFA never challenged the sufficiency of Infor's Amended Counterclaims at least

with regard to Infor's identification of the SpecPro and SpecPro NG software products that were made and sold by Clear with Computer and/or Firepond prior to the filing of the '525 patent. (SFA's Reply with Regard to its Motion to Strike, Dkt. 178, p. 3 ("SFA has not disputed the adequacy of Infor's allegations relative to these two products.")). SFA's failure to raise its Rule 9(b) argument with or before its responsive pleading operates as a waiver of that argument. *In re Universal Factoring Co.*, 279 B.R. at 301. SFA thus expressly waived its objections to the adequacy of Infor's Amended Counterclaims at least relative to SpecPro and SpecPro NG.

Infor also provided more than adequate factual allegations from which an inference of intent could be drawn. *Exergen Corp.*, 2009 U.S. App. LEXIS 17311, at *37-38. Infor identified that the named inventor of the '525 patent, Jerome Johnson, and the company that he founded and owned, Clear with Computers, made and sold software for more than ten years before the filing of the '525 patent. Infor also alleged that this software practiced the claimed invention but was withheld from the USPTO. A reasonable jury, hearing that the named inventor had product that he developed, could infer that he was knew the product was the same as the invention he tried to patent. The jury can also infer from this evidence and the fact that he failed to disclose this software to the patent office that his decision to withhold this reference was with the intent to deceive.

D. Dismissal of Infor's Amended Counterclaims Based on Rule 9(b) Is Not Appropriate

This court has explained that the rationale for the heightened pleading requirement of Rule 9(b) is to ensure that a defendant has "sufficient notice to prepare an appropriate response." *Maclean-Fogg Co.*, 2008 U.S. Dist. LEXIS 28150 at *2.

A plaintiff's failure to meet the specific pleading requirements does not automatically or inflexibly result in the dismissal of the complaint with prejudice to re-filing. *Hart v. Bayer*

*Corp.*, 199 F.3d 239, 248 (5th Cir. 2000)(*citing Cates*, 756 F.2d at 1180). A court should not dismiss the claim without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being repeatedly afforded the opportunity to do so. *Id.*

Infor was never afforded an opportunity to correct any alleged deficiency of its Amended Counterclaim, because SFA withdrew its Motion to Strike. Even if the Court finds that Infor's Amended Counterclaim could be helped with additional particularity, Infor should be afforded an opportunity for leave to amend the pleading under Rule 15.

## V. Conclusion

For all the forgoing reasons, Infor respectfully requests that the Court deny SFA's motion for summary judgment.

Date: September 3, 2009

Respectfully submitted,

*/s/ Diane V. DeVasto*

Michael E. Jones
Texas Bar No. 10929400
mikejones@potterminton.com
Diane V. DeVasto
Texas Bar No. 05784100
dianedevasto@potterminton.com
POTTER MINTON, P.C.
500 Plaza Tower
110 N. College Avenue
Tyler, Texas 75702
Phone: (903) 597-8311
Fax: (903) 593-0846

Alfred W. Zaher
Pa. Bar No. 73814
zaher@blankrome.com
Bruce D. George
Pa. Bar No. 84320
george@blankrome.com
Joel L. Dion
Pa. Bar No. 200477
dion-j@blankrome.com
Nakul Krishnakumar
Pa. Bar No. 201311
krishnakumar@blankrome.com
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone: (215) 569-5500
Fax: (215) 569-5555

**ATTORNEYS FOR DEFENDANTS INFOR GLOBAL SOLUTIONS (CHICAGO), INC. AND INFOR GLOBAL SOLUTIONS (MICHIGAN), INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document pursuant to L.R. CV-5(a)(7) on this 3rd day of September 2009. Any other counsel of record will be served by facsimile transmission.

*/s/ Diane V. DeVasto*
Diane V. DeVasto