**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| SFA SYSTEMS, LLC f/k/a | § | |
| TRITON IP, LLC | § | |
| | § | CIVIL ACTION NO. 6:07-cv-067[LED] |
| v. | § | |
| | § | JURY |
| INFOR GLOBAL SOLUTIONS | § | |
| (MICHIGAN), INC., et al. | § | |

**INFOR'S REPLY IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

Infor moved the Court for summary judgment of invalidity and, in support thereof, explained in great detail why each of Infor's asserted prior art references discloses each of the limitations of each claim that it is asserted against. Infor's motion, Docket Entry # 252, detailed how both its own expert, as well as SFA's expert, support Infor's position that the asserted references invalidate the claims. In response, SFA cites the same evidence to the Court but argues that the references do not anticipate the claims. SFA fails, however, to identify any evidence to support its attorney argument and fails to identify any genuine disputes of material fact that preclude summary judgment in Infor's favor.

SFA relies on mischaracterizations and irrelevant argument to oppose Infor's motion. For example, SFA states that "Filepp, however, does not describe how to program the Prodigy online subscription service for direct sales from salesperson to end-user customers." SFA Brief at 4. This statement is unaccompanied by any citation to evidence, expert opinion or other support. Also lacking is any explanation of why this matters. SFA has not even suggested, let alone explained, which element of which claim requires "direct sales from salesperson to end-user customer" or programming the Prodigy service is relevant to the validity of the claims.

SFA also states that Filepp does not anticipate the claims of the '525 patent because "the

patent was not directed at helping salespersons." SFA Brief at 4 "Helping salespersons" is likewise not an element of any asserted claim and whether Filepp was directed to doing so has no relevance whatsoever to the invalidity of the '525 patent. SFA buttresses these absurd bases with the argument (never offered by their expert) that "there is a presumption in the '525 patent that the system is aiding a salesperson who is part of a sales force." SFA Brief at 15. This statement is not only contrary to the claim language and SFA's own expert's positions, but is directly contradictory to SFA's own infringement allegations. At least one of the Accused Products, Interaction Advisor, can be implemented through a website, where the end-user interacts directly with the website with no salesperson or sales force involved. SFA has still accused IA of infringing the '525 patent, even when used in that manner. If SFA is correct that there is a presumption of a salesperson and a sales force, then no doubt SFA will reduce its claim for damages to exclude any sales of IA to customers who implement the product through a website.

Similarly, SFA states that "Deaton does not disclose event management or an event system that can infer or keep track of content." SFA Brief at 17. Once again, these statements are simply irrelevant. Nothing in any of the asserted claims requires "event management," "an event system," or a system that can "keep track of content." The foregoing are but a few of the more egregious examples of how SFA has made arguments that are unsupported by any evidence or directly contradictory to the actual evidence in the case. SFA's opposition is rife with these irrelevancies and contradictions. This bare attorney argument, unsupported or contradicted by the record, cannot create an issue of material fact. Fed. R. Civ. P. 56; *Walter E. Heller & Co. v. Riviana Foods, Inc.*, 648 F.2d 1059, 1062-63 (5th Cir. 1981) (attorney argument does not create a dispute of fact). Moreover, the mere fact that SFA's expert may have stated the bald conclusion that a certain reference does not disclose a certain limitation does nothing to

overcome the substantial evidence presented by Infor that Mr. Thompson's analyses belie his conclusory statements. The references offered by Infor, as shown by the references themselves, Infor's expert, and SFA's expert, clearly anticipate the asserted claims.

Accordingly, Infor stands on its motion as filed and respectfully requests that, for all the reasons stated therein, the Court grant summary judgment in Infor's favor of invalidity.

Date: September 8, 2009

Respectfully submitted,

/s/ Alfred W. Zaher

Alfred W. Zaher
Pa. Bar No. 73814
zaher@blankrome.com
Bruce D. George
Pa. Bar No. 84320
george@blankrome.com
Joel L. Dion
Pa. Bar No. 200477
dion-j@blankrome.com
Nakul Krishnakumar
Pa. Bar No. 201311
krishnakumar@blankrome.com
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone: (215) 569-5500
Fax: (215) 569-5555

Mike Jones
Texas Bar No. 10929400
mikejones@potterminton.com
Diane DeVasto
Texas Bar No. 05784100
dianedevasto@potterminton.com
POTTER MINTON, P.C.
500 Plaza Tower
Tyler, Texas 75702
Phone: (903) 597-8311
Fax: (903) 593-0846

**ATTORNEYS FOR DEFENDANTS INFOR GLOBAL SOLUTIONS (CHICAGO),**

**INC. AND INFOR GLOBAL SOLUTIONS (MICHIGAN), INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document pursuant to L.R. CV-5(a)(7) on this 8th day of September 2009. Any other counsel of record will be served by facsimile transmission.

/s/ Alfred W. Zaher_________________
Alfred W. Zaher