IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SFA SYSTEMS, LLC f/k/a<br>TRITON IP, LLC<br><br>v.<br><br>INFOR GLOBAL SOLUTIONS<br>(MICHIGAN), INC.,  et al. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:07-cv-067[LED]<br><br>JURY |

**INFOR'S REPLY IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

SFA's opposition to Infor's motion for summary judgment of non-infringement fails to show any disputes of material fact that would preclude the Court granting summary judgment for Infor of non-infringement.  SFA's opposition challenges the form of Infor's brief, attempts to substitute attorney argument for actual evidence and, in some cases, simply misrepresents the evidence.  Once the attorney argument is stripped away, and the misrepresentations are ignored, it is clear that there are no disputes of material fact and Infor is entitled to summary judgment of non-infringement.

**I.      Infor's Motion Demonstrates That Infor Does not Infringe**

Infor explained in detail in its motion that none of the accused products infringe the '525 patent.  Infor demonstrated that it does not infringe primarily by demonstrating that even SFA's own expert's, Tipton Cole, testimony is inconsistent with and does not support SFA's allegations of infringement.  For example, as explained in detail in Infor's motion, SFA has not shown, by Mr. Cole's testimony or otherwise, that IA or OM infer occurrence of events or infer context.

In response to Infor's motion, SFA merely challenges the form but not the substance of Infor's motion, stating that it is inadequate because Infor did not provide claim charts discussing the "precise" claim language.  SFA Brief at 2.  These criticisms are irrelevant.  First, Infor is not

obligated to provide a claim chart to show that its products do not infringe.  In fact, this is an illogical way to demonstrate non-infringement, because the elements that are missing would simply have an empty box in the chart.  Rather than simply rely on empty boxes to prove its point, Infor instead relied on SFA's expert's report and deposition testimony to show that, even based on the evidence offered by the patent holder, the accused products <u>do not</u> match up to the claims.  In doing so, Infor relied not only on the precise claim language, but on the claims as analyzed by Mr. Cole and asserted by SFA.

## II.  SFA's Opposition Relies Primarily on Attorney Argument, not Evidence.

To oppose Infor's motion, SFA relies primarily on attorney argument, rather than evidence.  Attorney argument is not proper summery judgment evidence under Fed. R. Civ. P. 56. For example, to argue that IA infringes, SFA states uses "the example of a customer complaint." SFA Brief at 4.  Notably, this example and the details of how it allegedly matches to the claims is not an example ever offered or explained by Mr. Cole.  Moreover, when describing this scenario, SFA does not cite to any evidence in the case to support its theory.  SFA Brief at 11.  For example, when attempting to explain how IA allegedly infers occurrence of an event, SFA states that "the RT Server derives that this is the event by applying logical rules." *Id.*  SFA, however, fails to provide a single citation to support this attorney argument.  In the absence of evidence to support its lawyer's arguments, SFA's arguments <u>must</u> fail.

Moreover, this example fails, even if believed, to show that IA infers occurrence of events.  SFA states that the event is the receipt of a complaint message.  SFA then provides a list of certain rules that "may be relevant to determine the event." *Id.*  SFA fails, however (as did its expert) to point to a specific logical rule that IA applies to derive the fact that it received a complaint message.  More to the point, there is simply no evidence to support this argument.

SFA has the burden of proving infringement.  At this stage, SFA must offer enough

119645.00604/11933312v.1

evidence to show at least that there is a dispute of material fact as to this element because, if even one element is missing, Infor is entitled to summary judgment.  SFA attempts to meet this burden by offering a laundry list of rules that may (or may not) be relevant to some determination of the receipt of a complaint message.  This is new attorney argument, not supported by any evidence, and cannot create an issue of material fact.  Fed. R. Civ. P. 56; *Walter E. Heller & Co. v. Riviana Foods, Inc.*, 648 F.2d 1059, 1062-63 (5th Cir. 1981) (attorney argument does not create issue of fact).  Throughout its opposition, SFA relies on attorney argument that is unsupported by any evidence.  This attorney argument is not sufficient to overcome Infor's demonstration that it is entitled to summary judgment.

### III.    SFA Ignores or Misrepresents the Evidence.

In addition to ignoring the requirement to support its argument with evidence, when SFA does rely on "evidence," SFA simply misrepresents the evidence to support the arguments it makes when the actual evidence in the case does not do so.  The most egregious example of SFA's misrepresentations is its statements with regard to Mr. Cole's identification of the event manger in Outbound Marketing.  SFA states that Mr. Cole's opinion that the event manger is the entire OM Server "has never – and will never – change."  SFA Brief at 21.  This statement is absolutely false and directly contradicted by Mr. Cole's testimony:

> Q.    Let me ask you a question.  In your opinion, what part of outbound marketing is the event manager that's referred to in claim one, element A two of the '525 Patent?
>
> A.    What part of outbound marketing is the event manager?
>
> Q.    Yes.
>
> A.    The part of the outbound marketing that is the event manger is that part that includes some, perhaps not all, but some of the outbound marketing that is not in these subsystems that are identified in claim one.  The identification of just which JAVA classes constitute the outbound – I'm sorry – the OM server – I'm sorry.  I've lost it.  I lost the question.

3

> Q. We can try to start from the beginning, again, that's fine.
>
> A. Start again.
>
> Q. So the question is, I just want to understand as you sit here today your opinion as to which elements of outbound marketing, when I say outbound marketing right now, I mean the entire program, okay?
>
> A. Right.
>
> Q. Which components for which elements of outbound marketing do you believe satisfy the limitation in the claim of an event manager?
>
> A. Okay. Fair enough. We start with the OM server, we've already excluded these subsystems. The remainder of the outbound marketing, it's overcastting, perhaps to say it's all of it, but <u>the remainder of the outbound marketing constitutes the event manager</u>.
>
> Q. But when you say – I'm sorry. I think you said outbound marketing.
>
> A. Marketing server, yes.

Cole Tr. at 235:18-236:25. Thus, rather than reiterating the opinion expressed in his report that the entire OM Sever is the event manager – an opinion that SFA's attorneys want the Court to believe "has never – and will never – change" – at his deposition, Mr. Cole stated that the event manager was only a portion of the OM server: "we start with the OM server, we've already excluded these subsystems. The remainder of the outbound marketing, it's overcastting, perhaps to say it's all of it, but <u>the remainder of the outbound marketing constitutes the event manager</u>." *Id.* This is an explicit change of his opinion, something that SFA tells the Court has never happened. This is just the most glaring example of SFA's misrepresentations of the evidence.

### IV. SFA's Experts Applied Inconsistent Interpretations of the Claim Terms

SFA insists that both of its experts applied a consistent interpretation of the term "inferring." In support of this assertion, SFA points to the fact that both of its experts give lip service to the Court's construction of the term "inferring." While this is certainly, true, what is equally true is that when SFA's invalidity expert was presented with prior art that infers in

4

exactly the same way Mr. Cole alleges that Infor's products infer, SFA's invalidity expert unequivocally stated that such actions did not satisfy the claim term "inferring."

Mr. Cole states that, for example, IA infers occurrence of events because the allegedly inferred event occurs earlier in time than subsequent steps and triggers subsequent steps. Cole Tr. at 116:20-117:1, Ex. 3 at 36-47.

SFA's invalidity expert, however, directly rejects such an understating of "inferring":

> To whatever doubtful extent that the '354 Long Patent contains an event manager and events, that system does not provide a mechanism for inferring, contexts, or rules. The '354 Patent's so-called event manager checks for the arrival of a new email (by periodic polling) in the Requests for Quotes mailbox or the Orders mailbox and, if an email is present, it processed the email - all using well known, conventional prior art (see Section I.G).

Thompson Report at p. 108. Mr. Thompson's rejection of this process as inferring directly contradicts Mr. Cole's assertion that IA performs the step of inferring by receiving a message and then processing the request in the message. SFA's failure to apply a consistent interpretation of "inferring" renders its experts opinions not credible and they should be rejected by the Court.

**V.     Conclusion**

SFA's opposition, which is no more than unsupported attorney argument, should be rejected. For all the forgoing reasons, as well as the response stated in Infor's motion for summary judgment of non-infringement, Infor respectfully requests that the Court grant summary judgment in its favor of non-infringement of all the asserted claims with regard to (I) Sales & Service, (II) Interaction Advisor, and (III) Outbound Marketing.

Date:   September 8, 2009                         Respectfully submitted,

/s/ Alfred W. Zaher
Alfred W. Zaher
   Pa. Bar No. 73814
   zaher@blankrome.com

5

119645.00604/11933312v.1

Bruce D. George
   Pa. Bar No. 84320
   george@blankrome.com
Joel L. Dion
   Pa. Bar No. 200477
   dion-j@blankrome.com
Nakul Krishnakumar
   Pa. Bar No. 201311
   krishnakumar@blankrome.com
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone: (215) 569-5500
Fax: (215) 569-5555

Mike Jones
Texas Bar No. 10929400
mikejones@potterminton.com
Diane DeVasto
Texas Bar No. 05784100
dianedevasto@potterminton.com
POTTER MINTON, P.C.
500 Plaza Tower
Tyler, Texas 75702
Phone: (903) 597-8311
Fax: (903) 593-0846

**ATTORNEYS FOR DEFENDANTS
INFOR GLOBAL SOLUTIONS (CHICAGO),
INC. AND INFOR GLOBAL SOLUTIONS
(MICHIGAN), INC.**

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document pursuant to L.R. CV-5(a)(7) on this 8th day of September 2009.  Any other counsel of record will be served by facsimile transmission.

/s/ Alfred W. Zaher_____
Alfred W. Zaher
