IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SFA SYSTEMS, LLC f/k/a § <br> TRITON IP, LLC § <br> § <br> v. § <br> § <br> INFOR GLOBAL SOLUTIONS § <br> (MICHIGAN), INC., et al. § | CIVIL ACTION NO. 6:07-cv-067[LED] <br><br> JURY |

**INFOR'S SUR-REPLY IN OPPOSITION TO SFA'S MOTION FOR SUMMARY JUDGMENT REGARDING ENABLEMENT**

**I.    Introduction**

SFA devotes almost the entirety of its Reply brief to a desperate, fatally flawed bid to convince the Court that Infor's expert Dr. Cooke did not opine as to the enablement of the claims of the '525 patent as construed by the Court. Rather, SFA falsely submits that Dr. Cooke's opinions are limited to whether certain "private" constructions of his own devising are enabled, and that Infor's only arguments against enablement are based entirely upon these "private" constructions. SFA's assertions are clearly belied not only by the record in this case, but also by the testimony of its own expert, Mr. Thompson. Accordingly, summary judgment of enablement is improper.

**II.    Arguments**

   A.    <u>Dr. Cooke has clearly and unequivocally opined that the terms of the '525 patent, as construed by the Court, are not enabled.</u>

In its Reply brief, SFA argues that "Infor's expert [Dr. Cooke] rests his opinion of non-enablement on private claim constructions that conflict with the Court's claim construction."[1] The term that is the focus of SFA's Reply brief ("infer/inferring"), as well as Infor's own Motion for Summary Judgment of Invalidity for Lack of Enablement, was construed in the Court's

*Markman* ruling, which issued more than two months prior to the disclosure of Dr. Cooke's expert report and was extensively addressed in that report.

The Court construed "inferring" to mean "logical process by which a factual conclusion is derived from known facts by the application of logical rules." In his report, Dr. Cooke posited that "the system [taught by the '089 application, which issued as the '525 patent] only applies logical rules to known facts in order to algorithmically direct next steps. It does not, however, apply logical rules to known facts to derive factual conclusions." Cooke Report at ¶ 93. Dr. Cooke concluded that the '089 application does not disclose how "'inferring' is made or used in the invention of the application as filed," in a manner that would enable the claimed invention. Cooke Report at ¶ 16. He did so based upon the fact that "the '089 Application only discloses the use of standard conditional logic by the system. Standard conditional logic consists of if/then statements of the form if condition x is true then take step y." Cooke Report at ¶ 93. Dr. Cooke plainly opined that the '089 application does not enable what the Court's claim construction requires—making factual conclusions based upon known facts by the application of logical rules. Rather, it simply teaches defaulting to certain predetermined outcomes based on particular scenarios. Accordingly, Dr. Cooke concluded that "the '525 patent discloses no working or even prophetic examples of a sales system or method that *infers the occurrence of an event*, that is, the logical process by which the fact that the event has occurred is derived by application of logical rules." Cooke Report at ¶17. This is plainly within the bounds of the Court's construction of the term "inferring."

SFA's motion completely mischaracterizes the issue in an attempt to cast Infor and its expert as willfully ignoring the Court's claim construction, thumbing their collective nose and creating their own claim constructions out of whole cloth to suit their purposes (something that

---

[1] DKT #273 at page 5.

{A50\7734\0001\W0403721.1 }

no reasonable litigant would do, in this Court or any other). Instead, Infor's expert states that certain claim terms, *as construed by the Court*, are not sufficiently enabled, is very different from disputing or ignoring the Court's claim constructions. If the court's claim construction ruling foreclosed arguments over whether certain claims—*as construed*—are present, infringed, or enabled, the Court's *Markman* ruling would effectively end every patent litigation outright. By analyzing a claim term as construed by the Court to determine if it is sufficiently enabled in the patent-in-suit, an expert does not willfully create entirely new "personal" claim constructions and cast aside those set forth by the Court.

All of the cases cited by SFA as support for its argument that "claim construction differing from that proffered by the court is…irrelevant,"[2] deal with instances in which a party was attempting to do just that—to reargue claim construction, or to invade the province of the court in propounding to the jury claim constructions different from the court's. In the *02 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.* case, for example, the parties made claim construction arguments to the jury for a claim that that had not even been construed by the Court. 521 F.3d 1351, 1362-63 (Fed. Cir. 2008). In contrast, Infor is not attempting to subvert the Court's construction of "inferring" at all—it is merely demonstrating that the term, as construed by the Court, does not satisfy the legal standard for enablement.

  B. <u>The '525 patent does not enable "inferring" as construed by the Court, and the opinions of SFA's expert cannot be used to supplement the patent specification.</u>

In its Opposition brief, Infor pointed out that the '525 patent does not contain any description teaching how to "derive a factual conclusion by the application of logical rules to known facts."[3] Neither, for that matter, does it explain what significance such a factual

---

[2] DKT #243 at pages 3-4.
[3] DKT #262 at page 2.

conclusion would have on the system, or how or why the use the factual conclusion in the system, sufficient to enable one skilled in the art to make the claimed invention.[4]

In its Reply, SFA does nothing to explain specifically how the '525 patent makes these necessary disclosures. It merely cites to large sections of the rebuttal report of its expert, Dr. Thompson.[5] However, a review of the cited pages of Dr. Thompson's rebuttal report also fails to disclose a detailed discussion of precisely how the '525 patent enables "inferring" as construed by the Court. The only statement that Infor can identify which even arguably attempts to do so is found on page 36 of Dr. Thompson's report: "As I read the specification regarding sales events and application events, it appeared to me that some of the latter could involve inference steps of deriving additional information from existing information, the additional information then triggering further events." This statement provides no greater detail, and would thus give no better guidance to one of ordinary skill in the art, as to how to practice "inferring." Even more fundamentally, however, Dr. Thompson cites to nothing in the patent or the specification that supports his opinion in this regard. Infor is therefore left to conclude that it is based solely upon Dr. Thompson's knowledge and skill in the art; and, as pointed out in Infor's Opposition brief, "it is the specification, not the knowledge of one skilled in the art, that must supply the novel aspects of an invention in order to constitute adequate enablement." *Genetech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1366 (Fed. Cir. 1997). As was also pointed out in Infor's Opposition, the "inferring" step is the novel aspect of the invention disclosed in the '525 patent (a proposition that SFA apparently does not dispute).[6]

In short, the only support that SFA cites for its argument that the "inferring" step is enabled are statements made in its expert's report that it "*appeared to* [him]" that certain events

---

[4] Id.
[5] DKT #273 at page 5, footnote 21.

described in the specification "*could* involve" inference steps. This is flatly insufficient to establish that the inferring step is adequately enabled in the specification itself, as required under the law.

### III. Conclusion

For all the forgoing reasons, Infor respectfully requests that the Court deny SFA's motion for summary judgment.

Date: September 14, 2009                    Respectfully submitted,

                                            */s/ Michael E. Jones*
                                            Michael E. Jones
                                            Texas Bar No. 10929400
                                            mikejones@potterminton.com
                                            Diane V. DeVasto
                                            Texas Bar No. 05784100
                                            dianedevasto@potterminton.com
                                            Allen F. Gardner
                                            Texas Bar No. 24043679
                                            allengardner@potterminton.com
                                            POTTER MINTON, P.C.
                                            500 Plaza Tower
                                            110 N. College Avenue
                                            Tyler, Texas 75702
                                            Phone: (903) 597-8311
                                            Fax: (903) 593-0846

                                            Alfred W. Zaher
                                            Pa. Bar No. 73814
                                            zaher@blankrome.com
                                            Bruce D. George
                                            Pa. Bar No. 84320
                                            george@blankrome.com
                                            Joel L. Dion
                                            Pa. Bar No. 200477
                                            dion-j@blankrome.com

---

[6] DKT #262 at page 4.

                                            Nakul Krishnakumar
                                            Pa. Bar No. 201311
                                            krishnakumar@blankrome.com
                                            BLANK ROME LLP
                                            One Logan Square
                                            Philadelphia, PA 19103
                                            Phone: (215) 569-5500
                                            Fax: (215) 569-5555

                                            **ATTORNEYS FOR DEFENDANTS**
                                            **INFOR GLOBAL SOLUTIONS (CHICAGO),**
                                            **INC. AND INFOR GLOBAL SOLUTIONS**
                                            **(MICHIGAN), INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document pursuant to L.R. CV-5(a)(7) on this 14th day of September 2009. Any other counsel of record will be served by facsimile transmission.

                                            */s/ Michael E. Jones*
                                            Michael E. Jones