IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SFA SYSTEMS, LLC f/k/a § | |
| TRITON IP, LLC § | |
| § | CIVIL ACTION NO. 6:07-cv-067[LED] |
| v. § | |
| § | JURY |
| INFOR GLOBAL SOLUTIONS § | |
| (MICHIGAN), INC., et al. § | |

**INFOR'S SUR-REPLY IN OPPOSITION TO SFA'S MOTION FOR SUMMARY
JUDGMENT REGARDING WRITTEN DESCRIPTION**

**I.   Introduction**

In its Reply brief, SFA argues that the opinions of Infor's expert, Dr. Cooke, on the subject of written enablement are invalid because they are based upon Dr. Cooke's own "personal claim constructions" that are "in direct conflict with the Court's issued claim construction."[1] However, the evidence clearly establishes that Dr. Cooke has opined as to the adequacy of the written description of the terms at issue within the parameters of the Court's claim construction. In his report, Dr. Cooke offered some background and explanation about the term "inferring" as one of skill in the art would have understood the term at the time of the '525 patent. SFA disingenuously attempts to characterize this as Dr. Cooke ignoring the Court's claim constructions, pulling his own claim constructions out of thin air and using them as the basis for his opinions of written enablement. In the same breath, SFA asks the Court to accept its argument that the testimony of its own expert, Dr. Thompson, "as one skilled in the art…provides strong evidence that the '525 patent does provide sufficient written description of 'inferring.'"[2] SFA cannot have it both ways, and is in fact wrong on both counts.

---

[1] DKT #275 at page 1.

## II. Arguments

### A. Dr. Cooke has clearly and unequivocally opined that the terms of the '525 patent, as construed by the Court, lack an adequate written description.

In its Reply brief, SFA argues that Infor's expert, Dr. Cooke, ignores the Court's construction of certain claim terms and instead relies upon his own "subjective" claim constructions in formulating his opinions that the '525 patent does not satisfy the written description requirement. In his expert report, Dr. Cooke asserted that there is no written description of the claim term "inferring occurrence of an event." The Court defined this term as a "logical process by which the fact that an event has occurred is derived by application of logical rules." Dr. Cooke has expressly denied that the '089 application, which ultimately issued as the '525 patent, discloses any system "inferring that an event has occurred, which is literally required by the claims." Cooke Report at ¶ 95. Dr. Cooke further pointed out that to the extent that the '089 application makes any disclosure of inferring, it discloses a forward-looking system, not one that infers that events have occurred in the past. Cooke Report at ¶ 100. Accordingly, Dr. Cooke has opined that the inventors of the '525 patent were in possession of the subject matter of "inferring occurrence of an event," *as that term has been defined by the Court* (that is, as requiring a system that can infer that events *have* occurred).

SFA also argues that Dr. Cooke relies upon his own personal construction of the claim term "inferring," which is necessarily implicated in the Court's construction of "inferring the occurrence of an event." The Court construed "inferring" to mean "logical process by which a factual conclusion is derived from known facts by the application of logical rules." In his report, Dr. Cooke posited that "the system [taught by the '089 application, which issued as the '525 patent] only applies logical rules to known facts in order to algorithmically direct next steps. It

---

[2] DKT #275 at page 3.

does not, however, apply logical rules to known facts to derive factual conclusions." Cooke Report at ¶ 93. Dr. Cooke concluded that the '089 application does not disclose how "'inferring' is made or used in the invention of the application as filed," sufficient to demonstrate that the inventors had possession of the claimed invention. Cooke Report at ¶ 16, ¶ 94. He did so based upon the fact that "the '089 Application only discloses the use of standard conditional logic by the system. Standard conditional logic consists of if/then statements of the form if condition x is true then take step y." Cooke Report at ¶ 93. Dr. Cooke plainly opined that the '089 application does not disclose that the inventors possessed an invention that derived factual conclusions from known facts by the application of logical rules at the time the '089 application was filed—which is exactly what the Court's claim construction requires. Cooke Report at ¶ 94. Rather, the '089 application simply teaches defaulting to certain predetermined outcomes based on particular scenarios. Accordingly, Dr. Cooke concluded that "the '525 patent discloses no working or even prophetic examples of a sales system or method that *infers the occurrence of an event*, that is, the logical process by which the fact that the event has occurred is derived by application of logical rules." Cooke Report at ¶17. This is plainly within the bounds of the Court's construction of the terms "inferring," and by extension "inferring the occurrence of an event."

SFA's motion completely mischaracterizes the issue in an attempt to cast Infor and its expert as willfully ignoring the Court's claim construction. Instead, Infor has demonstrated that certain claim terms, *as construed by the Court*, are not adequately described in the patent.

All of the cases cited by SFA as support for its argument that "postulations by experts as to the scope of patent claims" is improper, and should be discarded,[3] deal with instances in which a party was attempting to do just that—to reargue claim construction, or to invade the province of the court in propounding to the jury claim constructions different from the court's. In the *02*

*Micro Int'l Ltd. v. Beyond Innovation Tech. Co.* case, for example, the parties made claim construction arguments to the jury for a claim that that had not even been construed by the Court. 521 F.3d 1351, 1362-63 (Fed. Cir. 2008). In contrast, Infor is not attempting to subvert the Court's construction of these terms at all—it is merely demonstrating that these terms, as construed by the Court, are not described in the application or the resultant patent in a manner than establishes that the inventors possessed these elements of the invention at the time the application was filed.

      B.    <u>SFA asks the court to lend dispositive weight to its own expert's testimony "as one skilled in the art," while at the same time characterizing similar testimony by Infor's expert as willfully ignoring the Court's claim constructions.</u>

In its Reply brief, SFA argues that the testimony of its expert, Dr. Thompson, as to whether the '525 patent "conveys with reasonable clarity to those skilled in the art, as of the filing date sought, [the inventors] were in possession of the invention," is not only relevant, but "provides strong evidence" that the '525 does provide a sufficient written description of "inferring."[4] Dr. Thompson relied upon "known prior art" at the time of the invention, and his own knowledge as one skilled in the art, to reach his opinion that the inferring feature is adequately described in the '525 patent.[5] As pointed out in Infor's Opposition brief, when asked in his deposition about whether he believed that the '525 patent satisfies the written description requirement for "inferring," he responded that he did, "*because as one skilled in the art at that time, I understood the concept of inferring*."[6]

---

[3] DKT #275 at page 2.
[4] DKT #275 at page 3.
[5] DKT #275 at page 3, footnotes 13 and 14.
[6] DKT #263 at page 6.

{A50\7734\0001\W0403786.2 }

At the same time, SFA decries similar efforts by Infor's expert, Dr. Cooke, to rely upon his knowledge and understanding of the art in determining whether the patent provides a sufficient written description of the term "inferring," (as one of skill in the art would have understood them at the time of the '525 patent), as a flagrant deviation from the Court's proscribed claim constructions. In other words, when SFA's expert relies upon his knowledge as one skilled in the art in opining on the adequacy of the '525 patent's written descriptions, he is providing meaningful guidance to the Court and the jury. When Infor's expert does the same, he is thumbing his nose at the Court's claim constructions and making up his own rules. This clear inconsistency in SFA's Reply argument cannot stand.

Furthermore, as pointed out in Infor's Opposition brief, even relying upon his knowledge as one skilled in the art, Dr. Thompson was unable to locate disclosure of the "inferring" functionality, and testified to this effect in his deposition.[7] This supports, rather than belies, the '525 patent's lack of any written description of "inferring," and by extension "inferring occurrence of the event."

C. <u>SFA contends that the inventors' testimony as to what they knew or believed at the time of filing is irrelevant to the inquiry of whether the '525 patent satisfies the written description requirement.</u>

In its Reply brief, SFA argues that testimony elicited from the inventors of the '525 patent with regard to their understanding of the invention, in the context of a 1997 amendment to the '525 patent, should not be taken into account in evaluating the sufficiency of the patent's written description.[8] The inventors, SFA claims, cannot be held responsible for their lack of understanding of technical "niceties" like the scope of the claims, and any statements to this

---

[7] DKT #263 at page 3.
[8] DKT #275 at pages 4-5.

effect should not enter into the written description analysis at all. This ignores, of course, that the primary focus of the inquiry as to the sufficiency of the written description of a patent is whether the inventors were in possession of the claimed subject matter, to the full scope and extent of the asserted claims, at the time of filing, and conveyed such possession through a sufficiently detailed written description. *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991). Testimony by the inventors that indicates that they did not understand the significance of the "inferring" limitation, where the "inferring" step is the novel aspect of the invention disclosed in the patent, is absolutely relevant to whether the inventors were in possession of the claimed invention in the first place, such that it could even be included in the written description as construed.

As set forth above, and in Infor's Opposition brief, evaluating the written description of the '525 patent objectively, based upon the Court's construction of the disputed claim terms (as SFA argues that the Court must), yields the inescapable conclusion that the patent is devoid of any written description of certain essential claim terms (namely, "inferring the occurrence of an event" and "inferring"), and is invalid on that basis. The testimony of the patent's inventors, as set forth in Infor's Opposition, merely provides additional illustration that the inventors failed to provide an adequate description of these terms because they simply had not conceived of them as part of their original invention at the time the application was filed.

## III. <u>Conclusion</u>

For all the forgoing reasons, Infor respectfully requests that the Court deny SFA's motion for summary judgment.

Date:   September 14, 2009                    Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones
Texas Bar No. 10929400
mikejones@potterminton.com
Diane V. DeVasto
Texas Bar No. 05784100
dianedevasto@potterminton.com
Allen F. Gardner
Texas Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON, P.C.
500 Plaza Tower
110 N. College Avenue
Tyler, Texas 75702
Phone:  (903) 597-8311
Fax:  (903) 593-0846

Alfred W. Zaher
Pa. Bar No. 73814
zaher@blankrome.com
Bruce D. George
Pa. Bar No. 84320
george@blankrome.com
Joel L. Dion
Pa. Bar No. 200477
dion-j@blankrome.com
Nakul Krishnakumar
Pa. Bar No. 201311
krishnakumar@blankrome.com
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone:  (215) 569-5500
Fax:  (215) 569-5555

**ATTORNEYS FOR DEFENDANTS INFOR GLOBAL SOLUTIONS (CHICAGO), INC. AND INFOR GLOBAL SOLUTIONS (MICHIGAN), INC.**

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document pursuant to L.R. CV-5(a)(7) on this 14th day of September 2009. Any other counsel of record will be served by facsimile transmission.

                                          */s/ Michael E. Jones*
                                          Michael E. Jones