**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SFA SYSTEMS, LLC f/k/a § <br> TRITON IP, LLC § <br> § <br> v. § <br> § <br> INFOR GLOBAL SOLUTIONS § <br> (MICHIGAN), INC., et al. § | CIVIL ACTION NO. 6:07-cv-067[LED] <br><br> JURY |

## INFOR'S OMNIBUS MOTIONS IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Infor Global Solutions (Michigan), Inc. and Infor Global Solutions (Chicago), Inc., ("Infor") move in limine to exclude matters that are inadmissible or prejudicial in this case. If Plaintiff SFA Systems, LLC ("SFA") injects these matters into the trial of this case through a party, attorney, or witness (including a witness that may testify by deposition only), it will cause irreparable harm to Infor's case, which no jury instruction could cure. In an effort to avoid undue prejudice and a mistrial, Infor urges these motions in limine.

Infor respectfully requests this Court to instruct SFA and SFA's counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters listed below without first obtaining a ruling from the Court outside the presence and hearing of the jury, and to instruct SFA and all counsel to warn and caution each witness to follow the same instructions.

## IN LIMINE MATTERS

**1.     Opinion Of Counsel.**

This Court should prohibit any testimony or argument concerning the fact that Infor elected not to produce a non-infringement opinion. The Federal Circuit has concluded that this

discretionary decision by Infor is not relevant, and that no adverse inference can be drawn by such a decision. Thus, any mention of this decision should be excluded from the purview of the jury. *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge Gmbh v. Dana Corp.*, 383 F.3d 1337, 1341 (Fed. Cir. 2004) ("We now hold that no adverse inference that an opinion of counsel was or would have been unfavorable flows from an alleged infringer's failure to obtain or produce an exculpatory opinion of counsel."). The Federal Circuit has not changed its position since. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1369-70 (Fed. Cir. 2007). To permit such testimony would be legally erroneous, irrelevant, and could cause unfair prejudice, confusion of the issues, and has potential to mislead the jury. FED. R. EVID. 402, 403.

Therefore, the Court should order as follows: The parties and witnesses are prohibited from mentioning in the presence of the jury that Infor did not produce an opinion of counsel.

GRANTED:_____    DENIED:_____    AGREED:__X_____

**2.    Infor's Overall Revenues, Profits or Wealth.**

This Court should preclude any evidence, testimony or reference to defendants' overall revenues, profits or wealth. This issue arises because SFA's exhibit list includes documents focused on this type of company-wide, worldwide financial data. For example, Infor's financial statements include overall worldwide financial data, and SFA has listed those statements as trial exhibits.

First, overall company revenues, profits and wealth are irrelevant. SFA seeks damages for the alleged infringement under a reasonable royalty theory. A reasonable royalty is based on revenue from the sales of only allegedly infringing products, and only on the United States sales of those products. Infor sells other products in the United States that have never been accused of infringing SFA's patent; those other products – and the revenues and profits attributable to them

2

– have nothing to do with this case.  Infor's total revenue and total profits are therefore irrelevant to the calculation or estimation of a reasonable royalty.  Such information should be excluded on that basis alone.  FED. R. EVID. 402.

Even in the unlikely event that SFA could articulate some purported relevance of Infor's overall revenues, profits, profitability or wealth, allowing mention of those numbers would cause substantial confusion of the issues.  The jury is not permitted to determine the reasonableness of SFA's "reasonable royalty" damages request by comparing the dollar amount of the damages request with the dollar amount of Infor's overall revenues, profits or wealth.  Such a comparison is improper.  It would confuse the issues and has the potential to inflame the jury to render a decision contrary to the evidence.  FED. R. EVID. 401, 402, 403.

Therefore, the Court should order as follows:  SFA is prohibited from mentioning Infor's overall revenues, profits, profitability or wealth.

GRANTED:_____     DENIED:_____     AGREED:_____

**3.     Discovery Disputes.**

This Court should prohibit any remarks, evidence, testimony or reference to any discovery disputes or allegations of litigation misconduct.  This includes all matters argued in SFA's August 19, 2009 Motion for Sanctions (Docket No. 260).

Infor anticipates that Plaintiff will attempt to contend either directly or indirectly at trial that it has been unable to fully determine facts, fully examine witnesses, or fully support its claims because of alleged discovery failures by Infor.  Over the course of this litigation, SFA's discovery-related allegations against Infor have included accusations that Infor:  (1) failed to cooperate fully in the discovery process; (2) failed to disclose relevant information or documents; (3) hid witnesses; (4) failed to produce relevant information or documents in a

3

meaningful, usable, or preferred form; and (5) failed to answer discovery in a timely manner. Infor strongly disputes all of these allegations, and believes SFA's accusations are merely an attempt to smear Infor.  This issue does not belong before the jury.

Regardless of their merits, SFA's discovery contentions are irrelevant to any issue before the jury.  FED. R. EVID. 401, 402.  None of these discovery contentions makes any fact relating to issues of infringement or validity any more or less probable.  Airing such contentions before the jury would thus serve no legitimate purpose.  *Id*.  It would, however, be highly prejudicial to Infor if SFA is allowed to raise the spectre of litigation misconduct in front of the jury.  Indeed, even if SFA can articulate some argument for relevance, any probative value of such contentions would be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403.  *See, e.g., Clark v. Newport News Shipbuilding and Drydock*, 937 F.2d 934, 940 (4th Cir. 1991).  In addition, evidence of discovery disputes would be a waste of the Court's and the jury's time, particularly because Infor would be forced to respond to SFA's allegations.

SFA may argue that its various accusations against Infor are relevant to its request that this be found an "exceptional case" under Section 285 of the Patent Act.  That is beside the point for purposes of this motion in limine:  SFA should not be arguing the "exceptional case" issue to the jury.  That determination is within the informed discretion of the trial court.  *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989).  "The trial judge is in the best position to weigh considerations such as the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser." *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986).

4

The jury plays no role in a determination that a case is exceptional under 35 U.S.C. § 285.  It would therefore be improper to permit the jury to hear any argument, or consider any evidence, concerning the tactics of counsel, or the conduct of the parties, during the litigation.  Indeed, the tactics of counsel, like the conduct of the parties, is irrelevant to any issue for submission to the jury.  As it is irrelevant, admitting such arguments or evidence would mislead the jury, confuse the issues and inflame the jury to render a decision contrary to the evidence.  FED. R. EVID. 401, 402, 403.

Therefore, the Court should order as follows:  In the presence of the jury, the parties and witnesses are prohibited from any mention of the extent, adequacy, or timeliness of document production or other discovery provided by Infor during this lawsuit, including any reference to discovery disputes, motions to compel, orders compelling discovery, or allegations of litigation misconduct (such as the matters alleged in SFA's Motion for Sanctions).

GRANTED:_____    DENIED:_____    AGREED:_____

**4.     Assertion Of Privilege and Other Discovery Objections.**

This Court should exclude any reference to objections made by Infor in its answers to interrogatories, disclosures, or admissions.  Such legal matters are irrelevant to the issues before the jury.  FED. R. EVID. 401, 402.  The only purpose such information could serve would be to distract or confuse the jury; accordingly, its probative value is substantially outweighed by its prejudicial effect.  FED. R. EVID. 402, 403.

This exclusion of discovery objections should include all assertions of privilege or immunity from discovery.  Claims of privilege are not admissible as evidence.  *See* FED. R. EVID. 501; Tex. R. Evid.503; *Upjohn v. U.S.*, 449 U.S. 383 (1981).  The Federal Circuit has held that a negative inference may not be drawn from the assertion of attorney-client or work-product

5

privileges in patent cases. *See Knorr-Bremse Systeme Fuer Nutzfahrzeuge Gmbh v. Dana Corp.*, 383 F.3d 1337, 1341 (Fed. Cir. 2004) ("We now hold that no adverse inference that an opinion of counsel was or would have been unfavorable flows from an alleged infringer's failure to obtain or produce an exculpatory opinion of counsel."). Inviting such an adverse inference is reversible error. *See Insituform Techs v. Cat Contracting, Inc.*, 385 F.3d 1360, 1377 (Fed. Cir. 2004). Therefore, any reference to the fact that privilege has been invoked is irrelevant and would serve no purpose other than to inflame and mislead the jury and confuse the issues. FED. R. EVID. 401, 402.

Therefore, this Court should order as follows: The parties may not introduce to the jury any objections, comments or colloquies by counsel that were made in the course of discovery. References to, and questions concerning, the fact that information has been withheld under a claim of privilege or immunity are prohibited in the presence of the jury.

GRANTED:_____    DENIED:_____    AGREED:___X_____

**5.     Unrelated Litigation.**

This Court should preclude any mention of other litigation – past, present, or anticipated -- that involves Infor. This preclusion should include all lawsuits, arbitrations, legal claims or judgments involving Infor, whether pending, completed or threatened. None of this unrelated litigation is relevant to the present suit. FED. R. EVID. 401, 402. Additionally, any limited probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. FED. R. EVID. 403. Introducing evidence of Infor's current or past involvement in unrelated litigation or the existence of past, current or future legal claims will cloud the trial issues. *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1573 (Fed. Cir. 1993).

Therefore, this Court should order as follows:  Apart from this case, the parties and witnesses are prohibited from mentioning any dispute or litigation involving Infor in front of the jury, except the case NYU v. Epiphany or prior testimony by Mr. Kouznetsov.

GRANTED:_____   DENIED:_____   AGREED:_____

**6.     Questions to Counsel.**

This Court should prohibit any questions from SFA or SFA's counsel to counsel for Infor while in the presence of the jury.  There are simply no reasons for such questions. FED. R. EVID. 401, 402, 403.

GRANTED:_____   DENIED:_____   AGREED:___X____

**7.     No Remarks By Counsel Or Witnesses That Other Parties to The Case Have Settled.**

This Court should prohibit any mention, testimony or evidence by counsel or by witnesses that other parties to this case have settled.  FED. R. EVID. 402, 403.  Mention of settlements would likely give the jury the impression that other parties believed the lawsuit had merit.  Such an impression would not necessarily be accurate, because there are other considerations in settling litigation – yet a belief that other parties agreed with the plaintiff in this case would lend undue weight to the plaintiff's arguments, unfairly prejudicing Infor as the remaining defendant.

Therefore, the Court should order as follows:  The parties and witnesses are prohibited from mentioning in the presence of the jury that other parties to this case have settled out of this case.

GRANTED:_____   DENIED:_____   AGREED:___X_____

7

**8.     Willfulness.**

This Court should prohibit any mention, testimony or evidence by counsel or by witnesses regarding SFA's allegations that Infor's infringement of the '525 patent, if any, was willful.  SFA has failed to proffer or adduce any evidence during discovery that would support its allegation that Infor's infringement, if any, was willful.  Absent competent, admissible evidence, any mention by SFA's counsel or witnesses of SFA's allegations of willful infringement is irrelevant, would invite speculation by the jury, would be prejudicial, and should be excluded.  FED. R. EVID. 402, 403.

Therefore, the Court should order as follows:  The parties and witnesses are prohibited from mentioning in the presence of the jury willful infringement.

GRANTED:_____     DENIED:_____     AGREED:___X_____

**9.     Notice of Patent Prior to Suit.**

This Court should prohibit any mention, testimony or evidence by counsel or by witnesses that Infor's was aware of the '525 patent prior to the filing of this lawsuit.  There is no evidence that Infor was aware of the '525 patent until it was sued by SFA.  Absent competent, admissible evidence, any mention by SFA's counsel or witnesses of SFA's allegations that Infor had notice of the patent prior to the filing of the lawsuit is irrelevant, would invite speculation by the jury, would be prejudicial, and should be excluded.  FED. R. EVID. 402, 403.

Therefore, the Court should order as follows:  The parties and witnesses are prohibited from mentioning in the presence of the jury any allegation that Infor was aware of the '525 patent before the filing of the lawsuit.

GRANTED:_____   DENIED:_____   AGREED:_____

**10.   Doctrine of Equivalents.**

This Court should prohibit any mention, testimony or evidence by counsel or by witnesses that Infor infringes the '525 patent under the doctrine of equivalents. SFA has failed to allege, either in its infringement contentions or its expert reports that Infor's infringement, if any, is based on the doctrine of equivalents. Absent competent, admissible evidence, any mention by SFA's counsel or witnesses of the doctrine of equivalents is irrelevant, would invite speculation by the jury, would be prejudicial, and should be excluded. FED. R. EVID. 402, 403.

Therefore, the Court should order as follows: The parties and witnesses are prohibited from mentioning in the presence of the jury the doctrine of equivalents.

GRANTED:_____   DENIED:_____   AGREED:____X____

**CONCLUSION**

Infor respectfully requests that this Court grant its Motions in Limine to ensure there will be no mistrial by reason of passion, prejudice or otherwise.

Date:   September 14, 2009         Respectfully submitted,

*/s/ Alfred W. Zaher, with permission by*
*Michael E. Jones*
Alfred W. Zaher
   Pa. Bar No. 73814
   zaher@blankrome.com
Bruce D. George
   Pa. Bar No. 84320
   george@blankrome.com
Joel L. Dion
   Pa. Bar No. 200477
   dion-j@blankrome.com
Nakul Krishnakumar
   Pa. Bar No. 201311
   krishnakumar@blankrome.com
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone:  (215) 569-5500
Fax:  (215) 569-5555

Mike Jones
Texas Bar No. 10929400
mikejones@potterminton.com
Diane DeVasto
Texas Bar No. 05784100
dianedevasto@potterminton.com
Allen F. Gardner
Texas Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON, P.C.
500 Plaza Tower
Tyler, Texas 75702
Phone:  (903) 597-8311
Fax:  (903) 593-0846

**ATTORNEYS FOR DEFENDANTS**
**INFOR GLOBAL SOLUTIONS (CHICAGO),**

10

INC. AND INFOR GLOBAL SOLUTIONS<br>(MICHIGAN), INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on September 14, 2009. All other counsel will be served by U.S. first-class mail.

*/s/ Michael E. Jones*
Michael E. Jones

119645.00604/11934230v.2