IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

SFA SYSTEMS, LLC

v.                                                    6:07-cv-067-LED

INFOR GLOBAL SOLUTIONS                                JURY TRIAL DEMANDED
(CHICAGO), INC., et al.,

## PLAINTIFF SFA SYSTEMS, LLC'S MOTIONS IN LIMINE

Plaintiff SFA Systems, LLC ("SFA") files these pre-trial motions in limine, before the

commencement of the voir dire examination of the jury panel, and respectfully requests that by

an appropriate order this Court:

(1)     Instruct the attorneys for Defendants Infor Global Solutions (Chicago), Inc. and

Infor Global Solutions (Michigan), Inc. (collectively "Infor") to refrain from mentioning,

referring to, or bringing before the jury, directly or indirectly, upon voir dire examination,

reading of the pleadings, statement of the case, interrogation of the witnesses, argument,

objections before the jury, or in *any other* manner whatsoever, any of the matters set forth herein,

unless such matters have first been called to the Court's attention, out of the presence of the jury,

and a favorable ruling has been obtained on the admissibility and relevance of such matters; and

(2)     Instruct the attorneys for Infor to inform Infor and all witnesses called by or on

behalf of Infor to refrain from mentioning or referring to, in any way, in the presence or hearing

of the jury, any of the matters set forth herein unless specifically permitted to do so by an express

ruling from the Court.

The matters listed below on which SFA files these motions in limine are inadmissible for

any purpose because, unless otherwise shown below: (i) they have no bearing on the issues in

this case or on the rights of the parties to this suit and (ii) they are inherently prejudicial and,

therefore, not curable.  Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters would prejudice the jury. Sustaining objections to such questions, comments, or offers would not cure the prejudice, but would only reinforce the impact of that prejudice upon the jurors.

The following matters are therefore inadmissible for any purpose in this cause:

1.      Any reference to any other lawsuits filed by or against SFA Systems, LLC or any other entity in which Erich Spangenberg, Audrey Spangenberg, Acclaim Financial Group, LLC, or TechDev Holdings, LLC has an ownership interest.  Such other entities include, but are not limited to: Clear with Computers, LLC (f/k/a Orion IP, LLC); Manufacturing Specialist Technologies, LLC (f/k/a Taurus IP, LLC); EMS Technologies, LLC (f/k/a Phoenix IP, LLC); Bright Response, L.L.C. (f/k/a Polaris IP, LLC);  Presentation Specialist Technologies, L.L.C. (f/k/a Constellation IP, LLC); and Gemini IP, L.L.C.  Such other lawsuits have no relevance to any issue in the instant case.  FED. R. EVID. 402.  Moreover, any probative value that the other lawsuits arguably may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury.  FED. R. EVID. 403.

| _____ | _____ | ____X_____ |
| :---: | :---: | :---: |
| GRANTED | DENIED | AGREED |

2.      Any reference to the corporate structure of companies affiliated with SFA.  Such other entities include, but are not limited to: Clear with Computers, LLC (f/k/a Orion IP, LLC); Manufacturing Specialist Technologies, LLC (f/k/a Taurus IP, LLC); EMS Technologies, LLC (f/k/a Phoenix IP, LLC); Bright Response, L.L.C. (f/k/a Polaris IP, LLC); Presentation Specialist Technologies, L.L.C. (f/k/a Constellation IP, LLC); and Gemini IP, L.L.C.  The corporate structure of SFA's affiliates has no relevance to any issue in the instant case.  FED. R. EVID. 402;

*see, e.g.*, *02 Micro Int'l Ltd. v. Beyond Innovation, Tech. Co.*, Case No. 2:04-CV-32, Motions in Limine Order, at 2 (E.D. Tex. July 27, 2009) (precluding defendants from presenting any evidence of plaintiff's structure on the issue of taxation).  Furthermore, any probative value that the corporate structure may arguably provide is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury.  FED. R. EVID. 403.

<br>

|        |        | X |
| :---: | :---: | :---: |
| GRANTED | DENIED | AGREED |

3.      Any reference to patents held by companies affiliated with SFA. Such other entities include, but are not limited to: Clear with Computers, LLC (f/k/a Orion IP, LLC); Manufacturing Specialist Technologies, LLC (f/k/a Taurus IP, LLC); EMS Technologies, LLC (f/k/a Phoenix IP, LLC); Bright Response, L.L.C. (f/k/a Polaris IP, LLC); Presentation Specialist Technologies, L.L.C. (f/k/a Constellation IP, LLC); and Gemini IP, L.L.C.  The patent holdings of SFA's affiliates have no relevance to any issue in the instant case.  FED. R. EVID. 402..  Moreover, any probative value that such patent holdings may arguably provide is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury.  FED. R. EVID. 403.

<br>

|        |        |        |
| :---: | :---: | :---: |
| GRANTED | DENIED | AGREED |

4.      Any reference to the wealth and/or net worth of Erich Spangenberg, Audrey Spangenberg, SFA, or any related entity.  Such other entities include, but are not limited to: Clear with Computers, LLC (f/k/a Orion IP, LLC); Manufacturing Specialist Technologies, LLC (f/k/a Taurus IP, LLC); EMS Technologies, LLC (f/k/a Phoenix IP, LLC); Bright Response, L.L.C. (f/k/a Polaris IP, LLC); Presentation Specialist Technologies, L.L.C. (f/k/a Constellation

IP, LLC); and Gemini IP, L.L.C.  Such references have no relevance to any claim or defense in this lawsuit.  FED. R. EVID. 402.  Moreover, any probative value that these references may arguably provide is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury.  FED. R. EVID. 403.

_____          _____          _____X_____
        GRANTED                        DENIED                      AGREED

5.      Any derogatory reference to SFA or SFA's business, including without limitation, any reference to or description of SFA as a "patent troll," or "pirate," any reference to SFA "playing the lawsuit lottery," or other like or similar references.  Such references have no relevance to any claim or defense in this lawsuit.  FED. R. EVID. 402.  Moreover, any probative value that these references may arguably provide is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury.  FED. R. EVID. 403.

_____          _____          _____X_____
        GRANTED                        DENIED                      AGREED

6.      Any references concerning the time or circumstances under which SFA employed its attorneys or whether SFA has previously been represented by other attorneys in this cause and/or the reasons for change in representation.  Such evidence is inadmissible, irrelevant, and prejudicial to SFA's right to a fair and impartial trial.  FED. R. EVID. 402.  If relevant and/or admissible, the probative value of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury.  FED. R. EVID. 403.

_____          _____          _____X_____
        GRANTED                        DENIED                      AGREED

7.      Any reference to any evidence, statements or questions that suggest, hint, or imply that SFA and SFA's attorneys have a contingent fee arrangement in this case.  Such matters are generally inadmissible and irrelevant, and are prejudicial to SFA's right to a fair and impartial trial.  FED. R. EVID. 402.  The probative value, if any, of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury.  FED. R. EVID 403.

_____          _____          _____X_____
        GRANTED                          DENIED                         AGREED

8.      Any negative references to the United States Patent and Trademark Office (PTO) that are unsupported by witness testimony or documentary evidence.  FED. R. EVID. 402.  Infor, as well as its witnesses and attorneys, should not be permitted to testify, make statements or question witnesses in such a manner as to state or imply that the PTO Examiners did not do their jobs properly, had limited time to do their jobs, or are incompetent or impaired in performing their jobs.  *See  Paltalk Holdings, Inc. v. Microsoft Corp.*, Case No. 2:06-CV-367, Motions in Limine Order, at 4-5 (E.D. Tex. Feb. 25, 2009) (prohibiting "evidence criticizing the PTO in general, including reference to the time constraints under which examiners generally operate").  Such statements or questions improperly imply that the PTO Examiners failed to do their job in allowing the patent-in-suit to issue.  Infor should not be permitted to challenge the presumption of validity associated with the issuance of the patent-in-suit based upon rumor, innuendo, or speculation.  FED. R. EVID. 402.  Any probative value that these references may arguably provide is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury.  FED. R. EVID. 403.

_____          _____          _____
        GRANTED                          DENIED                         AGREED

9.      Any references to settlement, or offer of settlement, by SFA or by any other affiliated party relating to the patent-in-suit, including without limitation:

- SFA's licensing philosophy or strategy and any offers to settle any litigation made by SFA or any entity affiliated with SFA;

- Any communications or correspondence between SFA and its attorneys related to or arising from any settlement or offer of settlement;

- Any references to the fact that this lawsuit could have been but was not settled, compromised, or resolved, including the comment that some cases have to be brought to a jury, or other such comments;

- Any reference to whether SFA has entered into a compromise settlement agreement, license, or other similar transaction subsequent to an allegation of infringement being made for which a lawsuit has been filed or threatened against any party, potential party, or potential licensee.

In addition to violating FED. R. EVID. 408, which denies admissibility of such subject matter,[1] such settlement agreements, licenses, and similar transactions have no relevance to any claim or defense in this lawsuit.  FED. R. EVID. 402.  Any probative value that these matters could arguably have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury.  FED. R. EVID. 403.  *See, e.g.*, *Creative Internet Adver. Corp. v. YAHOO! Inc.*, Case No. 6:07-cv-354, Supplemental Motion in Limine Order, at 1 - 6 (E.D. Tex. May 7, 2009) (citing Rule 408 to limine out plaintiff's prior settlement agreement

---

[1] FED. R. EVID. 408 provides that evidence of (i) furnishing or offering or promising to furnish, or (ii) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.  Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

despite defendant's assertions of (i) relevance as to damages and validity and (ii) reliance by both parties' damages experts).

Unless Infor presents to this Court a specific basis under Rule 408[2] of the Federal Rules of Evidence for admitting a proffered settlement or offer for settlement, SFA requests that at least the following agreements be deemed inadmissible for any purpose:

| Licensor | Licensee | Agreement Date | Bates Range |
|---|---|---|---|
| Triton IP, LLC; Acclaim Financial Group, LLC | Microsoft Corporation | 10/4/06 | SFA000398-422 |
| Triton IP, LLC, Polaris IP, LLC | Triton Polaris Oracle Settlement Agreement | 9/7/06 | SFA000423-442 |
| Triton IP, LLC | SAP AG; SAP America, Inc. | 9/18/06 | TRI000443-463 |
| Triton IP, LLC | Consona CRM Inc. (Onyx Software Corp.); Consona ERP Inc. (Made2Manage Systems, Inc.); Consona Corp. | 9/27/07 | SFA007544-7560 |
| Triton IP, LLC | Consona CRM Inc. (Onyx Software Corp.); Consona ERP Inc. (Made2Manage Systems, Inc.); Consona Corp. | 9/27/07 | SFA12997-13010 |
| Triton IP, LLC | FrontRange Solutions Inc. | 10/5/07 | SFA007561-7577 |
| Triton IP, LLC; Polaris IP, LLC | Oracle Corporation; Siebel Systems, Inc. | 9/7/06 | SFA007578-7597 |
| Triton IP, LLC | Sage Software, Inc. | 8/14/07 | SFA007598-7614 |
| Triton IP, LLC; Plutus IP, LLC; Plus Entities; Granicus Entities | Salesforce.com, Inc. | 2/22/08 | SFA007615-7651 |
| Triton IP, LLC | SAS Institute Inc. | 6/27/07 | SFA007652-7668 |

---

[2] Potentially permissible bases for admissibility under FED. R. EVID. 408 include proving bias or prejudice of a witness, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

| Licensor | Licensee | Agreement Date | Bates Range |
|----------|----------|----------------|-------------|
| Triton IP, LLC | Symeron Software, Inc. | 5/24/07 | SFA007669-7686 |
| SFA Systems, LLC | Cobalt Settlement Agreement | 8/25/08 | SFA011060-11073 |
| SFA Systems, LLC | Netsuite Settlement Agreement | 10/8/08 | SFA011074-11088 |
| SFA Systems, LLC | CDC Software; CDC Corporation | 2/26/09 | SFA012970-12984 |
| SFA Systems, LLC | CDC Software; CDC Corporation | 2/26/09 | SFA012985-12996 |

_____         _____         _____

   GRANTED                             DENIED                              AGREED

10.    Any reference to claim construction issues other than the specific claim constructions and definitions adopted by the Court (*i.e.*, claim construction testimony must be limited to those definitions ordered by the Court).  It is well settled that claim construction is a legal issue for the Court.  Thus, any references to rejected claim interpretations or to other portions of the Court's order have no relevance to any claim or defense triable to a jury in this lawsuit and are barred under FED. R. EVID. 402.  Any reference to rejected claim interpretations or to portions of the Court's order other than the actual constructions themselves constitutes an effort to supplant the Court's claim construction and would be expected to result in unfair prejudice, confusion of the issues, and misleading of the jury in contravention of FED. R. EVID. 403.

_____         _____         _____

   GRANTED                             DENIED                              AGREED

11.    Any attempt to elicit testimony purporting to construe the claims of the patent-in-suit, including such testimony from any of the inventors of the patent-in-suit.  It is well settled that claim construction is a legal issue for the Court.  Thus, any references to the subjective claim

interpretations of an inventor have no relevance to any claim or defense triable to a jury in this lawsuit and are barred under FED. R. EVID. 402.  Any reference to such subjective interpretations or to portions of the Court's order other than the actual constructions themselves constitutes an effort to supplant the Court's claim construction and would be expected to result in unfair prejudice, confusion of the issues, and misleading of the jury in contravention of FED. R. EVID. 403.

_____          _____          _____
        GRANTED                            DENIED                            AGREED

12.     Any attempt to elicit testimony from any expert witness purporting to construe the claims of the patent-in-suit (including without limitation expert testimony with respect to how a person of ordinary skill in the art would construe a claim term).  It is well settled that claim construction is a legal issue for the Court.  Thus, any references to the subjective claim interpretations of an expert witness have no relevance to any claim or defense triable to a jury in this lawsuit and are barred under FED. R. EVID. 402.  Any reference to such subjective interpretations or to portions of the Court's order other than the actual constructions themselves constitutes an effort to supplant the Court's claim construction and would be expected to result in unfair prejudice, confusion of the issues, and misleading of the jury in contravention of FED. R. EVID. 403.

_____          _____          _____
        GRANTED                            DENIED                            AGREED

13.     Any reference to facts alleged or found in certain litigation originating in the Western District of Wisconsin, styled Taurus IP, LLC v. DaimlerChrysler Corporation, et al., No. 07-CV-158, on appeal to the United States Court of Appeals for the Federal Circuit, Nos.

2008-1462, -1463, -1464, -1465, consolidated with Nos. 2008-1474, -1474 (arising out of No. 07-CV-477).  Such testimony is generally inadmissible, irrelevant, and prejudicial to SFA's right to a fair and impartial trial.  FED. R. EVID. 402.  The probative value, if any, of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury.  FED. R. EVID 403.

|                    |                    |          X         |
| ------------------ | ------------------ | ------------------ |
| GRANTED            | DENIED             | AGREED             |

14.    Any reference by Infor to information obtained by or through the testimony of Mr. Maksim Kouznestov for facts underlying its non-infringement defense.  This witness was not disclosed by Infor in its initial disclosures nor timely supplemented, and SFA was thus prevented from taking fact discovery from Mr. Kouznetsov.  Fact testimony from this undisclosed fact witness would be prejudicial to SFA's right to a fair and impartial trial.  FED. R. EVID. 402.  The probative value, if any, of such testimony would be greatly outweighed by the danger of unfair prejudice to SFA.  FED. R. EVID 403.

|                    |                    |                    |
| ------------------ | ------------------ | ------------------ |
| GRANTED            | DENIED             | AGREED             |

15.    Any reference by Infor to information obtained by or through the testimony of Mr. Karthik Alagarasamy on the issue of non-infringement by Outbound Marketing.  This witness was not disclosed by Infor in its initial disclosures nor timely supplemented and SFA was prevented from taking discovery from this witness.  Testimony from this undisclosed witness would be prejudicial to SFA's right to a fair and impartial trial.  FED. R. EVID. 402.  The probative value, if any, of any such testimony would be greatly outweighed by the danger of unfair prejudice to SFA.  FED. R. EVID 403.

_____   _____   _____
        GRANTED                  DENIED                 AGREED

16.     Any reference by Infor to information obtained by or through the testimony of Mr. Todd Gile on the issue of damages.  This witness was not disclosed by Infor in its initial disclosures nor timely supplemented and SFA was prevented from taking discovery from this witness.  Testimony from this undisclosed witness would be prejudicial to SFA's right to a fair and impartial trial.  FED. R. EVID. 402.  The probative value, if any, of any such testimony would be greatly outweighed by the danger of unfair prejudice to SFA.  FED. R. EVID 403.

_____   _____   _____
        GRANTED                  DENIED                 AGREED

17.     Any reference by Infor to information obtained by or through the testimony of Mr. Guy Leaver on the issue of damages.  This witness was not disclosed by Infor in its initial disclosures nor timely supplemented and SFA was prevented from taking discovery from this witness.  Testimony from this undisclosed witness would be prejudicial to SFA's right to a fair and impartial trial.  FED. R. EVID. 402.  The probative value, if any, of any such testimony would be greatly outweighed by the danger of unfair prejudice to SFA.  FED. R. EVID 403.

_____   _____   _____
        GRANTED                  DENIED                 AGREED

18.     Any references or testimony related to information not included in an expert report exchanged between the parties.  Such testimony is not the proper subject for testimony or evidence by Infor or Infor's experts.  FED. R. CIV. P. 26.  Such references have no relevance to any claim or defense in this lawsuit.  FED. R. EVID. 402.  Moreover, any probative value that such

matters may arguably provide is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury. FED. R. EVID. 403.

_____          _____          _____
      GRANTED                            DENIED                            AGREED

19.     Any reference by Maksim Kouznetsov relating to or arising from his personal knowledge of Epiphany/SSA and/or Infor products.  Mr. Kouznetsov was not disclosed to SFA as a fact witness in this case and SFA was prevented from taking any fact discovery from Mr. Kouznetsov.   Testimony from Mr. Kouznetsov based upon his personal knowledge of the operation of the accused Infor products and services would be highly prejudicial to SFA's right to a fair and impartial trial.  FED. R. EVID. 402.  The probative value, if any, of such testimony would be greatly outweighed by the danger of unfair prejudice to SFA.  FED. R. EVID 403.

_____          _____          _____
      GRANTED                            DENIED                            AGREED

20.     Any reference by Mr. Kouznetsov to the parties' stipulation entered into on October 27, 2008.  Mr. Kouznetsov did not review the stipulation in preparing his expert report and testified that he did not rely on the stipulation in reaching the opinions set forth in his expert report.[3]  Such testimony is not the proper subject for testimony or evidence by Infor or Infor's

---

[3] *See* questioning of Mr. Maksim Kouznetsov by SFA Counsel (Deposition Transcript - July 17, 2009):

30:4-13:
      **Q.** Did you consider the stipulation described in Mr. Cole's report?
      **A.** I don't recall. I am not sure.
      **Q.** Could you point to me anywhere in your report where you rely on the stipulation described in Mr. Cole's report?
      **A.** Sitting here today I cannot find, I am unable to find a reference to the stipulation in the report.
      **Q.** Thank you

40:1-4:
      **Q.** Do you have an opinion about whether the stipulation in Mr. Cole's report is relevant to direct infringement?
      **A.** Not really.

experts.  FED. R. CIV. P. 26.  Such references have no relevance to any claim or defense in this

lawsuit.  FED. R. EVID. 402.  Moreover, any probative value that such references may arguably

provide is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

the risk of misleading the jury.  FED. R. EVID. 403.

| _____ | _____ | _____X_____ |
|:---:|:---:|:---:|
| GRANTED | DENIED | AGREED |

21.     Any reference by Mr. Kouznetsov to functional differences between prior

versions of the accused Infor products and services and the current versions of the accused Infor

products and services.  Mr. Kouznetsov provided no opinion regarding functional differences

between various versions of the aforementioned software in his expert report.  Moreover, Mr.

Kouznetsov testified at his deposition that "there have been no major functional changes to IA

from [Kouznetsov's] time of employment at Epiphany to the present time."[4]  Accordingly, Infor

should not be permitted to reference prior versions of the accused software in any way.  FED. R.

CIV. P. 26(a)(2)(B) ("The [expert] report shall contain a complete statement of all opinions the

witness will express and the basis and reasons for them.").

| _____ | _____ | _____X_____ |
|:---:|:---:|:---:|
| GRANTED | DENIED | AGREED |

---

39:22-25:
>    **Q.** [D]o you have any opinion about whether the stipulation in Mr. Cole's report is relevant to contributory infringement?
>    **A.** Not really.

40:7-11:
>    **Q.** Do you have an opinion about whether the stipulation is relevant to inducement of infringement?
>            <<<MR. DION: Objection.>>>
>    **A**: Not really.

[4] Maksim Kouznetsov Deposition Transcript (July 17, 2009), 52:6-14.

22.     Any reference, analysis, or opinion by Infor or Dr. Cooke that claims 41 or 42 of the '525 patent are anticipated by any prior art.  Infor failed to provide any P.R. 3-3 invalidity contentions with respect to the validity of claims 41 and 42.  Further, Dr. Cooke did not opine that claims 41 or 42 were anticipated by any prior art in his expert report.  Accordingly, Infor's expert should not be permitted to reference alleged invalidity of claims 41 and 42 in any way.  FED. R. CIV. P. 26(a)(2)(B) ("The [expert] report shall contain a complete statement of all opinions the witness will express and the basis and reasons for them.").  *See, e.g.*, *Paltalk Holdings, Inc. v. Microsoft Corp.*, Case No. 2:06-CV-367, Motions in Limine Order, at 2 (E.D. Tex. Feb. 25, 2009) (granting motion in limine regarding prior art not noticed to plaintiff in defendant's expert report or charted in defendant's invalidity contentions).

_____        _____        _____

     GRANTED                DENIED                AGREED

23.     Any reference, analysis, or opinion by Infor or Dr. Cooke that claims of the patent-in-suit are obvious in light of any prior art references.  Infor failed to provide any P.R. 3-3 specific combinations or motivations to combine any claims of the '525 patent.  Further, Dr. Cooke did not opine as to specific combinations or motivations to combine.  *See, e.g.*, *Paltalk Holdings, Inc. v. Microsoft Corp.*, Case No. 2:06-CV-367, Motions in Limine Order, at 2 (E.D. Tex. Feb. 25, 2009) (granting motion in limine regarding prior art not noticed to plaintiff in defendant's expert report or charted in defendant's invalidity contentions).  Accordingly, Infor's expert should not be permitted to reference obviousness as to any claim of the '525 patent.  FED. R. CIV. P. 26(a)(2)(B) ("The [expert] report shall contain a complete statement of all opinions the witness will express and the basis and reasons for them.").

_____        _____        _____

     GRANTED                DENIED                AGREED

24.     Any reference to the opinions set forth in the Supplemental Expert Report of Daniel Cooke dated May 7, 2009.  FED. R. CIV. P. 26(a)(2)(B) ("The [expert] report shall contain a complete statement of all opinions the witness will express and the basis and reasons for them.").  *See, e.g.*,  *Versata Software, Inc. v. SAP Am., Inc.*, Case No. 2:07-CV-153, Order on Motion in Limine and Strike Motion, at 2-3 (E.D. Tex. Aug. 7, 2009) (striking "supplemental" expert report as untimely and declaring that "adding the new opinion works substantial prejudice").

_____       _____       _____
        GRANTED                          DENIED                        AGREED

25.     Any reference by Dr. Richard Gering or counsel for Infor to Epiphany revenue breakdowns, when Infor could not produce detailed revenue information during discovery.  Infor may not remedy its failure to provide such information during discovery by producing detailed information at trial, long after the close of discovery.  *See, e.g., LAM, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983).  Any adverse consequences for the failure to identify more specific financial information regarding Epiphany must lie with Infor.  *See id.* (citing *Milgo Elec. Corp. v. United Business Commc'ns*, 623 F.2d 645, 663 (10th Cir. 1980) ("any adverse consequences must rest on the infringer when the inability to ascertain [damages] is due to the infringer's own failure to keep accurate or complete records")).

_____       _____       _____X_____
        GRANTED                          DENIED                        AGREED

26.     Any reference by Richard Gering to the parties' stipulation entered into on October 27, 2008.  Mr. Gering did not review the stipulation in preparing his expert report and testified that he did not rely on the stipulation in reaching the opinions set forth in his expert

report.[5]  Such testimony is not the proper subject for testimony or evidence by Infor or Infor's experts.  FED. R. CIV. P. 26.  Such references have no relevance to any claim or defense in this lawsuit.  FED. R. EVID. 402.  Moreover, any probative value that such references may arguably provide is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury.  FED. R. EVID. 403.

| _____ | _____ | _____X_____ |
|:---:|:---:|:---:|
| GRANTED | DENIED | AGREED |

27.     Any references by Infor comparing the functionality of any accused Infor product to any purported prior art system or other prior art.  It is a fundamental tenet of patent law that claims, not accused systems, are to be compared to the prior art when analyzing validity.  Infor's purported defense of "practicing the prior art" is not a defense under United States patent law.  Such references, therefore, have no relevance to any claim or defense in this lawsuit.  FED. R. EVID. 402.  Moreover, any probative value that such references may arguably provide is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury.  FED. R. EVID. 403.

---

[5] *See* questioning of  Dr. Richard Gering by SFA Counsel (Deposition Transcript - July 15, 2009):

249:9 – 295:12 (emphasis added) (admitting to failure to fully apply the parties' stipulation that the accused instrumentalities are used to their full functionality):

**Q**. But under that hypothetical where they are used for their full functionality and they are interfaced, aren't Becker's -- isn't Becker's analysis of this factor accurate?
    <<<MR. ZAHER: Objection.>>>
**A**. I think we are saying the same thing. I think the bottom line is in that special case it has an upward effect on the royalty and I am agreeing with Becker in that case that it may have an upward effect and that it is appropriate to analyze sales and service in the context of a royalty rate. So, I am agreeing.  What I am saying is without analysis that I can see he's assumed that -- ***I think [SFA's damages expert] assumed that in every case*** as opposed to -- in other words, I -- the way I read Becker ***it's saying it <u>always happens</u> versus our discussion is that it <u>could happen but it may not be always.</u>  So, in the end he and I both say it has an upward impact. I am just saying that his analysis is over simplified because he's assumed that that impacts or that relationship is all the time,*** and I am agreeing with him that the appropriate place to deal with this issue is on a rate issue and not on a base issue as we discussed earlier on.

_____          _____          _____
     GRANTED                            DENIED                             AGREED

28.     Any reference to multiple versions of any prior art system that Infor alleges anticipate the patent-in-suit.  Such references have no relevance to any claim or defense in this lawsuit.  FED. R. EVID. 402.  Moreover, any probative value that such references may arguably provide is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury.  FED. R. EVID. 403.

_____          _____          _____
     GRANTED                            DENIED                             AGREED

29.     Any reference to or testimony on the legal standards governing inequitable conduct, or reference to the conduct of the inventors or the prosecuting attorneys of the patent-in-suit with respect to inequitable conduct in the prosecution of the application that resulted in the patent-in-suit and related patent applications.  Inequitable conduct is a legal issue for the Court and any reference to inequitable conduct is not relevant to any claim or defense that will be submitted to a jury in this lawsuit.  Thus, any reference to inequitable conduct can have no probative value to any factual determinations for the jury and instead presents the danger of unfair prejudice, confusion of the issues, and a risk of misleading the jury in violation of FED. R. EVID. 403.

_____          _____          _____X_____
     GRANTED                            DENIED                             AGREED

30.     Any reference or allegation that any of the Infor products accused of infringement in this litigation are being implemented at *anything less than* their full potential functionality.

Such a reference or allegation would violate the parties' stipulation entered into on October 27, 2008, whether presented by way of testimony or argument.[6]

_____          _____          _____
    GRANTED                      DENIED                     AGREED

31.     Any reference by Infor to the percent of overseas sales effectuated by download as opposed to shipment, when Infor could not provide this information during discovery.  This information was specifically requested by SFA following the deposition of Mr. Amul Merchant on June 19, 2009, who was unable to address this topic despite appearing as Infor's 30(b)(6) witness on the topic.[7]  Infor never provided this information despite SFA's request.  Infor may not now, after discovery is closed, remedy the failure to provide such information during discovery by producing detailed information on the subject at trial.  *See LAM, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1065 (Fed. Cir. 1983) ("[W]hen the amount of the damages cannot be ascertained with precision, any doubts regarding the amount must be resolved against the infringer.").  Any probative value that this information may arguably provide is substantially

---

[6] The stipulation between the parties provides:

Plaintiff, SFA Systems, LLC ("SFA"), and Defendants, Infor Global Solutions (Chicago), Inc. and Infor Global Solutions (Michigan), Inc. (collectively "Infor"), hereby stipulate as follows:

It is stipulated that if there is a finding that one or more of the products and/or services (when made or used to its full capability and capacity) made, used, or sold by Infor (or its predecessors, SSA Global and Epiphany) and accused by SFA of Infringement, infringes any one or more claims of the patent-in-suit when being made, used or sold, Infor will not dispute or assert as a lack of proof that such products and/or services are not made for, or used by, Infor's customers (and/or that their predecessors were not made for or used by the customers of SSA Global and Epiphany) to their full capability and functionality.

This stipulation is made for purposes of this lawsuit only and shall have no force or effect otherwise. This stipulation may be communicated to the judge or jury for this case in accordance with the Federal Rules of Civil Procedure.

[7] The 30(b)(6) notice resulting in Mr. Amul Merchant noticed, in part,  a company representative knowledgeable on "[t]he manner and means by which Infor and/or its affiliates have provided the Accused Instrumentalities (including any software, source code and/or executables) to users outside of the United States, including the details, manner and means by which software (including source code and/or executables) is provided from the United States, stored outside of the United States, copied outside of the United States and/or otherwise provided to end users."

outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury. FED. R. EVID. 403.

                                                                       X

| GRANTED | DENIED | AGREED |
|---------|--------|--------|

32.    Any reference by Infor as to any prior asserted claim that is no longer being asserted in this case. *See Paltalk Holdings, Inc. v. Microsoft Corp.*, Case No. 2:06-CV-367, Motions in Limine Order, at 4 (E.D. Tex. Feb. 25, 2009) ("Reference to any prior patent claims . . . that have been dismissed or abandoned during this lawsuit would have little relevance and be highly prejudicial. Such claims may have been dropped from this case for purely strategic reasons."). Any probative value that such references may arguably provide is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury. FED. R. EVID. 403.

                                                                       X

| GRANTED | DENIED | AGREED |
|---------|--------|--------|

33.    Any reference or testimony or documents related in any way to witnesses other than those listed in Infor's Witness List. Any probative value that such references may arguably provide is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury. FED. R. EVID. 403.

| GRANTED | DENIED | AGREED |
|---------|--------|--------|

34.    Any reference to any document that is not listed on Infor's Exhibit List. Any probative value that such references may arguably provide is substantially outweighed by the

danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury.  FED. R. EVID. 403.

_____          _____          _____
        GRANTED                              DENIED                              AGREED

35.     Any reference to any document that was not produced by Infor prior to the discovery deadline in this litigation.  Any probative value that such references may arguably provide is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury.  Fed. R. Evid. 403.

_____          _____          _____
        GRANTED                              DENIED                              AGREED

36.     Any reference to the fact that this lawsuit was filed in the Eastern District of Texas as opposed to some other venue.   Such references have no relevance to any claim or defense in this lawsuit.  FED. R. EVID. 402.   Moreover, any probative value that such references may arguably provide is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the risk of misleading the jury.  FED. R. EVID. 403.

                                                                                X
_____          _____          _____
        GRANTED                              DENIED                              AGREED

37.     Any testimony from a fact witness that purports to compare the accused products to the asserted claims, including testimony related to infringement or invalidity.  It is well settled that comparing the accused products to the asserted claims is the role of an expert.  Thus, any such testimony has no relevance to any claim or defense triable to a jury in this lawsuit and is barred under FED. R. EVID. 402.  Moreover, such unqualified expert opinions would cause unfair

prejudice, confusion of the issues, and misleading of the jury in direct contravention of FED. R. EVID. 403.

_____    _____    _____
        GRANTED                     DENIED                     AGREED

38.      Any reference to or testimony on any invalidity opinions and/or contentions not disclosed in Infor's Invalidity Contentions.  Infor has already amended its Invalidity Contentions five times in litigation spanning over two and a half years.  Moreover, it is well settled that evidence which is not timely raised in Invalidity Contentions conforming to the requirements of Local Patent Rule 3-3 ("P.R. 3-3") will be excluded.  *Finisar v. DirecTV Group, Inc.,* 424 F. Supp. 2d 896, 901-02 (E.D. Tex. 2006) (excluding prior art and associated argument offered for the first time within approximately 3 months of trial) ("A party simply can not wait until shortly before trial to prepare its case.  Invalidity is an affirmative defense, and the party which does not properly investigate applicable prior art early enough to timely meet [P.R. 3-3] disclosure requirements risks exclusion of that evidence.").  Any probative value that such references or testimony may arguably provide is substantially outweighed by the danger of unfair prejudice to SFA.  FED. R. EVID. 403.

_____    _____    _____
        GRANTED                     DENIED                     AGREED

September 14, 2009                    Respectfully submitted,

                                     SFA SYSTEMS, LLC

                                     By: /s/ David M. Pridham

                                     Andrew W. Spangler - LEAD COUNSEL
                                     Texas Bar No. 24041960
                                     Spangler Law P.C.
                                     208 N. Green Street, Suite 300
                                     Longview, Texas 75601
                                     (903) 753-9300
                                     (903) 553-0403 (fax)
                                     spangler@spanglerlawpc.com
                                     David M. Pridham
                                     Law Office of David Pridham
                                     25 Linden Road
                                     Barrington, Rhode Island 02806
                                     (401) 633-7247
                                     (401) 633-7247 (fax)
                                     david@pridhamiplaw.com

                                     Kip Glasscock
                                     Texas State Bar No. 08011000
                                     Kip Glasscock P.C.
                                     550 Fannin, Suite 1350
                                     Beaumont, TX 77701
                                     Tel: (409) 833-8822
                                     Fax: (409) 838-4666
                                     kipglasscock@hotmail.com

                                     **ATTORNEYS FOR PLAINTIFF SFA
                                     SYSTEMS, LLC**


**CERTIFICATE OF SERVICE**


The undersigned certifies that this document was filed electronically in compliance with Local Rule CV-5(a) today, September 14, 2009.  As such, this notice was served on all counsel deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).

Dated: September 14, 2009                    /s/David M. Pridham
                                                  David M. Pridham