**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| SFA SYSTEMS, LLC f/k/a | § | |
| TRITON IP, LLC | § | |
| | § | CIVIL ACTION NO. 6:07-cv-067[LED] |
| v. | § | |
| | § | JURY |
| INFOR GLOBAL SOLUTIONS | § | |
| (MICHIGAN), INC.,  et al. | § | |

## INFOR'S RESPONSE TO SFA'S MOTION TO ENFORCE STIPULATION

As Infor explained to SFA during several pre-trial meet and confer conferences, SFA's motion is completely unnecessary and misdirected.  Once again, SFA is creating disputes where none exist, or revisiting long-settled disputes in an apparent attempt denigrate Infor's integrity with the Court as trial approaches.

To be clear:  Infor does not dispute the enforceability of the stipulation, has never attempted to retreat from the stipulation, and has every intention of being bound by the stipulation and the agreement therein that it reached with SFA as a compromise of a discovery dispute.

As SFA details in its motion, the parties' agreed to the stipulation as the resolution of a discovery dispute regarding discovery Infor's customers.  Infor did not want its customers burdened with responding to discovery in this lawsuit but recognized SFA's need for certain information in order to prove elements of its claims against Infor.  Accordingly, the parties negotiated a stipulation that states:

> Plaintiff, SFA Systems, LLC ("SFA"), and Defendants, Infor Global Solutions (Chicago), Inc. and Infor Global Solutions (Michigan), Inc. (collectively "Infor"), hereby stipulate as follows:
>
> It is stipulated that if there is a finding that one or more of the products and/or services (when made or used to its full capability and capacity) made, used, or

sold by Infor (or its predecessors, SSA Global and Epiphany) and accused by SFA of Infringement, infringes any one or more claims of the patent-in-suit when being made, used or sold, Infor will not dispute or assert as a lack of proof that such products and/or services are not made for, or used by, Infor's customers (and/or that their predecessors were not made for or used by the customers of SSA Global and Epiphany) to their full capability and functionality.

The stipulation also states that it may be communicated to the judge or jury in accordance with the Federal Rules of Civil Procedure. Infor does not dispute that it is bound by the stipulation, and the parties' apparently do not dispute the import of the stipulation. The only issue that exists between the parties is how, consistent with the Federal Rules of Civil Procedure, to explain the effect of the stipulation to the jury in a way that they will understand. This issue is presented to the Court in the parties' proposed jury instructions. Because Infor does not dispute the enforceability of the stipulation (and never indicated to SFA that it did), SFA's motion is wholly unnecessary. Nonetheless, since SFA chose to file the motion, Infor will address the issues briefly here.

## I.     The Stipulation Does Not Relieve SFA of Proving that The Accused Products Meet Each and Every Limitation of the Asserted Claims.

The Stipulation has limited and narrow relevance in this case. As SFA states, "the Stipulation…fills the evidentiary void left by Infor's decision not to produce customer lists." SFA's Brief at 7. Specifically, as SFA recognizes, the stipulation allows the jury to treat as proven the fact of use of the Accused Products in an infringing manner by Infor customers, which is relevant to the asserted method claims and to SFA's claims for inducement and contributory infringement. *Id.* at 7-8. This is true, however, *if and only if SFA can prove that the Accused Products are capable of providing functionality that meets each and every claim limitation*. The stipulation does nothing to further SFA's proof of infringing functionality.

To be sure, as the Stipulation explicitly states, SFA is still subject to the burden of proving infringement. The Stipulation explicitly states that it is only effective: *if there is a*

2

*finding that one or more of the products and/or services…infringes any one or more claims of the patent-in-suit*…." If such a finding is made, then Infor agreed that it "will not dispute or assert as a lack of proof that such products and/or services are not made for, or used by, Infor's customers…to their full capability and functionality." Infor has never suggested that it now intends to dispute or assert as a lack of proof such a defense.

Moreover, relative to SFA's claims for inducement and contributory infringement, this stipulation only proves one element of those claims, direct infringement. SFA must still prove the remaining elements, namely knowledge and intent.

## II.     The Language of the Stipulation is Likely to Confuse the Jury.

While Infor does not dispute the enforceability or the import of the Stipulation, Infor believes that, as the Stipulation itself states, it should be presented to the jury in a manner consistent with the Federal Rules of Civil Procedure. Among other things, the Rules preclude the presentation to the jury of anything that is likely to confuse the issues or result in prejudice. The Stipulation is such an item. The Stipulation, as it is written in legal terminology, while accurately reflecting the parties' agreement and certainly understandable to counsel and Court, is likely to be unclear to the jury. Because the language of the Stipulation is likely to be unclear to the jury, it is possible the jury will disregard it altogether, or rely more heavily on the stipulation than it is entitled to, such as by presuming that the Stipulation proves more elements of SFA's case that it actually does. The former scenario would prejudice SFA and the latter would prejudice Infor.

## III.    Infor Proposed a Non-Prejudicial Way of Presenting the Stipulation to the Jury.

Because of the risk of prejudice or confusion by presenting the Stipulation to the jury exactly as it is drafted, in proposing jury instructions, Infor proposed alternative language that explains, in plain English, the practical effect of the Stipulation to the jury. Specifically, Infor

proposed that, when the Court instructs the jury on inducement, the Court conclude by stating: "If you find that any of the Accused Products has capability or functionality such that it meets all of the limitations of an asserted claim of the '525 patent, then you must find that element ii above, "the encouraged acts constitute direct infringement of that claim," is satisfied for that asserted claim.  If you so find, you must still consider if SFA has proven the remaining elements of inducing infringement by a preponderance of the evidence."

Similarly, Infor proposes that when the Court instructs the jury on contributory infringement, the Court conclude by stating:  "If you find that any of the Accused Products has capability or functionality such that it meets all of the limitations of an asserted claim of the '525 patent, then you must find that that someone other than Infor has directly infringed that asserted claim.  If you so find, you must still consider if SFA has proven the remaining elements of contributory infringement by a preponderance of the evidence."

Infor believes that these instructions accurately reflect the practical impact of the stipulation in language that will be clear to the jury and explain to them exactly what the impact of the Stipulation is on the case, without the risk of prejudice of the jury assuming the Stipulation carries more weight that it does.[1]  Accordingly, while Infor does not dispute that the Stipulation is binding on it and enforceable against it, Infor requests that the Court only present it to the jury consistent with the Federal Rules of Civil Procedure; that is in plain English that will not confuse the jury or result in any prejudice.

**IV.   Conclusion**

For the foregoing reasons, Infor respectfully requests that the Court enforce the parties'

---

[1] Infor is surprised that SFA puts so much weight on the ability of its infringement expert to rely on the Stipulation. SFA's infringement expert must show that the Accused Products have functionality that reads on each and every limitation of each asserted claim.  The Stipulation does nothing to lessen this burden or supplement this proof.  The only possible reason that SFA could want its expert to rely so heavily on the Stipulation must be because SFA

stipulation in such a way as to prevent any confusion or prejudice.  Specifically, Infor requests

that the Court instruct the jury on the impact of the stipulation on the case in plain English

without the unnecessary and confusing opacity of the legalese phrasing of the stipulation as

written.

Date:   September 16, 2009                    Respectfully submitted,


                                              /s/ Alfred W. Zaher
                                              Alfred W. Zaher
                                                 Pa. Bar No. 73814
                                                 zaher@blankrome.com
                                              Bruce D. George
                                                 Pa. Bar No. 84320
                                                 george@blankrome.com
                                              Joel L. Dion
                                                 Pa. Bar No. 200477
                                                 dion-j@blankrome.com
                                              BLANK ROME LLP
                                              One Logan Square
                                              Philadelphia, PA 19103
                                              Phone:  (215) 569-5500
                                              Fax:  (215) 569-5555

                                              Mike Jones
                                              Texas Bar No. 10929400
                                              mikejones@potterminton.com
                                              Diane DeVasto
                                              Texas Bar No. 05784100
                                              dianedevasto@potterminton.com
                                              POTTER MINTON, P.C.
                                              500 Plaza Tower
                                              Tyler, Texas 75702
                                              Phone:  (903) 597-8311
                                              Fax:  (903) 593-0846

                                              **ATTORNEYS FOR DEFENDANTS
                                              INFOR GLOBAL SOLUTIONS (CHICAGO),
                                              INC. AND INFOR GLOBAL SOLUTIONS
                                              (MICHIGAN), INC.**

---

believes the jury will improperly understand that the Stipulation lessens SFA's burden in this regard.  It is precisely
this prejudice that Infor seeks to prevent by its alternative proposal.

119645.00604/11926376v.3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document pursuant to L.R. CV-5(a)(7) on this 16th day of September 2009.  Any other counsel of record will be served by facsimile transmission.

/s/ Alfred W. Zaher_____
Alfred W. Zaher

119645.00604/11926376v.3