**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| SFA SYSTEMS, LLC f/k/a | § | |
| TRITON IP, LLC | § | |
| | § | CIVIL ACTION NO. 6:07-cv-067[LED] |
| v. | § | |
| | § | JURY |
| INFOR GLOBAL SOLUTIONS | § | |
| (MICHIGAN), INC.,  et al. | § | |

<u>**INFOR'S RESPONSE TO PLAINTIFF SFA SYSTEMS, LLC'S MOTIONS IN LIMINE**</u>

Defendants Infor Global Solutions (Michigan), Inc. and Infor Global Solutions

(Chicago), Inc., ("Infor") respectfully offer this response in opposition to Plaintiff SFA Systems,

LLC's ("SFA") Motions in Limine.  SFA's motions 3, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 22,

23, 24, 27, 28, 30, 33, 34, 35, 37, and 38 are improper and overbroad as written, and the

exclusions requested by SFA in these motions would prevent Infor from presenting relevant,

probative, and non-prejudicial evidence at trial, and in doing so, would cause undue prejudice to

Infor.

Infor respectfully requests this Court to deny SFA's above-listed motions in limine for

the following reasons.

<u>**INFOR'S RESPONSES TO CONTESTED SFA IN LIMINE MATTERS**</u>

**Infor Response to SFA Motion in Limine 3:**

Infor is agreeable to a motion in limine covering the subject matter of SFA Motion in

Limine 3, with certain reservations.  Should the Court decide to reject SFA Motion in Limine 9,

in whole or in part, and thereby find certain evidence related to settlement negotiations to be

admissible, Infor respectfully requests that the Court also reject SFA Motion in Limine 3 to the

extent necessary to find such evidence admissible.  Infor hereby incorporates its arguments

regarding relevance, probative value, and lack of unfair prejudice that are set forth in response to SFA Motion in Limine 9.

**Infor Response to SFA Motion in Limine 8:**

Infor is agreeable to a motion in limine covering the subject matter of SFA Motion in Limine 8, to the extent that Infor receives reciprocal treatment.  If SFA introduces any evidence or arguments that tend to bolster the PTO or PTO Examiners, Infor would be prejudiced if it could not rebut such evidence or arguments.  Infor has proposed an alternative to SFA, which SFA has rejected.  Infor hereby submits its proposal for the Court's consideration: "Any negative or positive references to the PTO that are unsupported by witness testimony or documentary evidence.  The parties as well as the witnesses and attorneys should not be permitted to testify, make statements or questions in such a manner as to state or imply anything positive or negative as to how the Examiners did their jobs, except to reference the presumption of validity."  Accordingly, Infor submits here its counterproposal a motion that limits both parties from commenting about the performance of the PTO beyond the Courts instruction.  For these reasons, SFA's Motion in Limine 8 should be denied or modified as proposed by Infor.

**Infor Response to SFA Motion in Limine 9:**

The prior settlement agreements of SFA and its related parties relating to the patent-in-suit have exceedingly high probative value.  SFA, which holds itself out as a "technology licensing company," has a business model that is to sue and reach settlement agreements.  While SFA is a patent licensing company, they have not provided a single example of arms' length licensing of the patent-in-suit without litigation, other than licensing to related entities.  Thus, the evidence SFA seeks to exclude in SFA Motion in Limine 9 is highly relevant and probative, and in fact it is the only direct evidence of the royalty that a willing licensee and licensor would agree

119645.00604/11936319v.1

to.  *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

Admitting such evidence would not prejudice SFA because this is their business model.  Thus,

the evidence should not be excluded under FED. R. EVID. 402 or 403.

Moreover, by always filing a complaint before licensing to anyone, SFA is perverting the

purpose of FED. R. EVID. 408 and using the rule as an improper means to assure that the most

relevant damages evidence is never admissible.  This Court has noted that Rule 408 is "designed

to encourage settlements by fostering free and full discussion of the issues." *Pioneer Corp. v.*

*Samsung SDI Co.*, 2008 U.S. Dist. LEXIS 107079, at *13 (E.D. Tex. Oct. 2, 2008) (citing

*Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981)).  This goal is served by

excluding evidence of settlement negotiations *in the trial for which those settlement negotiations*

*pertain*.  There is no justification, however, for preventing these license agreements from being

used as evidence at later trials.  When a entity's business model is to sue and reach settlement

agreements, Rule 408 does not encourage additional settlements when it is used to prevent that

entity's prior agreements from realizing their potential as the most probative piece of information

on the issue of what price a similarly situated licensor and licensee would find agreeable.

For these reasons, SFA's Motion in Limine 9 should be denied.

**Infor Response to SFA Motion in Limine 10:**

Infor believes that the exclusion of "claim construction issues other than the specific

claim constructions and definitions adopted by the Court" would be improperly overbroad,

unclear, vague, and unfairly prejudicial to Infor because of the open-ended word "issues."  This

language would effectively prevent Infor from discussing how the claim construction process

works.  However, Infor finds SFA's parenthetical explanation of this disputed wording to be

3

more focused and less prejudicial.  Therefore, Infor proposes the following: "claim construction

testimony must be limited to those definitions ordered by the Court."

**Infor Response to SFA Motion in Limine 11:**

Infor agrees that claim construction is a legal issue for the Court and any reference to

subjective claim interpretations, such as claim interpretations of an inventor, should not be used

in an effort to supplant the Court's claim construction.  However, testimony from the inventors

of the patent-in-suit regarding their subjective understanding of the claim language is highly

relevant to Infor's written description defense, namely what the inventors understood their

invention to be and the terms they used to describe their invention at the time the patent was

filed.

The written description requirement is directed towards the question of whether the

inventors had possession of the claims at the time of filing.  35 U.S.C. § 112.  If Infor cannot ask

inventors if they understood at the time of filing, *e.g.*, what the term "inferring" meant, then Infor

could not argue its position that the inventors lacked possession of the claimed invention at the

time of filing.  Because such testimony is highly relevant to Infor's written description defense,

and because no unfair prejudice would result from this testimony, the Court should reject SFA's

Motion in Limine 11.

SFA has also asked the Court to exclude any reference to portions of the Court's order

other than the actual constructions themselves.  Contrary to SFA's assertions, Infor would not be

supplanting the Court's claim construction by referring to the Court's own explanation of its

constructions.  By way of example, the Court has explained that "[t]he term 'coupled to'

necessarily implies that the event manager is separate from the various subsystems."

Memorandum Opinion, Dkt. 211, at 8.  This statement of the Court is critical to Infor's non-

infringement defense. SFA would not be unfairly prejudiced if Infor referred to language from the Court's opinion, but it would be unfairly prejudicial to Infor to prevent Infor from referring to language from the Court's opinion.

For these reasons, the Court should deny SFA Motion in Limine 11.

**Infor Response to SFA Motion in Limine 12:**

Infor agrees that claim construction is a legal issue for the Court and any reference to subjective claim interpretations, such as claim interpretations of an expert witness, should not be used in an effort to supplant the Court's claim construction. However, the experts must be allowed to testify to the understanding and knowledge of one of skill in the art as that testimony relates directly to Infor's written description and enablement defenses. An invention is enabled only if the patent contains a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same. 35 U.S.C. § 112. If Infor cannot ask expert witnesses how a person of ordinary skill in the art would understand the claim language, then Infor could not argue its position that the inventors did not enable the invention at the time of filing. Because such testimony is highly relevant to Infor's enablement defense, and because no unfair prejudice would result from this testimony, the Court should reject SFA's Motion in Limine 11.

SFA has also asked the Court to exclude any reference to portions of the Court's order other than the actual constructions themselves. Contrary to SFA's assertions, Infor would not be supplanting the Court's claim construction by referring to the Court's own explanation of its constructions. By way of example, the Court has explained that "[t]he term 'coupled to' necessarily implies that the event manager is separate from the various subsystems."

Memorandum Opinion, Dkt. 211, at 8.  This statement of the Court is critical to Infor's non-infringement defense.  SFA would not be unfairly prejudiced if Infor referred to language from the Court's opinion, but it would be unfairly prejudicial to Infor to prevent Infor from referring to language from the Court's opinion.

For these reasons, the Court should deny SFA Motion in Limine 12.

**Infor Response to SFA Motion in Limine 14:**

Mr. Kouznetsov is an expert witness and not a fact witness in this case.  Mr. Kouznetsov was timely disclosed to SFA as an expert witness for Infor's non-infringement defense.  Mr. Kouznetsov's testimony regarding his opinions and the basis underlying Infor's non-infringement defense will be highly probative on the issue of non-infringement.

Testimony by Mr. Kouznetsov regarding facts underlying his opinions are an important part of Infor's non-infringement defense, and  would not create unfair prejudice to SFA because such facts were made available to SFA during discovery.  SFA questioned Mr. Kouznetsov extensively about his factual knowledge as it may relate to this case.  *See, e.g.*, Kouznetsov Tr. 58:15 - 78:15; 95:11-99:9.

Nevertheless, Infor agrees not to refer to facts pertaining to the accused instrumentalities obtained by or through the testimony of Mr. Kouznetsov that were not otherwise made available to SFA during discovery.  The Court is respectfully directed to Infor's Opposition to SFA's Motion to Exclude Improper Evidence, and Alternatively, Motion in Limine Regarding Same (Dkt. 264) for further briefing on Infor's position.

**Infor Response to SFA Motion in Limine 15:**

Mr. Alagarasamy is a replacement witness for Ms. Kurkal who has left Infor.  Mr. Alagrasamy is Ms. Kurkal direct replacement and has offered no new facts, but was identified by

Infor so that Mr. Kouznetsov could confirm his understanding from Ms. Kurkal of one of the accused instrumentalities.  In addition, Mr. Alagarasamy was timely disclosed to SFA after being identified by Infor.

Mr. Alagarasamy's knowledge is cumulative of the knowledge of other witnesses deposed by SFA; Mr. Kouznetsov would have spoken Ms. Rekha Kurkal for the same information, and she was deposed by SFA, but she was no longer employed by Infor at the time Mr. Kouznetsov was writing his expert report.  Therefore, Mr. Alagarasamy was identified and consulted.

Infor does not intend to refer to any information obtained by or through Mr. Alagarasamy at trial.  However, Infor has not agreed to SFA Motion in Limine 15 because Infor expects SFA to exaggerate Mr. Kouznetsov's reliance on Mr. Alagarasamy in an attempt to characterize Mr. Kouznetsov's understanding of Outbound Marketing as being information obtained by or through the testimony of Mr. Alagarasamy.

Nevertheless, Infor agrees not to refer to information obtained by or through the testimony of Mr. Karthik Alagarasamy on the issue of non-infringement by Outbound Marketing that was not otherwise made available to SFA during discovery.  The Court is respectfully directed to Infor's Opposition to SFA's Motion to Exclude Improper Evidence, and Alternatively, Motion in Limine Regarding Same (Dkt. 264) for further briefing on Infor's position.

**Infor Response to SFA Motion in Limine 16:**

Mr. Gile was identified by Infor to rebut new issues and unanticipated arguments made for the first time on May 7, 2009 by SFA's damages expert.  No unfair prejudice would result from allowing Dr. Gering to rely on information obtained through Mr. Gile because Mr. Gile was

quickly identified and disclosed after SFA raised their new and unanticipated arguments. Further, information Dr. Gering relied on which was obtained by or through Mr. Gile is highly relevant to Infor's position on damages and rebuttal of SFA's position on damages.

The Court is respectfully directed to Infor's Opposition to SFA's Motion to Exclude Improper Evidence, and Alternatively, Motion in Limine Regarding Same (Dkt. 264) for further briefing on Infor's position.

**Infor Response to SFA Motion in Limine 17:**

Mr. Leaver was identified by Infor to rebut new and unanticipated arguments made on May 7, 2009 by SFA's damages expert. No unfair prejudice would result from allowing Dr. Gering to rely on information obtained through Mr. Leaver because Mr. Leaver was quickly identified and disclosed after SFA raised their new and unanticipated arguments. Further, information Dr. Gering relied on which was obtained by or through Mr. Leaver is highly relevant to Infor's position on damages and rebuttal of SFA's position on damages.

The Court is respectfully directed to Infor's Opposition to SFA's Motion to Exclude Improper Evidence, and Alternatively, Motion in Limine Regarding Same (Dkt. 264) for further briefing on Infor's position.

**Infor Response to SFA Motion in Limine 18:**

Infor believes that the exclusion of "any references or testimony related to information not included in an expert report exchanged between the parties" would be improperly overbroad and unfairly prejudicial to Infor. Probative and non-prejudicial references and testimony in this case will undoubtedly relate to, *inter alia*, information not included in an expert report exchanged between the parties. Infor hereby submits the following proposal for the Court's

consideration: "Any references or testimony by experts which is not related to information included in an expert report exchanged between the parties."

**Infor Response to SFA Motion in Limine 19:**

Infor is agreeable to a motion in limine covering some of the subject matter of SFA Motion in Limine 19, with certain reservations.  Mr. Kouznetsov is an expert witness and not a fact witness in this case.  Mr. Kouznetsov was timely disclosed to SFA as an expert witness for Infor's non-infringement defense.  As worded, SFA Motion in Limine 19 is improper, as Expert witnesses must develop personal knowledge of the underlying subject matter and rely on that personal knowledge to form opinions.  References by Mr. Kouznetsov's relating to or arising from his personal knowledge of Epiphany/SSA and/or Infor products will be highly probative on the issue of non-infringement, and such references one's own personal knowledge would in fact be necessary for any expert to opine on non-infringement issues.

References by Maksim Kouznetsov relating to or arising from his personal knowledge of Epiphany/SSA and/or Infor products would not create unfair prejudice to SFA because SFA questioned Mr. Kouznetsov extensively about his personal knowledge as it may relate to this case.  *See, e.g.*, Kouznetsov Tr. 58:15 - 78:15; 95:11 - 99:9.  Further, other witnesses with equal or greater relevant factual knowledge were made available to SFA during discovery.

Nevertheless, Infor agrees to instruct Mr. Kouznetsov to not make any reference to or arising from his personal knowledge of Epiphany/SSA and/or Infor products to the extent any such personal knowledge was not otherwise made available to SFA during discovery.  The Court is respectfully directed to Infor's Opposition to SFA's Motion to Exclude Improper Evidence, and Alternatively, Motion in Limine Regarding Same (Dkt. 264) for further briefing on Infor's position.

**Infor Response to SFA Motion in Limine 22:**

While Infor believes that the substance of its invalidity position as to claims 41 and 42 was included in Appendix C to Dr. Cooke's report, SFA is correct that Infor inadvertently did not timely provide claim charts regarding its invalidity position relative to claims 41 and 42. Infor first became aware of this omission upon SFA's filing of its August 3, 2009 Motion for Summary Judgment on Validity of Claims 41 and 42 of U.S. Patent No. 6,067,525, Dkt. 242, and immediately thereafter Infor provided claim charts and respectfully requested that the Court allow Infor the opportunity to correct this inadvertent error.  See Infor's Motion for Leave to Submit Supplemental Expert Report, Dkt. 238.

As Infor has asked the Court for leave and the issue has been briefed by the parties, Infor respectfully submits that the Court's resolution of the outstanding motions will also resolve this disputed SFA Motion in Limine 22.

**Infor Response to SFA Motion in Limine 23:**

The parties dispute whether Infor gave SFA satisfactory notice as to its obviousness claims and its expert's opinions regarding obviousness.  The parties have briefed this issue extensively.  Further, the parties dispute whether Infor should be granted leave to serve a supplemental expert report regarding obviousness, and the parties have briefed that issue as well. *See* Infor's Motion for Leave to Submit Supplemental Expert Report, Dkt. 238.  Infor respectfully submits that the Court's resolution of the outstanding motions will also resolve this disputed SFA Motion in Limine 23.

**Infor Response to SFA Motion in Limine 24:**

The parties dispute whether Infor should be granted leave to serve the Supplemental Expert Report of Daniel Cooke, and the parties have briefed that issue extensively.  *See* Infor's

Motion for Leave to Submit Supplemental Expert Report, Dkt. 238.  Infor respectfully submits

that the Court's resolution of the outstanding motions will also resolve this disputed SFA Motion

in Limine 24.

**Infor Response to SFA Motion in Limine 27:**

There is no basis to and it would be highly prejudicial to preclude Infor from comparing

its systems to the prior art.  SFA has described how it believes Infor's products meet the claims.

If it turns out that Infor's system are the same as systems in the prior art, then SFA cannot deny

that the prior art invalidates its claims.  If there is any prejudice to SFA from this fact, it is the

prejudice created by SFA by trying to argue competing interpretations of the claim in its

infringement case and its validity case.  A crucial part of Infor's case is the argument that SFA's

own experts have conflicting opinions which allow for SFA to argue one the one hand, that the

patent is valid, and on the other hand, that the patent is infringed.  For example, Dr. Cole (SFA's

infringement expert) believes that "inferring" occurs when Interaction Advisor performs receives

a message and then processes the request in the message.  On the other hand, Dr. Thompson

(SFA's validity expert) rejected the notion that "inferring" occurs where the prior art detects

something and then takes a procedural sequence of steps as actions.  Infor must be able to

compare the functionality of its accused product to the functionality of the prior art system in

order to show the inconsistencies in SFA's position.  Thus, this comparison is highly relevant

and probative, and it would not result in any unfair prejudice to SFA.

The Court is respectfully directed to Infor's Motion for Summary Judgment of Non-

Infringement (Dkt. 249) for further briefing on Infor's position.

**Infor Response to SFA Motion in Limine 28:**

SFA's Motion in Limine 28, as worded, is unclear and vague.  Further, Infor believes that the exclusion of "[a]ny reference to multiple versions of any prior art system that Infor alleges anticipate the patent-in-suit" would be improperly overbroad and unfairly prejudicial to Infor. This exclusion would effectively prevent Infor from arguing its anticipation case, and SFA has no legal basis for such a request.  Infor has proposed the following alternative to SFA, and Infor hereby submits its proposal for the Court's consideration: "Any reference to multiple versions of any prior art system Infor claims anticipates, other than those disclosed by Infor during discovery."

The versions of prior art systems disclosed by Infor to SFA during discovery are highly relevant and probative, and references to these systems would not create any unfair prejudice to SFA.

**Infor Response to SFA Motion in Limine 30:**

SFA's Motion in Limine 30 is overbroad as written and it mischaracterizes the stipulation between the parties.  Infor has proposed an alternative to SFA, which SFA has rejected.  Infor hereby submits its proposal for the Court's consideration: "Any reference to the fact that any of the Infor products accused of infringement in this litigation are not capable of being used to their full potential functionality."

**Infor Response to SFA Motion in Limine 33:**

Infor believes that the exclusion of "[a]ny reference or testimony related in any way to witnesses other than those listed in Infor's Witness List" would be improperly overbroad and unfairly prejudicial to Infor.  Probative and non-prejudicial references and testimony in this case will undoubtedly relate to, *inter alia*, witnesses other than those listed in Infor's Witness List.

For example, some of the inventors of the patent-in-suit were deposition witnesses, but they will not be witnesses at trial.  References and testimony of Jerome Johnson, an inventor of the patent-in-suit who will be called at trial, will surely relate in some way to those other inventors who are not listed in Infor's Witness List.  Infor hereby submits the following proposal for the Court's consideration: "Any testimony of witnesses other than those listed in Infor or SFA's Witness List or deposition designations, except for purposes of rebuttal or impeachment."

**Infor Response to SFA Motion in Limine 34:**

Infor believes that the exclusion of "[a]ny reference to any document that is not listed on Infor's Exhibit List" would be improperly overbroad and unfairly prejudicial to Infor.  There are numerous reasons why it may be proper to refer to a document that is not listed on Infor's Exhibit List.  For example, Infor may need to refer to a document that is not listed on Infor's Exhibit List in order to rebut or impeach testimony presented by SFA.  By way of further example, experts are permitted under the rules to rely on evidence that is not admissible, and it may be necessary to refer to a document that an expert relied on.  It may even be proper to present the jury with facts or data that are otherwise inadmissible if the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their  prejudicial effect.  FED. R. EVID. 703.

For these reasons, the Court should deny SFA Motion in Limine 34.

**Infor Response to SFA Motion in Limine 35:**

Infor believes that the exclusion of "[a]ny reference to any document that was not produced by Infor prior to the discovery deadline in this litigation" would be improperly overbroad and unfairly prejudicial to Infor.  For example, the way that SFA Motion in Limine 35 is drafted, Infor could not refer to a single document that was produced by SFA.  By way of

further example, Infor would not be able to refer to documents such as treatises relied upon by experts and disclosed in expert reports, but not formally produced by Infor.  Clearly these restrictions would unfairly prejudice Infor and prevent probative, non-prejudicial evidence from being admitted.

For these reasons, the Court should deny SFA Motion in Limine 35.

**Infor Response to SFA Motion in Limine 37:**

Infor believes that the exclusion of "[a]ny testimony from a fact witness that purports to compare the accused products to the asserted claims, including testimony related to infringement or invalidity" would be improperly overbroad and unfairly prejudicial to Infor.  To the extent that Infor's technical fact witnesses are persons with ordinary skill in the art, Infor should be allowed to elicit testimony from these fact witnesses on issues such as whether or not Interaction Advisor "infers."  Such testimony would be highly relevant and probative, and it would not unfairly prejudice SFA.

For these reasons, the Court should deny SFA Motion in Limine 37.

**Infor Response to SFA Motion in Limine 38:**

Infor agrees that it would be improper to present arguments or evidence in support of invalidity opinions and/or contentions which have not been properly disclosed.  Nevertheless, there was a dispute between the parties regarding whether certain opinions were disclosed, and SFA filed a motion seeking to exclude certain opinions.  Docket Entry 225.  The parties reached an agreement therefore, and SFA withdrew that motion, Docket Entry 228, and SFA has represented to Infor that it does not intend to renege on this agreement.  Infor opposes SFA Motion in Limine 38 to the extent that SFA is seeking here to renege their agreement, contrary to

the stipulation and SFA's representations.  Moreover, the issue addressed by this motion is

adequately covered by SFA Motion in Limine 18.

## <u>CONCLUSION</u>

Infor respectfully requests that this Court deny the foregoing SFA Motions in Limine so

that Infor may present relevant, probative, and non-prejudicial evidence at trial.

Date:   September 17, 2009                              Respectfully submitted,


<u>/s/ Alfred W. Zaher</u>
Alfred W. Zaher
   Pa. Bar No. 73814
   zaher@blankrome.com
Bruce D. George
   Pa. Bar No. 84320
   george@blankrome.com
Joel L. Dion
   Pa. Bar No. 200477
   dion-j@blankrome.com
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
Phone:  (215) 569-5500
Fax:  (215) 569-5555

Mike Jones
Texas Bar No. 10929400
mikejones@potterminton.com
Diane DeVasto
Texas Bar No. 05784100
dianedevasto@potterminton.com
POTTER MINTON, P.C.
500 Plaza Tower
Tyler, Texas 75702
Phone:  (903) 597-8311
Fax:  (903) 593-0846

**ATTORNEYS FOR DEFENDANTS
INFOR GLOBAL SOLUTIONS (CHICAGO),
INC. AND INFOR GLOBAL SOLUTIONS
(MICHIGAN), INC.**

119645.00604/11936319v.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on September 17, 2009.  All other counsel will be served by U.S. first-class mail.

/s/ Alfred W. Zaher
Alfred W. Zaher

119645.00604/11936319v.1