UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SFA SYSTEMS, LLC | |
| v. | NO. 6:07-CV-067-LED |
| INFOR GLOBAL SOLUTIONS (CHICAGO), INC., et al. | JURY TRIAL DEMANDED |

**<u>PLAINTIFF SFA SYSTEMS, LLC'S OBJECTIONS TO DEFENDANTS' MOTIONS IN LIMINE</u>**

**I.      Introduction**

Plaintiff, SFA Systems, LLC ("SFA") respectfully submits the following Objections to certain motions in limine ("MILs") promulgated in Defendants Infor Global Solutions (Chicago), Inc.'s and Infor Global Solutions (Michigan), Inc.'s (collectively "Infor's") Omnibus Motions in Limine ("Omnibus MILs").  SFA's objects to the following motions in limine as provided below:

**II.     Infor's MIL No. 2:  Infor's Overall Revenues, Profits or Wealth**

Infor's MIL No. 2 states: "SFA is prohibited from mentioning Infor's overall revenues, profits, profitability or wealth, except as relied upon or testified to by Richard Gering."[1]

SFA objects to Infor's MIL No. 2 because it severely prejudices SFA's ability to develop damages arguments.  Infor's overall revenues, profits, profitability, and wealth are extremely relevant to the issue of damages, including the determination of a reasonable royalty during hypothetical negations between Infor and Firepond/SFA.  While Infor would prefer to argue reasonable royalty valuation in a vacuum—i.e., while simultaneously hiding from the jury its actual profitability and wealth—SFA requires the ability to reference Infor's profitability and wealth in order to discuss damages in a meaningful way: tied to the *facts* of Infor's financial position at the time of the hypothetical negotiation.

**III.    Infor's MIL No. 3: Discovery Disputes**

Infor's MIL No. 2 states:

> In the presence of the jury, the parties and witnesses are prohibited from any mention of the extent, adequacy, or timeliness of document production or other discovery provided by Infor during this lawsuit, including any reference to discovery disputes, motions to compel, orders compelling discovery, or allegations of litigation misconduct (such as the matters alleged in SFA's Motion for Sanctions).[2]

---

[1] Ex. 1 (Infor's Omnibus MILs), p. 1.
[2] *Id.*

SFA objects to Infor's MIL No. 2 as it would prevent SFA from presenting evidence to rebut highly prejudicial questioning by Infor regarding, for example, Mr. Tipton Cole's review of Infor source code. Infor's failure to provide Mr. Cole with proprietary code readers prevented Mr. Cole from reviewing large sections of Infor source code. As illustrated by Mr. Cole's deposition, Infor did thoroughly questioned Mr. Cole's identification of particularized source code supporting Mr. Cole's opinions of infringement.[3] SFA suspects that Infor will reference or otherwise renew this line of questioning at trial. Granting Infor's MIL No. 2 would be highly prejudicial to SFA: Infor would thereby be granted free reign to question Mr. Cole's identification of source code supporting his opinions, and simultaneously leave SFA without recourse to rebut the implications of that line of questioning with the fact that Mr. Cole never had access to large portions of Infor source code *due to the inadequacy of Infor's discovery production*.

Moreover, SFA requests an adverse inference from the Court regarding Infor's failure to provide proprietary code readers to Mr. Cole during discovery, which failure prevented Mr. Cole from reviewing Infor's source code in its entirety.

## IV. Infor's MIL No. 5: Unrelated Litigation

Infor's MIL No. 5 reads: "Apart from this case, the parties and witnesses are prohibited from mentioning any dispute or litigation involving Infor in front of the jury."[4]

Infor's experts have made reference, either in their expert reports or in testimony, to previous litigation in which they have participated.[5] At least one SFA expert[6] has also

---

[3] Ex. 2 (Tipton Cole Deposition Transcript), 144:16-145:1; 151:11-153:3.
[4] Ex. 1 (Infor's Omnibus MILs), p. 2.
[5] Including at least Richard Gering (who referenced prior Epiphany litigation in which he participated in his expert report) and Maksim Kouznetsov (who testified to Epiphany litigation in which he participated).
[6] I.e., Stephen Becker.

2

referenced previous litigation in his expert report. Insofar as the parties' experts have relied upon the aforementioned litigation in forming their respective opinions, such evidence is highly relevant to the issues on which the experts opine and/or testify. Consequently, SFA intends to question Infor's experts about what influence such prior litigation has had on their opinions in the case at bar.

## V.     Infor's MIL No. 9:  Notice of Patent Prior to Suit

Infor's MIL No. 9 reads: "The parties and witnesses are prohibited from mentioning in the presence of the jury any allegation that Infor was aware of the '525 patent before the filing of the lawsuit."[7]

SFA intends to make available fact witnesses from SFA and Firepond that may testify to Infor's pre-trial notice of the '525 Patent. SFA does not wish to keep this issue open as a platform for willfulness arguments; indeed, SFA has agreed to Infor's MIL No. 8 (prohibiting mentioning willful infringement in the presence of the jury). Instead, SFA intends to present evidence regarding Infor's pre-suit awareness of the '525 Patent as it relates to damages, including pre-suit interest.

Moreover, SFA intends to present evidence of inducement and contributory infringement at trial. It is well-settled that proving inducement requires a showing that the defendant had awareness or knowledge of the patent-in-suit.[8] Indeed, Infor's own proposed jury instructions recognize awareness or knowledge of the patent as a required element of inducement.[9] While contributory infringement does not possess as exacting an intent

---

[7] Ex. 1 (Infor's Omnibus MILs), p. 2.
[8] *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) ("To establish liability under section 271(b), a patent holder must prove that ***once the defendants knew of the patent***, they 'actively and knowingly aided and abetted another's direct infringement.'") (quoting *Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) (emphasis added)).
[9] Ex. 3 (Infor's Proposed Jury Instructions: Ex. F to Parties' 1st Am. Joint PTO), p. 10.

3

requirement as inducement, it similarly requires "knowledge." Again, Infor's proposed jury instructions recognize such knowledge as a required element of contributory infringement.[10]

For the foregoing reasons, Infor's notice of the '525 Patent prior to suit is not only highly relevant, it is essential to SFA's case.

## VI.   Conclusion

For the foregoing reasons, SFA objects to Infor's MILs Nos. 2, 3, 5, and 9, and accordingly requests that the Court deny them *in toto*.

---

[10] *See id.*, p. 12 ("iii.  **with knowledge that the material or apparatus was especially made or adapted for use in an infringing manner**.") (emphasis added).

September 17, 2009   Respectfully submitted,

SFA SYSTEMS, LLC

By: /s/ Andrew W. Spangler
Andrew W. Spangler - LEAD COUNSEL
Texas Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

David M. Pridham
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
(401) 633-7247
(401) 633-7247 (fax)
david@pridhamiplaw.com

Kip Glasscock
Texas State Bar No. 08011000
Kip Glasscock P.C.
550 Fannin, Suite 1350
Beaumont, TX 77701
Tel: (409) 833-8822
Fax: (409) 838-4666
kipglasscock@hotmail.com

**ATTORNEYS FOR PLAINTIFF SFA SYSTEMS, LLC**

## **CERTIFICATE OF AUTHORITY TO FILE UNDER SEAL**

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order in this case.

September 17, 2009                                          /s/ Andrew W. Spangler
                                                                                                                Andrew W. Spangler

## **CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) and via email.

September 17, 2009                                          /s/ Andrew W. Spangler
                                                                                                                 Andrew W. Spangler