UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SFA SYSTEMS, LLC | |
| v. | NO. 6:07-CV-067-LED |
| INFOR GLOBAL SOLUTIONS (CHICAGO), INC., et al. | JURY TRIAL DEMANDED |

**PLAINTIFF SFA SYSTEMS, LLC'S REPLY TO ITS EXPEDITED MOTION TO ENFORCE STIPULATION RE: INFOR CUSTOMER USE**

**I.    INTRODUCTION AND SUMMARY OF RELIEF SOUGHT**

Plaintiff SFA Systems, LLC ("SFA") respectfully submits this Reply to Infor's Response to its Expedited Motion to Enforce Stipulation re: Infor Customer Use against Defendants Infor Global Solutions (Chicago), Inc. and Infor Global Solutions (Michigan), Inc. (collectively "Infor") with regard to U.S. Patent No. 6,067,525 ("the '525 Patent"). The parties freely negotiated the Stipulation before both parties agreed to it, including the express provision that it could be communicated to the jury at trial. Now, Infor attempts to unfairly prejudice SFA by re-writing the Stipulation.

SFA requests that this Court order that the Stipulation: (1) be included in the Joint Pre-Trial Order and in Jury Instructions, (2) be reflected in the verdict form, and (3) that SFA (and its experts) be able to disclose and otherwise use the Stipulation during Opening Presentation and examination of witnesses when relevant.

**II.    THE STIPULATION DIRECTLY AFFECTS SFA'S BURDEN OF PROVING INFRINGEMENT**

Infor admits that the Stipulation is relevant to the asserted method claims and SFA's inducement and contributory infringement allegations. Infor's Response, Dkt No. 303 at 2-3 ("Moreover, relative to SFA's claims for inducement and contributory infringement, this

stipulation only proves one element of those claims, direct infringement."). Infringement is a question of fact for the jury. *See Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1330 (Fed. Cir. 2009). Thus, the jury needs access to the Stipulation from the very beginning of the case so that they will know that they can rely on the stipulated facts to find that all of SFA's customers used the accused products to their full capability.

If Infor had allowed SFA to obtain the customer evidence (like SFA repeatedly requested throughout the discovery phase of this case), SFA would have shared that evidence with the jury. This customer evidence would be appropriately used by SFA's expert to show that Infor's products are used by Infor's customers according to the patented method. Further, SFA would have used the customer evidence to show that SFA induced its customers to perform the steps of the asserted method claims and that Infor induced its customers to use and make the apparatuses covered by the asserted claims.

III.  THE JURY WILL NOT BE CONFUSED BY THE STIPULATION

Infor's feigned concern about jury prejudice is without merit. Infor's mere speculation that the jury might be confused is not a "clear and convincing demonstration" of manifest injustice which would warrant amending the Stipulation. *United States v. Texas*, 523 F. Supp. 703, 743-44 (E.D. Tex. 1981); *see also* Fed. R. Civ. P. 16(c)(2)(C) & (E). Nor has Infor demonstrated "exceptional circumstances" that justify modifying the Stipulation. *Id.* at 713-714. In fact, SFA never even bothered to address or offer *any* evidence to dispute the legal standards required to amend a stipulation as recited in SFA's opening brief. SFA's Motion to Enforce Stipulation, Dkt No. 291 at 5-6.

This is a patent infringement case. The language of the Stipulation is no more confusing than any other concept in this case. In fact, the Stipulation is written in plain language with no

confusing "legalese" or terms that the jury would not have already been exposed to in this patent case.

When the jury is given instructions, the Stipulation will be explained along with all of the other legal terminology and concepts the jury will need to understand. The Court has vast experience regarding how to effectively deal with this issue by "strictly enforc[ing]" the Stipulation without confusing the jury or unfairly prejudicing either party. *See Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 985 (5th Cir. 1989). Like with any other evidence, the jury will be instructed such that the Stipulation is not unfairly prejudicial to either party. And, just like with any other evidence, it is the jury's decision of how much weight to afford the Stipulation - not SFA's. On the other hand, *not* providing the jury with all of the evidence upfront, bars the jury from performing its duty to hear all of the relevant evidence.

IV. INFOR'S ALTERNATIVE LANGUAGE DOES NOT RESOLVE THE EVIDENTIARY ISSUES

Infor is attempting to amend the Stipulation by now proposing new language. Given the fact that the parties debated and negotiated for months over numerous revisions of the Stipulation to finally agree on the language as it currently reads, Infor's attempts at drafting new language should be rejected. SFA's Motion to Enforce Stipulation, Dkt No. 291 at 3-5. Infor is simply attempting to avoid its binding commitment while enjoying the benefits of evading its discovery obligations.

**V.     CONCLUSION**

For the foregoing reasons, SFA respectfully requests an order enforcing the parties' Stipulation. Specifically, SFA requests that this Court order that the Stipulation: (1) be included in the Joint Pre-Trial Order and in the Jury Instructions, (2) be reflected in the verdict form and

(3) that SFA (and its experts) be able to disclose and otherwise use the Stipulation during Opening Presentation and during any examination of witnesses.

September 18, 2009                                  Respectfully submitted,

                                                    SFA SYSTEMS, LLC

                                                    *By: /s/ David M. Pridham*
                                                    Andrew W. Spangler - LEAD COUNSEL
                                                    Texas Bar No. 24041960
                                                    Spangler Law P.C.
                                                    208 N. Green Street, Suite 300
                                                    Longview, Texas 75601
                                                    (903) 753-9300
                                                    (903) 553-0403 (fax)
                                                    spangler@spanglerlawpc.com

                                                    David M. Pridham
                                                    Law Office of David Pridham
                                                    25 Linden Road
                                                    Barrington, Rhode Island 02806
                                                    (401) 633-7247
                                                    (401) 633-7247 (fax)
                                                    david@pridhamiplaw.com

                                                    Kip Glasscock
                                                    Texas State Bar No. 08011000
                                                    Kip Glasscock P.C.
                                                    550 Fannin, Suite 1350
                                                    Beaumont, TX 77701
                                                    Tel: (409) 833-8822
                                                    Fax: (409) 838-4666
                                                    kipglasscock@hotmail.com

                                                    **ATTORNEYS FOR PLAINTIFF SFA SYSTEMS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) and via email.

September 18, 2009　　　　　　　　　　*/s/ David M. Pridham*
　　　　　　　　　　　　　　　　　　　David M. Pridham